# United States District Court
## Southern District of West Virginia (Beckley)
## CRIMINAL DOCKET FOR CASE #: 5:14-cr-00244-1

Case title: United States of America v. Blankenship

Date Filed: 11/13/2014
Date Terminated: 04/07/2016

Assigned to: Judge Irene C. Berger

### Defendant (1)

**Donald L. Blankenship**
*TERMINATED: 04/07/2016*

represented by **Alexander Macia**
SPILMAN THOMAS & BATTLE
P. O. Box 273
Charleston, WV 25321-0273
304/340-3800
Fax: 304/340-3801
Email: amacia@spilmanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Blair Gerard Brown**
ZUCKERMAN SPAEDER
Suite 1000
1800 M Street, NW
Washington, DC 20036
202/778-1829
Fax: 202/822-8106
Email: bbrown@zuckerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Eric R. Delinsky**
ZUCKERMAN SPAEDER
Suite 1000
1800 M Street, NW
Washington, DC 20036-5807
202/778-1800
Fax: 202/822-8106
Email: edelinsky@zuckerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**James A. Walls**
SPILMAN THOMAS & BATTLE
P. O. Box 615
Morgantown, WV 26507-0615
304/291-7947
Fax: 304/291-7979

Email: jwalls@spilmanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**John H. Tinney , Jr.**
HENDRICKSON & LONG
P. O. Box 11070
Charleston, WV 25339
304/346-5500
Fax: 304/346-5515
Email: jtinney@handl.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Richard Miles Clark**
ZUCKERMAN SPAEDER
Suite 1000
1800 M Street, NW
Washington, DC 20036
202/778-1800
Fax: 202/822-8106
Email: mclark@zuckerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Steven N. Herman**
ZUCKERMAN SPAEDER
Suite 1000
1800 M Street, NW
Washington, DC 20036-5807
202/778-1800
Fax: 202/822-8106
Email: sherman@zuckerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**William W. Taylor , III**
ZUCKERMAN SPAEDER
Suite 1000
1800 M Street, NW
Washington, DC 20036-5807
202/778-1800
Fax: 202/822-8106
Email: wtaylor@zuckerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

## Pending Counts

18:371 CONSPIRACY TO DEFRAUD THE
UNITED STATES
(1s)

## Disposition

12 months incarceration; 1 year supervised
release; $250,000 fine; $25 special assessment

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 30:820(d) and 18:371 CONSPIRACY to Willfully Violate Mandatory Mine Safety and Health Standards (1) | |
| 18:371 CONSPIRACY to Defraud the United States (2) | |
| 18:1001(a)(2) and (3) and Section 2 - STATEMENTS OR ENTRIES GENERALLY and Aiding and Abetting (2s) | Not Guilty |
| 18:1001(a)(2) and 3 & 2 STATEMENTS OR ENTRIES GENERALLY and Aiding and Abetting (3) | |
| 15:78ff PENALTIES; 17cfr 240.10B-5 Employment of manipulative and deceptive devices and 18:2 Aiding and Abetting (3s) | Not Guilty |
| 15:78ff PENALTIES; 17 CFR 240.10b-5 Employment of manipulative and deceptive devices and 18:2 Aiding and Abetting (4) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **United States of America** | represented by | **R. Booth Goodwin, II - AUSA**<br>U. S. ATTORNEY'S OFFICE<br>P. O. Box 1713<br>Charleston, WV 25326-1713<br>304/345-2200<br>Fax: 304/347-5104<br>Email: usawvs.ecfusa@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: for the United States of America* |
|---|---|---|
| | | **R. Gregory McVey**<br>U. S. ATTORNEY'S OFFICE<br>P. O. Box 1239 |

Huntington, WV 25714-1239
304/529-5799
Fax: 304/529-5545
Email: greg.mcvey@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: for the United States of America*

**Steven R. Ruby**
U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 304/347-5104
Email: steven.ruby@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: for the United States of America*

**Gabriele Wohl**
UNITED STATES ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 304/347-5104
Email: gabriele.wohl@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: for the United States of America*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/13/2014 | 1 | INDICTMENT as to Donald L. Blankenship (1) (Counts 1-4). (cds) |
| 11/13/2014 | 2 | INDICTMENT. - Unredacted Copy for Court Users Only as to Donald L. Blankenship. (cds) |
| 11/13/2014 | | CASE as to Donald L. Blankenship assigned to Judge Irene C. Berger. (skh) (Entered: 11/14/2014) |
| 11/14/2014 | 3 | ORDER as to Donald L. Blankenship : that neither the parties, their counsel, other representatives or members of their staff, potential witnesses, including actual and alleged victims, investigators, family members of actual and alleged victims as well as of the Defendant, nor any court personnel shall make any statements of any nature, in any form, or release any documents to the media or any other entity regarding the facts or substance of this case; that any and all motions, stipulations, discovery requests, responses, supplemental requests and responses, and other relevant documents shall be filed directly with the Clerk pursuant to Rule 49.1 of the Local Rules of Criminal Procedure; that access to all documents filed on CM/ECF be restricted to the case participants and court personnel; the Clerk is to make the docket entries publicly available. Signed by Judge Irene C. Berger on 11/14/2014. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 11/14/2014 | 4 | ORDER as to Donald L. Blankenship: That an Initial Appearance/Arraignment is set for Thursday, 11/20/2014 01:00 PM in Beckley before Magistrate Judge R. Clarke VanDervort. Signed by Magistrate Judge R. Clarke VanDervort on 11/14/2014. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 11/14/2014 | 5 | ORDER OF REFERENCE as to Donald L. Blankenship: Pretrial motions in this action, with the exception of motions to continue trial, motions to suppress evidence and motions in limine, are referred to Magistrate Judge R. Clarke VanDervort, to hear or determine or to make |

| | | |
|---|---|---|
| | | recommendations for disposition. The period of time from the filing of any such motion through the date the Court makes a determination on the motion is excludable. (Signed by Judge Irene C. Berger) (cc: deft & counsel; USA; USM; USP; USMJ VanDervort) (msa) |
| 11/14/2014 | 6 | ORDER as to Donald L. Blankenship: Having scheduled Defendant's Initial Appearance and Arraignment on Thursday, 11/20/2014, at 1:00 p.m., the Court hereby ORDERS that beginning at 2:00 p.m. on 11/20/2014, the Court will consider in accordance with 18 U.S.C. Section 3142 what, if any, terms and conditions of release should be imposed which will reasonably assure Defendant's appearance at hearings and trial and the safety of the community and Defendant and eliminate the possibility of obstructive conduct. The Court further ORDERS that in anticipation of this hearing and upon Defendant's or his attorney's receipt of this Order, Defendant shall immediately (1) surrender his currently valid passport and other documents which he might use for international travel while this matter is pending to his attorney for delivery to the Office of Probation; (2) cancel all international and interstate travel arrangements and plans except those made to meet with his attorneys and attend court proceedings; and (3) prepare to meet with the Office of Probation for an interview and discuss, among other things, his current residence(s), financial circumstances, and equitable, personal and real property interests and the extent to which they are encumbered as is necessary for the preparation of a Pretrial Services Report and the Court's consideration under 18 U.S.C. Section 3142(c)(B)(xi). Signed by Magistrate Judge R. Clarke VanDervort on 11/14/2014. (cc: Judge, USA, USP, USM, counsel) (msa) |
| 11/14/2014 | 7 | ***SUMMONS ISSUED in case as to Donald L. Blankenship: Initial Appearance/ Arraignment set for 11/20/2014 01:00 PM in Beckley before Magistrate Judge R. Clarke VanDervort. (msa) |
| 11/17/2014 | 8 | ORDER as to Donald L. Blankenship: denying defendant's requested postponement of the hearing scheduled for 11/20/2014. Signed by Magistrate Judge R. Clarke VanDervort on 11/17/2014. (cc: Judge, counsel and Attorney Taylor) (cds) |
| 11/18/2014 | 9 | STATEMENT OF VISITING ATTORNEY from Miles Clark as to Donald L. Blankenship. Local counsel: John H. Tinney, Jr. Fee $50.00. Receipt # 0425-3535799. (Tinney, John) |
| 11/18/2014 | 10 | STATEMENT OF VISITING ATTORNEY from Eric Delinsky as to Donald L. Blankenship. Local counsel: John H. Tinney, Jr. Fee $50.00. Receipt # 0425-3535812. (Tinney, John) |
| 11/18/2014 | 11 | STATEMENT OF VISITING ATTORNEY from Steven N. Herman as to Donald L. Blankenship. Local counsel: John H. Tinney, Jr. Fee $50.00. Receipt # 0425-3535834. (Tinney, John) |
| 11/18/2014 | 12 | STATEMENT OF VISITING ATTORNEY from William W. Taylor, III as to Donald L. Blankenship. Local counsel: John H. Tinney, Jr. Fee $50.00. Receipt # 0425-3535842. (Tinney, John) |
| 11/18/2014 | | ATTORNEY UPDATE in case as to Donald L. Blankenship. ATTORNEYS Miles Clark, Eric R. Delinsky, Steven N. Herman for Donald L. Blankenship added pursuant to the 9 , 10 & 11 Statement of Visiting Attorney Forms. (cbo) (Entered: 11/19/2014) |
| 11/20/2014 | 13 | ARRAIGNMENT ORDER AND STANDARD DISCOVERY REQUESTS as to Donald L. Blankenship: Arraignment Held on 11/20/2014. Jury Trial set for 1/26/2015 at 9:00 AM in Beckley before Judge Irene C. Berger. Pretrial motions hearing set on 1/6/2015 at 1:00 in Beckley; Pretrial motions due by 12/30/2014. Proposed voir dire questions and jury instructions due by 1/16/2015. Prospective witness List due by 1/23/2015. Donald L. Blankenship (1) released on a $5,000,000 Surety Bond. Signed by Magistrate Judge R. Clarke VanDervort on 11/20/2014. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 11/20/2014 | 14 | SECURED APPEARANCE BOND as to Donald L. Blankenship in amount OF $ 5,000,000.00, Receipt # 5BECK002573. (Attachment: # 1 Receipt) (cds) |
| 11/20/2014 | 15 | ORDER SETTING CONDITIONS OF RELEASE as to Donald L. Blankenship. Signed by Magistrate Judge R. Clarke VanDervort on 11/20/2014. (cc: Judge, USA, USP, USM, counsel, |

| | | deft) (cds) |
|---|---|---|
| 11/20/2014 | 16 | STATEMENT OF REASONS FOR IMPOSING TERMS AND CONDITIONS OF RELEASE ON BOND AND ORDER as to Donald L. Blankenship: It is hereby ORDERED that the parties shall propose language restricting Defendant's sale, assignment, transfer and disposal of his funds and assets in view of the Court's purpose in doing so within two weeks from the date of entry below. It is further hereby ORDERED that, upon receipt of the aforesaid amount of $5,000,000.00, the Clerk shall deposit the entire amount in the registry in an interest bearing account. Signed by Magistrate Judge R. Clarke VanDervort on 11/20/2014. (cc: Judge, USA, counsel) (msa) |
| 11/20/2014 | 17 | STATUS CONFERENCE as to Donald L. Blankenship held by Magistrate Judge R. Clarke VanDervort on 11/20/2014; Court Reporter: Ayme Cochran. (cds) (Entered: 11/21/2014) |
| 11/20/2014 | 18 | INITIAL APPEARANCE/ARRAIGNMENT as to Donald L. Blankenship (1) RE: Counts 1,2,3,4 held by Magistrate Judge R. Clarke VanDervort on 11/20/2014; Court Reporter: Ayme Cochran. (slr) Modified on 11/21/2014 to correct filing date (cds). (Entered: 11/21/2014) |
| 11/20/2014 | 19 | BOND HEARING as to Donald L. Blankenship held by Magistrate Judge R. Clarke VanDervort on 11/20/2014; Court Reporter: Ayme Cochran. (cds) (Entered: 11/21/2014) |
| 11/20/2014 | 20 | STATUS CONFERENCE (Second) as to Donald L. Blankenship held by Magistrate Judge R. Clarke VanDervort on 11/20/2014; Court Reporter: Ayme Cochran. (cds) (Entered: 11/21/2014) |
| 11/21/2014 | | PROBATION OFFICER ASSIGNMENT FOR PRETRIAL as to Donald L. Blankenship: Joe E. Black (ajs) |
| 11/21/2014 | 22 | APPEAL OF MAGISTRATE JUDGE DECISION TO DISTRICT COURT by United States of America as to Donald L. Blankenship APPEAL TAKEN from case Decision to Permit Travel of Defendant. (Goodwin, R.) |
| 11/24/2014 | 23 | RESPONSE IN OPPOSITION by Donald L. Blankenship re: 22 Appeal of Magistrate Judge Decision to District Court (Attachments: # 1 Exhibit A) (Tinney, John) |
| 11/24/2014 | 24 | REPLY by United States of America as to Donald L. Blankenship re: 23 Response In Opposition (Attachment: # 1 Exhibit) (Ruby, Steven) |
| 11/25/2014 | 25 | ORDER as to Donald L. Blankenship: The Court ORDERS that the United States' 22 Appeal of Magistrate Judge's Decision to Permit Travel of Defendant be DENIED, and that Magistrate Judge VanDervort's approval of travel for the Defendant be AFFIRMED. Signed by Judge Irene C. Berger on 11/25/2014. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 12/01/2014 | 26 | PS 40 - NOTICE TO THE U. S. DEPARTMENT OF STATE REGARDING UNITED STATES PASSPORT FOR CRIMINAL DEFENDANT - ORIGINAL NOTICE as to Donald L. Blankenship. Passport number 450857587 surrendered to the Court (Probation Office) on 11/20/2014. (tld) |
| 12/01/2014 | 30 | MOTION of the Wall Street Journal, The Associated Press, Charleston Gazette, National Public Radio, Inc., and The Friends of West Virginia Public Broadcasting, Inc., to Intervene for the Limited Purpose of Moving the Court to Reconsider and Vacate the November 14, 2014 Gag and Sealing Order. (cds) (Entered: 12/02/2014) |
| 12/01/2014 | 31 | MEMORANDUM IN SUPPORT of the MOTION of the Wall Street Journal, The Associated Press, Charleston Gazette, National Public Radio, Inc., and The Friends of West Virginia Public Broadcasting, Inc., to Intervene for the Limited Purpose of Moving the Court to Reconsider and Vacate the November 14, 2014 Gag and Sealing Order. (cds) (Entered: 12/02/2014) |
| 12/02/2014 | 28 | ORDER as to Donald L. Blankenship granting the Motion of the United States to disclose grand jury materials to counsel for the defendant; directing that the motion be sealed. Signed by Judge Irene C. Berger on 12/2/2014. (cc: Judge, USA, counsel) (slr) |

| 12/02/2014 | 29 | MOTION to Exclude Time Under the Speedy Trial Act, MOTION to Re-Set Motions Deadline, MOTION to Vacate Trial Date, and MOTION to Set Scheduling Conference as to Donald L. Blankenship (Tinney, John). Additional motion reliefs added on 12/3/2014 (cbo). |
| --- | --- | --- |
| 12/02/2014 | 32 | MOTION to Amend Conditions of Release as to Donald L. Blankenship (Tinney, John) |
| 12/04/2014 | 33 | RESPONSE by United States of America TO STANDARD DISCOVERY REQUESTS as to Donald L. Blankenship and REQUEST by USA for Reciprocal Discovery. (Ruby, Steven) |
| 12/04/2014 | 34 | NOTICE by United States of America as to Donald L. Blankenship (Ruby, Steven) |
| 12/05/2014 | 35 | TRANSCRIPT OF PROCEEDINGS of Arraignment & Bond Hearing as to Donald L. Blankenship held on 11/20/2014 before Magistrate Judge R. Clarke VanDervort. Court Reporter Ayme Cochran, Telephone number 304-347-3128. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 12/15/2014. Redaction Request due 12/26/2014. Redacted Transcript Deadline set for 1/5/2015. Release of Transcript Restriction set for 3/5/2015. (aac) |
| 12/09/2014 | 39 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 29 MOTION to Exclude Time Under the Speedy Trial Act, MOTION to Re-Set Motions Deadline, MOTION to Vacate Trial Date, and MOTION to Set Scheduling Conference (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Ruby, Steven) |
| 12/09/2014 | 40 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 32 MOTION to Amend Conditions of Release as to Donald L. Blankenship (Attachment: # 1 Exhibit) (Ruby, Steven) |
| 12/11/2014 | 41 | RESPONSE by Donald L. Blankenship to 30 Motion of the Wall Street Journal, The Associated Press, Charleston Gazette, National Public Radio, Inc. and the Friends of West Virginia Public Broadcasting, Inc. to Intervene for the Limited Purposes of Moving the Court to Reconsider and Vacate the November 14, 2014 Gag and Sealing Order and 31 Memorandum In Support (Herman, Steven) Modified document title on 12/11/2014 (cds). |
| 12/11/2014 | 42 | MOTION to Travel as to Donald L. Blankenship (Attachment: # 1 Exhibit A)(Clark, Richard) |
| 12/11/2014 | 43 | REPLY MEMORANDUM by Donald L. Blankenship, in Support of 29 MOTION to Exclude Time Under the Speedy Trial Act, MOTION to Re-Set Motions Deadline, MOTION to Vacate Trial Date, and MOTION to Set Scheduling Conference as to Donald L. Blankenship (Clark, Richard) |
| 12/11/2014 | 44 | REPLY IN SUPPORT by Donald L. Blankenship re: 32 MOTION to Amend Conditions of Release as to Donald L. Blankenship (Clark, Richard) |
| 12/11/2014 | 45 | ORDER as to Donald L. Blankenship : that a hearing on the 30 Motion of the Wall Street Journal, the Associated Press, Charleston Gazette, National Public Radio, Inc., and the Friends of West Virginia Public Broadcasting, Inc. to Intervene for the Limited Purpose of Moving the Court to Reconsider and Vacate the November 14, 2014 Gag and Sealing Order be scheduled for 12/17/2014 at 10:00 a.m in Beckley. The Court further Orders that any and all filings relative to said motion be filed with the Clerk of the Court by personal delivery or by United States Mail. Signed by Judge Irene C. Berger on 12/11/2014. (cc: Judge, USA, USP, USM, counsel, deft., Sean P. McGinley) (cds) |
| 12/11/2014 | 46 | ORDER as to Donald L. Blankenship : that a hearing on Defendant's 29 MOTION to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date and Set Scheduling Conference be scheduled for 12/17/2014 10:00 AM in Beckley before Judge Irene C. Berger. Signed by Judge Irene C. Berger on 12/11/2014. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 12/15/2014 | 47 | STATEMENT OF VISITING ATTORNEY as to Donald L. Blankenship. Local counsel: John H. Tinney, Jr. Fee $50.00. Receipt # 0425-3572220. (Tinney, John) |

| 12/15/2014 | 48 | RESPONSE IN OPPOSITION by United States of America re: 42 MOTION to Travel as to Donald L. Blankenship (Ruby, Steven) |
|---|---|---|
| 12/16/2014 | 49 | REPLY by Donald L. Blankenship to 48 Response in Opposition re: 42 MOTION to Travel as to Donald L. Blankenship (Clark, Richard) Modified on 12/17/2014 to conform event and document title to filed document (cbo). |
| 12/17/2014 | 50 | MEMORANDUM OPINION AND ORDER: It is ORDERED that the 32 MOTION to Modify Conditions of Release as to Donald L. Blankenship (1) is DENIED. Signed by Magistrate Judge R. Clarke VanDervort on 12/17/2014. (cc: Judge, USA, counsel) (slr) |
| 12/17/2014 | 51 | MOTION HEARING as to Donald L. Blankenship held by Judge Irene C. Berger on 12/17/2014 re: motion to continue (Document 29) and motion to intervene (Document 30); Court Reporter: Lisa Cook. (kkt) |
| 12/17/2014 | 52 | ORDER as to Donald L. Blankenship (1): denying Defendant's 42 MOTION to Travel. Signed by Magistrate Judge R. Clarke VanDervort on 12/17/2014. (cc: Judge, USA, counsel) (cds) |
| 12/18/2014 | 53 | ORDER ADDING CONDITION OF BOND as to Donald L. Blankenship. Signed by Magistrate Judge R. Clarke VanDervort on 12/18/2014. (cc: Judge, USA, counsel) (cds) |
| 12/18/2014 | 54 | EMERGENCY MOTION for Review by the District Court of Order Denying Request to Travel Home for the Holidays as to Donald L. Blankenship (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Herman, Steven)(cds) |
| 12/18/2014 | 55 | PROPOSED BRIEF AMICUS CURIAE of the AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION in Support of the 30 Motion of the Wall Street Journal, the Associated Press, Charleston Gazette, National Public Radio, Inc., and the Friends of West virginia Public Broadcasting, Inc., to Intervene for the Limited Purpose of Moving the Court to Reconsider and Vacate the November 14, 2014 Gag and Sealing Order. (cds) |
| 12/18/2014 | 56 | ORDER as to Donald L. Blankenship: Directing the United States to respond to Defendant's 54 EMERGENCY MOTION for Review by the District Court of Order Denying Request to Travel by close of business on 12/19/2014. Signed by Judge Irene C. Berger on 12/18/2014. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified copy list on 12/19/2014 (cbo). |
| 12/19/2014 | 57 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 54 EMERCENCY MOTION for Review by the District Court of Order Denying Request to Travel Home for the Holidays as to Donald L. Blankenship (Ruby, Steven) |
| 12/19/2014 | 58 | REPLY IN SUPPORT by Donald L. Blankenship re: 54 EMERCENCY MOTION for Review by the District Court of Order Denying Request to Travel Home for the Holidays as to Donald L. Blankenship (Herman, Steven) |
| 12/19/2014 | 59 | REPLY by United States of America as to Donald L. Blankenship re: 58 Response In Support (Ruby, Steven) Modified on 12/22/2014 to strike document (cds). |
| 12/22/2014 | 60 | ORDER as to Donald L. Blankenship (1): That the United States' 59 Surreply Concerning Defendant's Motion for Review of Travel Request dated 12/19/2014, be stricken and that Defendant's 54 MOTION to Travel be DENIED and that Magistrate Judge VanDervort's denial of travel be AFFIRMED. Signed by Judge Irene C. Berger on 12/22/2014. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 01/05/2015 | 61 | CRIMINAL SCHEDULING ORDER as to Donald L. Blankenship (1): GRANTING Defendant's 29 Motion to Exclude Time Under the Speedy Trial Act, Re-set Motions deadline, Vacate Trial Date and Set Scheduling Conference; The Case shall proceed as follows: Any Motion to Dismiss shall be filed no later than 2/6/15; Any Motion to Suppress shall be filed no later than 2/6/15; Any Motions in Limine shall be filed no later than 2/6/15; Additional Pretrial Motions shall be filed no later than 2/6/15; Pretrial Motions Hearing shall be held 3/3/15 at 10:30 a.m. before the Honorable R. Clarke VanDervort; Any motion by either party seeking a plea hearing shall be filed no later than 4/6/15; Voir Dire and Jury Instructions shall be submitted no later than 4/10/15; Counsel shall provide a list of prospective witnesses no later |

| | | |
|---|---|---|
| | | than 4/13/15; the Trial of this matter is scheduled for 4/20/15 at 9:00 a.m. in Beckley. The Court finds that the time between 1/26/15 and 4/20/15 is excludable pursuant to 18 USC 3161(h)(7). The Court directs the Clerk to docket this Order such that it is publicly available. Signed by Judge Irene C. Berger on 1/5/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 01/06/2015 | 62 | TRANSCRIPT OF PROCEEDINGS of Motions Hearing as to Donald L. Blankenship held on December 17, 2014 before Judge Irene C. Berger. Court Reporter Lisa Cook, Telephone number 304-254-8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 1/16/2015. Redaction Request due 1/27/2015. Redacted Transcript Deadline set for 2/6/2015. Release of Transcript Restriction set for 4/6/2015. (lac) (Modified docket text on 1/6/2015 to correct hearing date.) (klc). |
| 01/07/2015 | 63 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship : that the 30 Motion of the Wall Street Journal, the Associated Press, Charleston Gazette, National Public Radio, Inc. and the Friends of West Virginia Public Broadcasting, Inc., to Intervene for the Limited Purpose of Moving the Court to Reconsider and Vacate the November 14, 2014 Gag and Sealing Order be Granted In Part and Denied in Part. The Court Orders that the Movants be permitted to intervene for the limited purpose of challenging this Court's Order entered 11/14/2014; the Motion is Denied to the extent it requests that the Court vacate the Order, but Granted to the extent it seeks modifications to the order. Signed by Judge Irene C. Berger on 1/7/2015. (cc: Judge, USA, USP, USM, counsel, Sean P. McGinley, deft.) (cds) |
| 01/07/2015 | 64 | **VACATED PURSUANT TO 164 ORDER ENTERED 3/6/2015**AMENDED ORDER as to Donald L. Blankenship : that neither the parties, their counsel, other representatives or members of their staff, potential witnesses, including actual and alleged victims, investigators, family members of actual and alleged victims as well as of the Defendant, nor any court personnel shall make any statments of any nature, in any form, or release any documents to the media or any other entity regarding the facts or substance of this case. The Court further Orders that any and all motions, stipulations, discovery requests, responses, supplemental requests and responses, and other relevant documents be filed directly with the Clerk pursuant to Rule 49.1 of the Local Rules of Criminal Procedure, and that access to any documents filed on CM/ECF in this matter, which contain information or argument regarding the facts or substance of this case, be restricted to the case participants and court personnel. However, this order shall not be applicable to documents which have been previously released publicly or orders of the Court, absent specific instruction to the contrary. The Court directs the Clerk to make the docket entries publicly available. Signed by Judge Irene C. Berger on 1/7/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified on 3/6/2015 (cds) |
| 01/07/2015 | 65 | ORDER as to Donald L. Blankenship : In light of the Court's amended order, the Court Directs the Clerk to docket the following documents such that they are publicly available: Documents 1,3,4,5,6,8,9,10,11,12,14,15,16,17,18,19,20,25,30,31,34,41,45,46,47,50,51,52,53,55, 56,60,61,63 and 64. The Court Orders that any unsealed transcripts from public proceedings be made available under the standard viewing and ordering options. Signed by Judge Irene C. Berger on 1/7/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 01/12/2015 | 66 | ORDER as to Donald L. Blankenship : that the entry date of Document 65 be reflected as 1/7/2015. Signed by Judge Irene C. Berger on 1/12/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 01/21/2015 | 67 | NOTICE of Substitution of Counsel as to Donald L. Blankenship (Walls, James) |
| 01/21/2015 | | ATTORNEY UPDATE in case as to Donald L. Blankenship. ATTORNEY Alexander Macia for Donald L. Blankenship added pursuant to 67 Notice. (cbo) (Entered: 01/22/2015) |
| 01/22/2015 | 68 | MOTION for review of release conditions re: 50 Memorandum Opinion and Order as to Donald L. Blankenship. (Clark, Richard) |

| | | |
|---|---|---|
| 01/22/2015 | [69](#) | EMERGENCY MOTION AND MEMORANDUM IN SUPPORT of Motion of Certain Victims, The Family Members of Certain Victims of the Upper Big Branch Mine Explosion, and The West Virginia Association for Justice to Intervene for the Limited Purpose of Moving the Court to Limit the Scope of its January 7, 2015 Gag Order as to Donald L. Blankenship. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E) (cds) |
| 01/27/2015 | [70](#) | ORDER as to Donald L. Blankenship : the Court Orders that the transcript of the voir dire conducted in the case of US v. Hughie Elbert Stover (Criminal Action No. 5:11-cr-38) be transcribed and provided to counsel in accordance with established procedures; the Court further Orders that the names, juror numbers and any other identifying information of the jurors participating in the voir dire process, be redacted from the transcript prior to providing the same to counsel. Signed by Judge Irene C. Berger on 1/27/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 01/28/2015 | [71](#) | MOTION for Extension of Time to File Motion to Transfer this Case to Another District for Trial to February 20, 2015 as to Donald L. Blankenship (Herman, Steven) |
| 01/29/2015 | [72](#) | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: [68](#) MOTION for review of release conditions re: [50](#) Memorandum Opinion and Order as to Donald L. Blankenship. (Ruby, Steven) |
| 01/30/2015 | [73](#) | ORDER as to Donald L. Blankenship : that the United States file its Response to Defendant's [71](#) Motion for Extension of time to File Motion to Transfer this case to Another District for Trial by 5:00 p.m. on 2/3/2015. Signed by Judge Irene C. Berger on 1/30/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 02/03/2015 | [74](#) | RESPONSE by United States of America as to Donald L. Blankenship to [71](#) MOTION for Extension of Time to File Motion to Transfer this Case to Another District for Trial to February 20, 2015 as to Donald L. Blankenship (Ruby, Steven) |
| 02/03/2015 | [75](#) | REPLY by Donald L. Blankenship re: [74](#) Response to Motion (Herman, Steven) |
| 02/04/2015 | [76](#) | ORDER as to Donald L. Blankenship (1): that Defendant's [71](#) MOTION for Extension of Time to File Motion to Transfer this Case to Another District for Trial be Granted and further Orders that the motion for change of venue be filed by 2/20/2015. Signed by Judge Irene C. Berger on 2/4/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 02/06/2015 | [77](#) | Memorandum to the Court Concerning Pretrial Motions as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | [78](#) | MOTION to Disqualify This Court and All the Judges of the United States District Court for the Southern District of West Virginia as to Donald L. Blankenship (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Delinsky, Eric) Modified text to conform to filed document on 2/9/2015 (cds). |
| 02/06/2015 | [79](#) | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: [78](#) MOTION to Disqualify Judge as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | [80](#) | MOTION to Vacate Order of Reference as to Donald L. Blankenship. (Delinsky, Eric) |
| 02/06/2015 | [81](#) | MOTION to Dismiss as to Donald L. Blankenship (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Exhibit H, # [9](#) Exhibit I, # [10](#) Exhibit J, # [11](#) Exhibit K, # [12](#) Exhibit L, # [13](#) Exhibit N, # [14](#) Exhibit O, # [15](#) Exhibit P, # [16](#) Exhibit Q, # [17](#) Exhibit R, # [18](#) Exhibit S, # [19](#) Exhibit T, # [20](#) Exhibit U, # [21](#) Exhibit V, # [22](#) Exhibit W, # [23](#) Exhibit X, # [24](#) Exhibit Y, # [25](#) Exhibit Z, # [26](#) Exhibit AA, # [27](#) Exhibit CC, # [28](#) Exhibit DD, # [29](#) Exhibit EE)(Delinsky, Eric) Modified on 2/9/2015 (cds). (Additional attachment added on 2/9/2015: # [30](#) Exhibit M) (cds). Modified on 2/9/2015 to add Exhibit M and correct attachment description (cds). |
| 02/06/2015 | [82](#) | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: [81](#) MOTION to Dismiss (Delinsky, Eric) Modified on 2/9/2015 to add link to #81 Motion (cbo) |

| 02/06/2015 | 83 | MOTION to Dismiss as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N) (Delinsky, Eric) |
|---|---|---|
| 02/06/2015 | 84 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 83 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 85 | MOTION to Dismiss as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Delinsky, Eric) |
| 02/06/2015 | 86 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 85 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 87 | MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 88 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 87 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | | RECEIVED from Counsel for Defendant a Disk containing Exhibits C,I and J to the 81 Memorandum in Support of Defendant's Motion No. 4, Motion to Dismiss. (cds) Modified on 2/6/2015 to add document link (cds). |
| 02/06/2015 | 89 | MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 90 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 89 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 91 | MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 92 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 91 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 93 | MOTION to Dismiss as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Delinsky, Eric) |
| 02/06/2015 | 94 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 93 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 95 | MOTION to Dismiss as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Delinsky, Eric) |
| 02/06/2015 | 96 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 95 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 97 | MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 98 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 97 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 99 | MOTION to Dismiss as to Donald L. Blankenship (Attachment: # 1 Exhibit A)(Delinsky, Eric) |
| 02/06/2015 | 100 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 99 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 101 | MOTION to Dismiss as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Delinsky, Eric) |
| 02/06/2015 | 102 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 101 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 103 | MOTION to Dismiss as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Delinsky, Eric) Modified on 2/9/2015 to correct document description (cds). |

| 02/06/2015 | 104 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 103 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
|---|---|---|
| 02/06/2015 | 105 | MOTION for Bill of Particulars as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 106 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 105 MOTION for Bill of Particulars as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 107 | MOTION to Strike Surplusage from the Indictment as to Donald L. Blankenship (Delinsky, Eric) Modified text to conform to filed document on 2/9/2015 (cds). |
| 02/06/2015 | 108 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 107 MOTION to Strike as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 109 | MOTION for Access to Government's Grand Jury Instructions as to Donald L. Blankenship. (Delinsky, Eric) |
| 02/06/2015 | 110 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 109 MOTION for Access to Government's Grand Jury Instructions as to Donald L. Blankenship. (Delinsky, Eric) |
| 02/06/2015 | 111 | MOTION to Enforce the Brady Obligations as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Delinsky, Eric) Modified text on 2/9/2015 to conform to filed document (cbo). |
| 02/06/2015 | 112 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 111 MOTION to Enforce the Brady Obligations as to Donald L. Blankenship (Delinsky, Eric) |
| 02/06/2015 | 113 | MOTION for Extension of Time to File Motions in Limine as to Donald L. Blankenship (Delinsky, Eric) Modified text on 2/9/2015 to conform to filed document (cbo). |
| 02/06/2015 | 114 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 80 MOTION to Vacate Order of Reference as to Donald L. Blankenship. (Delinsky, Eric) |
| 02/06/2015 | | NOTICE OF DOCKET CORRECTION re: 81 MOTION to Dismiss as to Donald L. Blankenship. ERROR: Attachment incorrectly described and Exhibit L omitted. CORRECTION: Corrected Attachment description and attached omitted exhibit. (cds) (Entered: 02/09/2015) |
| 02/10/2015 | 115 | MOTION by United States of America to Extend Time to File Responses to Pretrial Motions as to Donald L. Blankenship (Ruby, Steven) |
| 02/12/2015 | 116 | ORDER as to Donald L. Blankenship (1): granting in part and denying in part United States' 115 MOTION for Extension of Time to Respond to Pretrial Motions; the Court Orders that the deadline for the filing of the United States' responses to the Defendant's pretrial motions be extended to 2/20/2015. Signed by Judge Irene C. Berger on 2/12/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 02/17/2015 | 117 | MOTION to Continue the Trial Date as to Donald L. Blankenship, MOTION to Modify the 61 Criminal Scheduling Order as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Herman, Steven) |
| 02/17/2015 | 118 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 117 MOTION to Continue the Trial Date as to Donald L. Blankenship and MOTION to Modify the 61 Criminal Scheduling Order as to Donald L. Blankenship (Herman, Steven) |
| 02/17/2015 | 119 | REPLY by Donald L. Blankenship re: 72 Response In Opposition. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Herman, Steven) Modified on 2/18/2015 to remove link to #68 Motion (cbo). |
| 02/20/2015 | 120 | NOTICE OF CHANGE OF ATTORNEY INFORMATION by R. Gregory McVey as to Donald L. Blankenship. (McVey, R.) |
| 02/20/2015 | 121 | MOTION to Change Venue as to Donald L. Blankenship (Attachments: # 1 Exhibits A-M) (Brown, Blair) |

| 02/20/2015 | 122 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 121 MOTION to Change Venue as to Donald L. Blankenship (Brown, Blair) |
|---|---|---|
| 02/20/2015 | 123 | MOTION for Leave to File Under Seal re: 121 MOTION to Change Venue as to Donald L. Blankenship, 122 Memorandum In Support as to Donald L. Blankenship. (Brown, Blair) |
| 02/20/2015 | 124 | **COPY of Petition for Writ of Mandamus on Behalf of The Wall Street Journal, The Associated Press, Charleston Gazette, National Public Radio, Inc., and Friends of West Virginia Public Broadcasting, filed in the United States Court of Appeals for the Fourth Circuit. (slr) |
| 02/20/2015 | 125 | **ECF NOTIFICATION from 4CCA Re: filing of Petition for Writ of Mandamus; 4CCA Case number 15-1179; Case Manager: S. Wiley. (slr) |
| 02/20/2015 | 126 | RESPONSE by United States of America as to Donald L. Blankenship to 78 MOTION to Disqualify This Court and All the Judges of the United States District Court for the Southern District of West Virginia as to Donald L. Blankenship (Ruby, Steven) |
| 02/20/2015 | 127 | RESPONSE by United States of America as to Donald L. Blankenship to 80 MOTION to Vacate Order of Reference as to Donald L. Blankenship. (Ruby, Steven) |
| 02/20/2015 | 128 | RESPONSE by United States of America as to Donald L. Blankenship to 81 MOTION to Dismiss as to Donald L. Blankenship (Attachment: # 1 Exhibit A) (Ruby, Steven) |
| 02/20/2015 | 129 | RESPONSE by United States of America as to Donald L. Blankenship to 97 MOTION to Dismiss as to Donald L. Blankenship, 87 MOTION to Dismiss as to Donald L. Blankenship, 99 MOTION to Dismiss as to Donald L. Blankenship, 91 MOTION to Dismiss as to Donald L. Blankenship, 103 MOTION to Dismiss as to Donald L. Blankenship, 85 MOTION to Dismiss as to Donald L. Blankenship, 101 MOTION to Dismiss as to Donald L. Blankenship, 89 MOTION to Dismiss as to Donald L. Blankenship, 93 MOTION to Dismiss as to Donald L. Blankenship, 95 MOTION to Dismiss as to Donald L. Blankenship (Ruby, Steven) |
| 02/20/2015 | 130 | RESPONSE by United States of America as to Donald L. Blankenship to 105 MOTION for Bill of Particulars as to Donald L. Blankenship (Ruby, Steven) |
| 02/20/2015 | 131 | RESPONSE by United States of America as to Donald L. Blankenship to 107 MOTION to Strike Surplusage from the Indictment as to Donald L. Blankenship (Ruby, Steven) |
| 02/20/2015 | 132 | RESPONSE by United States of America as to Donald L. Blankenship to 109 MOTION for Access to Government's Grand Jury Instructions as to Donald L. Blankenship. (Ruby, Steven) |
| 02/20/2015 | 133 | RESPONSE by United States of America as to Donald L. Blankenship to 111 MOTION to Enforce the Brady Obligations as to Donald L. Blankenship (Ruby, Steven) |
| 02/20/2015 | 134 | RESPONSE by United States of America as to Donald L. Blankenship to 113 MOTION for Extension of Time to File Motions in Limine as to Donald L. Blankenship (Ruby, Steven) |
| 02/20/2015 | 135 | MOTION by United States of America TO SEAL Response to Motion No. 5 as to Donald L. Blankenship (Attachments: # 1 Proposed Order, # 2 Response to Motion No. 5, # 3 Exhibit A, # 4 Exhibit B) (Ruby, Steven) |
| 02/20/2015 |  | ATTORNEY UPDATE in case as to Donald L. Blankenship. ATTORNEY R. Gregory McVey for United States of America added pursuant to 120 Notice of Change of Attorney Information filed 2/20/2015. (cbo) (Entered: 02/23/2015) |
| 02/20/2015 |  | RECEIVED from Counsel for Defendant a Hard Drive containing Exhibits A-M to 121 Defense Motion to Change Venue. (cds) (Entered: 02/27/2015) |
| 02/23/2015 | 136 | 4CCA DOCKETING NOTICE as to Donald L. Blankenship in 4CCA Case No. 15-1179, dated 2/23/2015, re: Original Proceedings. (slr) |
| 02/23/2015 | 137 | PROPOSED ORDER, re: 123 Motion for Leave to File Under Seal by Donald L. Blankenship (Brown, Blair) |

| 02/24/2015 | [138](#) | NOTICE OF CERTIFICATION FOR USE OF COURTROOM TECHNOLOGY on March 3, 2015 at 10:30 a.m. in Beckley, West Virginia as to Donald L. Blankenship (Ruby, Steven) |
|---|---|---|
| 02/24/2015 | [139](#) | RESPONSE by United States of America as to Donald L. Blankenship to [117](#) MOTION to Continue the Trial Date, MOTION to Modify [61](#) Criminal Scheduling Order as to Donald L. Blankenship (Ruby, Steven) |
| 02/25/2015 | [140](#) | MOTION to Convert the March 3, 2015, Hearing Date into a Hearing Solely on Defense Motions Nos. 1 and 2 as to Donald L. Blankenship. (Brown, Blair) Modified on 2/25/2015 to correct typo(cds). |
| 02/25/2015 | [141](#) | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: [140](#) MOTION to Convert the March 3, 2015, Hearing Date into a Hearing Solely on Defense Motions Nos. 1 and 2 as to Donald L. Blankenship. (Ruby, Steven) |
| 02/26/2015 | [142](#) | ORDER as to Donald L. Blankenship: It is ORDERED that the pretrial Motions hearing scheduled for 3/3/2015 at 10:30 a.m. is continued generally; it is ORDERED that Defendant's [140](#) Motion to Convert the Motions Hearing into a Hearing Solely on Defense Motions 1 and 2 is DENIED as moot. Signed by Magistrate Judge R. Clarke VanDervort on 2/26/2015. (cc: Judge, USA, counsel) (slr) |
| 02/26/2015 | [143](#) | REPLY by Donald L. Blankenship re: [126](#) Response to Motion (Delinsky, Eric) |
| 02/27/2015 | [144](#) | REPLY by Donald L. Blankenship re: [127](#) Response to Motion (Delinsky, Eric) |
| 02/27/2015 | [145](#) | REPLY by Donald L. Blankenship re: [128](#) Response to Motion (Delinsky, Eric) |
| 02/27/2015 | [146](#) | REPLY by Donald L. Blankenship re: [83](#) MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 02/27/2015 | [147](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [85](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [148](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [87](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [149](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [89](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [150](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [91](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [151](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [93](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [152](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [95](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [153](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [97](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [154](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [99](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [155](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [101](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [156](#) | REPLY by Donald L. Blankenship re: [129](#) Response to [103](#) Motion to Dismiss (Delinsky, Eric) |
| 02/27/2015 | [157](#) | REPLY by Donald L. Blankenship re: [130](#) Response to Motion (Delinsky, Eric) |
| 02/27/2015 | [158](#) | REPLY by Donald L. Blankenship re: [131](#) Response to Motion (Delinsky, Eric) |
| 02/27/2015 | [159](#) | REPLY by Donald L. Blankenship re: [133](#) Response to Motion (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C) (Delinsky, Eric) |
| 02/27/2015 | [160](#) | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: [121](#) MOTION to Change Venue as to Donald L. Blankenship (Ruby, Steven) |
| 03/03/2015 | [161](#) | REPLY by Donald L. Blankenship re: [139](#) Response to Motion (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C) (Brown, Blair) |
| 03/05/2015 | [162](#) | 4CCA JUDGMENT re: [124](#) Petition for Writ of Mandamus on Behalf of the Wall Street Journal, The Associated Press, Charleston Gazette, National Public Radio, Inc., and Friends of |

| | | West Virginia Public Broadcasting - 4CCA Case No. 15-1179. In accordance with the decision of this court, the petition for writ of mandamus is granted. (cds) |
|---|---|---|
| 03/05/2015 | 163 | NOTICE OF JUDGMENT as to 124 Petition for Writ of Mandamus in 4CCA Case Number 15-1179. (cds) |
| 03/06/2015 | 164 | ORDER as to Donald L. Blankenship (1): the Court Orders that its January 7, 2015 64 Order be VACATED; the Court further Orders that the 69 Emergency Motion and Memorandum in Support of Motion of Certain Victims, the Family Members of Certain Victims of the Upper Big Branch Mine Explosion and the West Virginia Association for Justice to Intervene for the Limited Purposes of Moving the Court to Limit the Scope of its January 7, 2015 Gag Order be Terminated as Moot. Signed by Judge Irene C. Berger on 3/6/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 03/06/2015 | 165 | NOTICE *of Supplemental Authority Regarding Defendant's Motion for Change of Venue* by United States of America as to Donald L. Blankenship re: 160 Response In Opposition (Attachments: # 1 Exhibit(s)) (Ruby, Steven) |
| 03/06/2015 | 166 | MOTION TO SEAL Reply in Support of Motion to Transfer to Another District for Trial as to Donald L. Blankenship (Attachments: # 1 Proposed Order, # 2 Reply in Support of Defense Motion No. 3, Transfer to Another District for Trial, # 3 Exhibit A to Reply in Support of Defense Motion No. 3, Transfer to Another District for Trial, # 4 Exhibit B to Reply in Support of Defense Motion No. 3, Transfer to Another District for Trial, # 5 Exhibit C to Reply in Support of Defense Motion No. 3, Transfer to Another District for Trial) (Brown, Blair) |
| 03/09/2015 | 167 | ORDER as to Donald L. Blankenship (1): granting 135 MOTION to Seal. Signed by Judge Irene C. Berger on 3/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 03/09/2015 | 168 | SEALED RESPONSE by the United States as to Donald L. Blankenship to 83 Motion No. 5, Motion to Dismiss for Improper and Misleading Conduct before the Grand Jury. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (cds) |
| 03/10/2015 | 169 | SUPERSEDING INDICTMENT as to Donald L. Blankenship (1) Counts 1s-3s. (cds) |
| 03/10/2015 | 170 | SUPERSEDING INDICTMENT - Unredacted Copy for Court Users Only as to Donald L. Blankenship. (cds) |
| 03/10/2015 | 171 | MOTION for Release to the Parties of the Transcript of the Conference Held 1/30/2015 as to Donald L. Blankenship. (Attachment: # 1 Proposed Order)(Herman, Steven) |
| 03/11/2015 | 173 | ORDER as to Donald L. Blankenship : Arraignment on Superseding Indictment set for 3/24/2015 10:30 AM in Beckley before Magistrate Judge R. Clarke VanDervort. Signed by Magistrate Judge R. Clarke VanDervort on 3/11/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 03/11/2015 | 174 | SUPPLEMENTAL RESPONSE by United States of America as to Donald L. Blankenship to 97 MOTION to Dismiss as to Donald L. Blankenship, 87 MOTION to Dismiss as to Donald L. Blankenship, 91 MOTION to Dismiss as to Donald L. Blankenship, 95 MOTION to Dismiss as to Donald L. Blankenship (Ruby, Steven) |
| 03/12/2015 | 175 | SUPPLEMENTAL RESPONSE by Donald L. Blankenship to 68 MOTION for review of release conditions re: 50 Memorandum Opinion and Order as to Donald L. Blankenship. (Delinsky, Eric) |
| 03/20/2015 | 176 | MOTION by United States of America for Use of Juror Questionnaire and Expanded Jury Selection Process as to Donald L. Blankenship. (Attachments: # 1 Exhibit A)(McVey, R.) |
| 03/24/2015 | 177 | ARRAIGNMENT ORDER AND STANDARD DISCOVERY REQUESTS as to Donald L. Blankenship: Arraignment Held on 3/24/2015. Jury Trial set for 4/20/2015 at 09:00 AM in Beckley before Judge Irene C. Berger. Expert Witness List due by 4/13/2015. Proposed voir dire questions and jury instructions due by 4/10/2015. Donald L. Blankenship (1) previously |

| | | |
|---|---|---|
| | | released on a $5,000,000.00 surety bond. Signed by Magistrate Judge R. Clarke VanDervort on 3/24/2015. (cc: Judge, USA, USP, USM, counsel) (msa) |
| 03/24/2015 | 178 | SUPERSEDING ARRAIGNMENT as to Donald L. Blankenship (1) Counts 1s,2s,3s held by Magistrate Judge R. Clarke VanDervort on 3/24/2015; Court Reporter: Ayme Cochran. (cds) |
| 03/26/2015 | 179 | RESPONSE IN OPPOSITION by The Wall Street Journal, The Associated Press, Charleston Gazette and National Public Radio, Inc.'s to Defendant's 166 MOTION TO SEAL. (cds) |
| 03/26/2015 | 180 | MOTION for Scheduling Conference Before the District Judge as to Donald L. Blankenship. (Brown, Blair) |
| 03/27/2015 | 181 | RESPONSE IN OPPOSITION by Donald L. Blankenship re: 176 MOTION by United States of America for Use of Juror Questionnaire and Expanded Jury Selection Process as to Donald L. Blankenship. (Attachment: # 1 Exhibit 1) (Brown, Blair) |
| 03/30/2015 | 182 | SUPPLEMENTAL RESPONSE by United States of America as to Donald L. Blankenship to 99 MOTION to Dismiss as to Donald L. Blankenship, 101 MOTION to Dismiss as to Donald L. Blankenship (Attachment: # 1 Exhibit) (Ruby, Steven) |
| 04/01/2015 | 183 | NOTICE OF CERTIFICATION FOR USE OF COURTROOM TECHNOLOGY on April 20, 2015 at 9:00 a.m., U.S. Courthouse & IRS Complex, Beckley, West Virginia as to Donald L. Blankenship (Ruby, Steven) |
| 04/01/2015 | 184 | TRANSCRIPT OF PROCEEDINGS of SUPERSEDING ARRAIGNMENT as to Donald L. Blankenship held on 03/24/2015 before Magistrate Judge R. Clarke VanDervort. Court Reporter Ayme Cochran, Telephone number 304-347-3128. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/13/2015. Redaction Request due 4/22/2015. Redacted Transcript Deadline set for 5/4/2015. Release of Transcript Restriction set for 6/30/2015. (aac) |
| 04/02/2015 | 185 | REPLY by Donald L. Blankenship re: 179 Response In Opposition (Brown, Blair) |
| 04/07/2015 | 186 | REPLY by Donald L. Blankenship re: 182 Supplemental Response to Motion (Delinsky, Eric) |
| 04/07/2015 | 187 | SUPPLEMENTAL RESPONSE IN SUPPORT by Donald L. Blankenship re: 111 MOTION to Enforce the Brady Obligations as to Donald L. Blankenship (Attachment: # 1 Exhibit A) (Delinsky, Eric) |
| 04/07/2015 | 188 | Memorandum to the Court Concerning Pretrial Motions in Light of the Superseding Indictment as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 189 | MOTION to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Delinsky, Eric) |
| 04/07/2015 | 190 | MOTION TO SEAL as to Donald L. Blankenship; Defense Motion No. 5A, Motion to Dismiss the Superseding Indictment for Improper and Misleading Conduct Before the Grand Jury. (Attachments: # 1 Exhibit A, # 2 Exhibit B, Part 1, # 3 Exhibit B, Part 2, # 4 Exhibit B, Part 3, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F) (Delinsky, Eric) Modified on 4/8/2015 to convert filing event to Motion to Seal and modify document title (cbo). |
| 04/07/2015 | 191 | MOTION to Dismiss Count One of the Superseding Indictment for Failure to State Specific Intent as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Delinsky, Eric) |
| 04/07/2015 | 192 | MOTION to Dismiss Count One of the Superseding Indictment for Charging Conspiracy to Defraud the United States of Intangible Rights as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Delinsky, Eric) |
| 04/07/2015 | 193 | MOTION to Dismiss Count Two of the Superseding Indictment for Failure to State an Offense as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 |

| | | |
|---|---|---|
| | | Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Delinsky, Eric) |
| 04/07/2015 | 194 | MOTION to Dismiss Count Three of the Superseding Indictment Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, Part 1, # 3 Exhibit B, Part 2, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Delinsky, Eric) |
| 04/07/2015 | 195 | MOTION to Dismiss Count Three of the Superseding Indictment for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Delinsky, Eric) |
| 04/07/2015 | 196 | MOTION to Strike Surplusage from the Superseding Indictment as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Delinsky, Eric) Modified on 4/7/2015 to correct filing event and document title (cbo). |
| 04/07/2015 | 197 | MOTION to Dismiss Count One of the Superseding Indictment as Duplicitous or to Require Election as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 198 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 197 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 199 | MOTION to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 200 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 199 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 201 | MOTION to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Delinsky, Eric) |
| 04/07/2015 | 202 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 201 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 203 | MOTION to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 204 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 203 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 205 | MOTION to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act or, in the Alternative, to Strike Overt Act as to Donald L. Blankenship (Attachment: # 1 Exhibit A)(Delinsky, Eric) |
| 04/07/2015 | 206 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 205 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 207 | MOTION to Dismiss Count One of the Superseding Indictment Based on New Respirable Dust Allegation or, in the Alternative, to Strike as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 208 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 207 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 209 | MOTION to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Delinsky, Eric) |
| 04/07/2015 | 210 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 209 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 211 | MOTION to Dismiss Count One of the Superseding Indictment for Failure to State a Conspiracy to Defraud the United States of Money or Property as to Donald L. Blankenship |

| | | (Delinsky, Eric) |
|---|---|---|
| 04/07/2015 | 212 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 211 MOTION to Dismiss as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 213 | MOTION for Bill of Particulars as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | 214 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 213 MOTION for Bill of Particulars as to Donald L. Blankenship (Delinsky, Eric) |
| 04/07/2015 | | RECEIVED from Counsel for Defendant a Disk containing Exhibits C,I and J to the Defendant's 189 Motion No. 4A, Motion to Dismiss The Superseding Indictment for Selective and Vindictive Prosecution. (cds) (Entered: 04/08/2015) |
| 04/08/2015 | 215 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 196 MOTION to Strike Surplusage from the Superseding Indictment as to Donald L. Blankenship, 205 MOTION to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act or, in the Alternative, to Strike Overt Act as to Donald L. Blankenship, 199 MOTION to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement as to Donald L. Blankenship, 195 MOTION to Dismiss Count Three of the Superseding Indictment for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements as to Donald L. Blankenship, 211 MOTION to Dismiss Count One of the Superseding Indictment for Failure to State a Conspiracy to Defraud the United States of Money or Property as to Donald L. Blankenship, 193 MOTION to Dismiss Count Two of the Superseding Indictment for Failure to State an Offense as to Donald L. Blankenship, 207 MOTION to Dismiss Count One of the Superseding Indictment Based on New Respirable Dust Allegation or, in the Alternative, to Strike as to Donald L. Blankenship, 209 MOTION to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act as to Donald L. Blankenship, 194 MOTION to Dismiss Count Three of the Superseding Indictment Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact as to Donald L. Blankenship, 197 MOTION to Dismiss Count One of the Superseding Indictment as Duplicitous or to Require Election as to Donald L. Blankenship, 192 MOTION to Dismiss Count One of the Superseding Indictment for Charging Conspiracy to Defraud the United States of Intangible Rights as to Donald L. Blankenship, 203 MOTION to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards as to Donald L. Blankenship, 191 MOTION to Dismiss Count One of the Superseding Indictment as to Donald L. Blankenship, 201 MOTION to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct as to Donald L. Blankenship, 190 MOTION TO SEAL Defense Motion No. 5A, Motion to Dismiss the Superseding Indictment for Improper and Misleading Conduct Before the Grand Jury as to Donald L. Blankenship, 213 MOTION for Bill of Particulars as to Donald L. Blankenship, 189 MOTION to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution as to Donald L. Blankenship (Ruby, Steven) |
| 04/08/2015 | 216 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defendant's 78 MOTION to Disqualify this Court and All the Judges of the United States District Court for the Southern District of West Virginia. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/08/2015 | 217 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defense 81 MOTION No. 4 to Dismiss for Selective and Vindictive Prosecution and denying Defense 189 MOTION No. 4A to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/08/2015 | 218 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defense 99 MOTION No. 13, Motion to Dismiss Count Three for Failure to State an Offense and denying Defense 193 MOTION No. 13A, Motion to Dismiss Count Two of the Superseding |

| | | |
|---|---|---|
| | | Indictment for Failure to State an Offense. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/08/2015 | 219 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defense 101 MOTION No. 14, Motion to Dismiss Count Four Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact and denying Defense 194 MOTION No. 14A, Motion to Dismiss Count Three of the Superseding Indictment Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/08/2015 | 220 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defense 103 MOTION No. 15, Motion to Dismiss Count Four for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements and denying Defense 195 MOTION No. 15A, Motion to Dismiss Count Three of the Superseding Indictment for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified on 4/8/2015 to correct typo (cds). |
| 04/08/2015 | 221 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defense 107 MOTION No. 17, Motion to Strike Surplusage from the Indictment and denying Defense 196 MOTION No. 17A, Motion to Strike Surplusage from the Superseding Indictment. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/08/2015 | 222 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying as premature Defense 111 MOTION No. 19, Motion to Enforce the Government's Brady Obligations. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified title on 4/8/2015 (cds). |
| 04/08/2015 | 223 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defendant's 68 MOTION for De Novo Review Before the District Court of His Conditions of Pretrial Release. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified title on 4/8/2015 (cds). |
| 04/08/2015 | 224 | ORDER as to Donald L. Blankenship (1): denying Defendant's 123 MOTION for Leave to File Under Seal Defense Motion No. 3: Motion to Transfer to Another District for Trial and the Supporting Exhibits and Memorandum of Law and denying Defendant's 166 MOTION for Leave to File Under Seal Reply in Support of Defense Motion No. 3 and Accompanying Exhibits. Signed by Judge Irene C. Berger on 4/8/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/09/2015 | 226 | ORDER as to Donald L. Blankenship (1): that Defense 87 Motion No. 7, Motion to Dismiss Count One For Failure to Charge Cognizable Conspiratorial Objects; Defense 89 Motion No. 8, Motion to Dismiss Count One for Lack of Specificity; Defense 91 Motion No. 9, Motion to Dismiss Count One as Duplicitous or to Require Election between Counts One and Two; that Defense 93 Motion No. 10, Motion to Dismiss for Failure to State A Conspiracy to Defraud; that Defense 95 Motion No. 11, Motion to Dismiss Count Two for Improper Use of the "Defraud" Clause of Section 371; and Defense 105 Motion for Bill of Particulars be TERMINATED AS MOOT. Signed by Judge Irene C. Berger on 4/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/09/2015 | 227 | ORDER as to Donald L. Blankenship (1): granting 171 MOTION for Release to the Parties of the Transcript of the Conference Held by this Court on January 30, 2015; the transcript shall be provided to the parties by the court reporter. Signed by Judge Irene C. Berger on 4/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/09/2015 | 228 | SUPPLEMENTAL MOTION to Continue the Trial Date and Modify the Scheduling Order and for Scheduling Conference Before the District Judge as to Donald L. Blankenship (Attachment: # 1 Exhibit 1)(Brown, Blair) |
| 04/09/2015 | 229 | NOTICE OF CHANGE OF ATTORNEY INFORMATION by Gabriele Wohl as to Donald L. |

| | | |
|---|---|---|
| | | Blankenship. (Wohl, Gabriele) |
| 04/09/2015 | 230 | NOTICE *Regarding Reply Briefs* as to Donald L. Blankenship (Delinsky, Eric) |
| 04/09/2015 | 231 | ORDER as to Donald L. Blankenship: that Defense 80 Motion No. 2, Motion to Vacate or Modify the Order of Reference be Granted In Part and the reference to the Magistrate Judge with respect to Defendant's motions filed on 2/6/2015 and 4/7/2015 is Withdrawn; Defendant's 140 Motion to Convert the 3/3/15 Hearing Date into a Hearing Solely on Defense Motions Nos. 1 and 2 are Terminated as Moot; that the Defendant's 117 Motion to Continue the Trial Date and Modify the Scheduling Order is Granted In Part; The Court Orders that the trial previously scheduled for 4/20/15 is CONTINUED UNTIL 7/13/2015 at 9:00 a.m. The Court finds that the time between 4/20/15 and 7/13/15 is excludable; that JURY SELECTION will begin on 7/9/2015 at 9:00 a.m.; the parties shall submit their respective witness lists and any proposed voir dire and jury instructions no later than 6/22/2015. To the extent the deft. requests a scheduling conference, the Court Orders that the motion be Denied; the Court Orders that the 180 Motion for Scheduling Conference Before the District Judge be Terminated As Moot; that Defense 113 Motion for Extension of Time to File Motions in Limine be Granted; the parties shall file all motions in Limine by 6/15/2015; responses no later than 6/22/2015. Signed by Judge Irene C. Berger on 4/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified image on 4/9/2015 (cds) |
| 04/09/2015 | | NOTICE OF DOCKET CORRECTION re: 231 ORDER as to Donald L. Blankenship. ERROR: Incorrect image attached. CORRECTION: Incorrect image replace with correct image. (cds) |
| 04/10/2015 | 232 | ORDER as to Donald L. Blankenship: that Defense 121 MOTION No. 3, Motion to Transfer to Another District for Trial be HELD IN ABEYANCE pending completion of the voir dire process, scheduled to begin on 7/9/2015. Signed by Judge Irene C. Berger on 4/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/14/2015 | 233 | MOTION TO SEAL Renewed Motion to Disqualify as to Donald L. Blankenship (Attachments: # 1 Proposed Order, # 2 Renewed Motion, # 3 Memorandum in Support, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4) (Taylor, William) |
| 04/15/2015 | 234 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment as Duplicitous (Delinsky, Eric) Modified text on 4/16/2015 (cbo) |
| 04/15/2015 | 235 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
| 04/15/2015 | 236 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
| 04/15/2015 | 237 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
| 04/15/2015 | 238 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act, or, in the Alternative, to Strike Overt Act (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
| 04/15/2015 | 239 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment Based on Respirable Dust Allegation (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
| 04/15/2015 | 240 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
| 04/15/2015 | 241 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the |

|  |  | Superseding Indictment for Failure to State a Conspiracy to Defraud the United States of Money or Property (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
|---|---|---|
| 04/15/2015 | 242 | REPLY by Donald L. Blankenship re: 215 Response to Motion to Dismiss Count One of the Superseding Indictment for Failure to State a Conspiracy to Defraud the United States of Money or Property (Attachment: # 1 Exhibit A) (Delinsky, Eric) Modified text on 4/16/2015 (cbo). |
| 04/23/2015 | 243 | ORDER as to Donald L. Blankenship (1): denying Defendant's 233 MOTION to File Under Seal his Renewed Motion to Disqualify Law Clerk and for Clarification of Record Regarding Screen of Law Clerk and Also to File Under Seal Exhibits and Memorandum in Support of Motion. Signed by Judge Irene C. Berger on 4/23/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/23/2015 | 244 | ORDER as to Donald L. Blankenship: Denying as Moot Defendant's [233-2] Renewed Motion to Disqualify Law Clerk and for Clarification of Record Regarding Screen of Law Clerk. Signed by Judge Irene C. Berger on 4/23/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 04/28/2015 | 245 | MOTION to Compel the Government to Identify In Its Production Brady and Rule 16(a)(1) Material as to Donald L. Blankenship. (Delinsky, Eric) |
| 05/05/2015 | 246 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 245 MOTION to Compel the Government to Identify In Its Production Brady and Rule 16(a)(1) Material as to Donald L. Blankenship. (Ruby, Steven) |
| 05/06/2015 | 247 | MOTION for Permission to Travel Home Over Memorial Day as to Donald L. Blankenship (Clark, Richard) |
| 05/06/2015 | 248 | MOTION to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Delinsky, Eric) |
| 05/11/2015 | 249 | REPLY by Donald L. Blankenship re: 246 Response In Opposition (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Delinsky, Eric) |
| 05/12/2015 | 250 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 247 MOTION for Permission to Travel Home Over Memorial Day as to Donald L. Blankenship (Ruby, Steven) |
| 05/14/2015 | 251 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 248 MOTION to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information as to Donald L. Blankenship (Ruby, Steven) |
| 05/18/2015 | 255 | DOCKETING NOTICE - ORIGINAL PROCEEDINGS as to Donald L. Blankenship, in 4CCA Case #15-1533, dated 5/18/2015. (slr) |
| 05/19/2015 | 256 | MEMORANDUM OPINION AND ORDER: It is ORDERED that the 247 MOTION for Permission to Travel Home over Memorial Day, filed by Donald L. Blankenship, (1) is DENIED. Signed by Magistrate Judge R. Clarke VanDervort on 5/19/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 05/19/2015 | 257 | REPLY by Donald L. Blankenship re: 250 Response In Opposition (Clark, Richard) |
| 05/19/2015 | 258 | REPLY by Donald L. Blankenship re: 251 Response In Opposition, (Delinsky, Eric) |
| 05/22/2015 | 259 | MOTION to Continue July 13 Trial Date as to Donald L. Blankenship (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Herman, Steven) |
| 05/26/2015 | 260 | MOTION for Permission for Overnight Travel to Ohio as to Donald L. Blankenship (Herman, Steven) |
| 05/27/2015 | 261 | MOTION to Compel as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B) |

(Herman, Steven)

| 05/29/2015 | 262 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 259 MOTION to Continue July 13 Trial Date as to Donald L. Blankenship (Goodwin, R.) |
| 06/03/2015 | 263 | ORDER granting 260 MOTION for Permission for Overnight Travel to Ohio as to Donald L. Blankenship (1). Signed by Magistrate Judge R. Clarke VanDervort on 6/3/2015. (cc: Judge, USA, counsel) (msa) |
| 06/03/2015 | 264 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 21, 197 MOTION to Dismiss Count One of the Superseding Indictment as Duplicitous or to Require Election as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 265 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 22, 199 MOTION to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 266 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 24, 203 MOTION to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 267 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 23, 201 MOTION to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 268 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 25, 205 MOTION to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act Or, in the Alternative, to Strike Overt Act as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 269 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 26, 207 MOTION to Dismiss Count One of the Superseding Indictment One Based on New Respirable Dust Allegation or, in the Alternative, to Strike as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 270 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 27, 209 MOTION to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 271 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 12A: 192 MOTION to Dismiss Count One of the Superseding Indictment for Charging Conspiracy to Defraud the United States of Intangible Rights as to Donald L. Blankenship (1), and Defense Motion No. 28, 211 MOTION to Dismiss Count One of the Superseding Indictment for Failure to State a Conspiracy to Defraud the United States of Money or Property as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 06/03/2015 | 272 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that Defense Motion No. 6, 85 MOTION to Dismiss Count One for Failure to State an Offense as to Donald L. Blankenship (1), and Defense Motion No. 6A, 191 MOTION to Dismiss Count One of the Superseding Indictment for Failure to State Specific Intent as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 6/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |

| 06/03/2015 | [273](#) | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: [261](#) MOTION to Compel as to Donald L. Blankenship (Ruby, Steven) |
|---|---|---|
| 06/05/2015 | [274](#) | REPLY by Donald L. Blankenship re: [262](#) Response In Opposition (Herman, Steven) |
| 06/05/2015 | [275](#) | JOINT MOTION to Continue Trial Date by United States of America, Donald L. Blankenship as to Donald L. Blankenship (Herman, Steven) Modified on 6/8/2015 to add additional party filer (cbo). |
| 06/09/2015 | [276](#) | REPLY by Donald L. Blankenship re: [273](#) Response In Opposition (Herman, Steven) |
| 06/12/2015 | [277](#) | MOTION for Use of Juror Questionnaire as to Donald L. Blankenship. (Attachments: # [1](#) Exhibit 1)(Brown, Blair) |
| 06/12/2015 | [278](#) | NOTICE *of Amended Proposed Juror Questionnaire* by United States of America as to Donald L. Blankenship (Attachment: # [1](#) Exhibit) (Ruby, Steven) |
| 06/12/2015 | [279](#) | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): that the Defendant's [245](#) Motion to Compel the Government to Identify in its Production Brady and Rule 16(a)(1) Material and Defendant's [248](#) Motion to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information be Granted in part and Denied in part. The Court Orders that the Defendant's motions seeking Brady material be Granted and further Directs the United States to designate and disclose to defense counsel any and all Brady material by the close of business on 6/22/2015. The Court Orders that the motions seeking precise identification and production of specific subclasses of Rule 16 information be Denied. Signed by Judge Irene C. Berger on 6/12/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 06/12/2015 | [280](#) | ORDER as to Donald L. Blankenship (1): that the [259](#) and [275](#) Motions to Continue be Granted. The trial, presently scheduled 7/13/2015 is CONTINUED until 10/1/2015 at 9:00 a.m. at which time the jury selection process will begin. The Court finds the time between 7/13/2015 and 10/1/2015 is excludable pursuant to 18 USC 3161(h)(7). Motions in limine are due by 8/18/2015 and responses by 8/25/2015; parties shall submit their respective witness lists and any proposed voir dire and jury instructions no later than 9/8/2015. The Court Orders that jury selection and trial shall take place in the Charleston Division of the Southern District of West Virginia. Signed by Judge Irene C. Berger on 6/12/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 06/16/2015 | [282](#) | NOTICE OF JUDGMENT as to Donald L. Blankenship in 4CCA Case Number 15-1533. (cds) |
| 07/08/2015 | [283](#) | MOTION to Compel as to Donald L. Blankenship (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Herman, Steven) |
| 07/14/2015 | [284](#) | MOTION by United States of America as to Donald L. Blankenship for Production of Reciprocal Discovery and RESPONSE to [283](#) MOTION to Compel as to Donald L. Blankenship (Attachment: # [1](#) Exhibit) (Ruby, Steven) Modified on 7/15/2015 to add motion relief and conform document title to filed document (cbo). |
| 07/21/2015 | [285](#) | REPLY by Donald L. Blankenship re: [284](#) MOTION for Production of Reciprocal Discovery and RESPONSE to [283](#) Motion to Compel as to Donald L. Blankenship (Delinsky, Eric) |
| 07/21/2015 | [286](#) | RESPONSE IN OPPOSITION by Donald L. Blankenship re: [284](#) MOTION for Production of Reciprocal Discovery (Brown, Blair) |
| 07/24/2015 | [287](#) | MOTION for Jury Instructions Regarding the UBB Mine Explosion and to Exclude Evidence Regarding the Explosion as to Donald L. Blankenship. (Herman, Steven) |
| 07/28/2015 | [288](#) | REPLY by United States of America as to Donald L. Blankenship re: [286](#) Response In Opposition (Wohl, Gabriele) |
| 07/31/2015 | [289](#) | MOTION for Permission to Travel as to Donald L. Blankenship (Clark, Richard) |
| 08/01/2015 | [290](#) | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: |

|  |  | 287 MOTION for Jury Instructions Regarding the UBB Mine Explosion and to Exclude Evidence Regarding the Explosion. (Ruby, Steven) |
| --- | --- | --- |
| 08/07/2015 | 291 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 289 MOTION for Permission to Travel as to Donald L. Blankenship (Ruby, Steven) |
| 08/10/2015 | 293 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that the Defense 213 MOTION No. 29, Motion for Bill of Particulars as to Donald L. Blankenship (1), be DENIED. Signed by Judge Irene C. Berger on 8/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 08/10/2015 | 294 | MEMORANDUM OPINION AND ORDER: Given the rulings contained in the Court's prior 279 Memorandum Opinion and Order, the Court ORDERS that the 261 MOTION to Compel Production of MSHA Material as to Donald L. Blankenship (1)be TERMINATED AS MOOT. Signed by Judge Irene C. Berger on 8/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 08/10/2015 | 295 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that the 283 MOTION to Compel Compliance with Brady Order and For Other Appropriate Relief as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 8/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 08/10/2015 | 296 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that the United States' 284 COMBINED MOTION for Production of Reciprocal Discovery and Response to Defendant's Motion to Compel Compliance with Brady Order and Other Appropriate Relief as to Donald L. Blankenship (1) be GRANTED; the Court ORDERS that the Defendant make reciprocal disclosures within 5 days of the entry of this order. Signed by Judge Irene C. Berger on 8/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 08/10/2015 | 297 | REPLY IN SUPPORT by Donald L. Blankenship to 290 Response In Opposition by United States to 287 Motion for Jury Instructions Regarding the UBB Mine Explosion and to Exclude Evidence Regarding the Explosion. (Brown, Blair) Modified text on 8/13/2015 (cds). |
| 08/12/2015 | 298 | MOTION to Sever Count One from Counts Two and Three as to Donald L. Blankenship. (Delinsky, Eric) |
| 08/13/2015 | 299 | RENEWED MOTION to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards that Mr. Blankenship Allegedly Conspired to Willfully Violate as to Donald L. Blankenship (Clark, Richard) Modified text on 8/18/2015 to conform to filed document (cbo). |
| 08/13/2015 | 300 | MOTION for Early-Return Document Subpoena to MSHA Under Fed. R. Crim. P. 17(c) as to Donald L. Blankenship. (Attachment: # 1 Exhibit 1)(Delinsky, Eric) |
| 08/17/2015 | 303 | REPORT REGARDING RECIPROCAL DISCOVERY by Donald L. Blankenship (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Brown, Blair) |
| 08/18/2015 | 304 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Public Statements Made by Defendant After the UBB Explosion* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Macia, Alexander) |
| 08/18/2015 | 305 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to a 2005 Memorandum Entitled "Running Coal"* (Attachment: # 1 Exhibit A)(Walls, James) |
| 08/18/2015 | 306 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Defendant's Testimony in Past Massey Civil Litigation* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Walls, James) |
| 08/18/2015 | 307 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to the Effect on Massey's Financial Performance and on Investors of Past* |

| | | |
|---|---|---|
| | | *Violations of Federal Mine Safety and Health Standards* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Walls, James) |
| 08/18/2015 | 308 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony or Argument Related to Massey's September 2010 "Letter to Stakeholders"* (Attachment: # 1 Exhibit A) (Walls, James) |
| 08/18/2015 | 309 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to July 2, 2010 SEC Staff Comment Letter and Massey's Response* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Walls, James) |
| 08/18/2015 | 310 | MOTION in Limine as to Donald L. Blankenship *for Preliminary Determination of the Admissibility of Purported Co-Conspirator Statements and Acts Under Fed. R. Evid. 104* (Delinsky, Eric) |
| 08/18/2015 | 311 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Citations Issued at UBB* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Delinsky, Eric) |
| 08/18/2015 | 312 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence About His Compensation and Stock Holdings* (Attachments: # 1 Exhibit A)(Delinsky, Eric) |
| 08/18/2015 | 313 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Massey Subsidiaries Guilty Pleas* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Delinsky, Eric) |
| 08/18/2015 | 314 | MOTION in Limine as to Donald L. Blankenship *to Exclude Rule 404(b) Testimony of David Hughart* (Delinsky, Eric) |
| 08/18/2015 | 315 | MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Regarding Alleged Omission of Material Facts* (Delinsky, Eric) |
| 08/18/2015 | 316 | MOTION in Limine as to Donald L. Blankenship *to Exclude from Trial the Mine Act Prohibition on Advance Notice of Inspections* (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Delinsky, Eric) |
| 08/18/2015 | 317 | MOTION in Limine as to Donald L. Blankenship *to Exclude Argument that Violation Reduction at UBB Demonstrated Authorization of Violations* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Delinsky, Eric) |
| 08/18/2015 | 318 | MOTION in Limine as to Donald L. Blankenship *to Exclude Proposed Opinion Testimony of Tracey L. Stumbo* (Attachment: # 1 Exhibit A)(Delinsky, Eric) |
| 08/18/2015 | 319 | MOTION in Limine as to Donald L. Blankenship *to Exclude Proposed Opinion Testimony of Frank C. Torchio* (Attachments: # 1 Exhibit A)(Delinsky, Eric) |
| 08/18/2015 | 320 | MOTION by United States of America in Limine as to Donald L. Blankenship (Attachments: # 1 Exhibit A - Expert disclosure letter, # 2 Exhibit B)(Ruby, Steven) |
| 08/19/2015 | 321 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 298 MOTION to Sever Count One from Counts Two and Three as to Donald L. Blankenship. (Ruby, Steven) |
| 08/20/2015 | 322 | ORDER as to Donald L. Blankenship : that there be randomly selected by the automated Jury Management System from the Charleston and Huntington Qualified Jury Wheels the names of 300 men and women duly and properly qualified to serve as jurors from the counties that comprise the Charleston and Huntington Divisions; that the Clerk or her designated representative shall issue a summons and a questionnaire with instructions for completion by 8/31/2015 to each of those jurors randomly selected to appear for the trial in this criminal matter; that the 300 jurors randomly selected shall be subject to attend all sessions of this Court for prospective jury service until jury selection in this case is complete, and if selected as a juror to sit for the trial of this case, those said jurors must serve until the conclusion of the trial, |

| | | | |
|---|---|---|---|
| | | | unless excused by the Court. Signed by Judge Irene C. Berger on 8/20/2015. (cc: Judge, USA, counsel, deft) (cds) |
| 08/20/2015 | 323 | | RESPONSE by United States of America as to Donald L. Blankenship to 300 MOTION for Early-Return Document Subpoena to MSHA Under Fed. R. Crim. P. 17(c) as to Donald L. Blankenship. (Ruby, Steven) |
| 08/20/2015 | 324 | | RESPONSE by United States of America as to Donald L. Blankenship to 299 RENEWED MOTION to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards that Mr. Blankenship Allegedly Conspired to Willfully Violate (McVey, R.) |
| 08/21/2015 | 325 | | REPLY by Donald L. Blankenship re: 323 Response to Motion (Delinsky, Eric) |
| 08/25/2015 | 326 | | RESPONSE by United States of America as to Donald L. Blankenship to 314 MOTION in Limine as to Donald L. Blankenship *to Exclude Rule 404(b) Testimony of David Hughart* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (McVey, R.) |
| 08/25/2015 | 327 | | RESPONSE by United States of America as to Donald L. Blankenship to 318 MOTION in Limine as to Donald L. Blankenship *to Exclude Proposed Opinion Testimony of Tracey L. Stumbo* (McVey, R.) |
| 08/25/2015 | 328 | | RESPONSE by United States of America as to Donald L. Blankenship to 319 MOTION in Limine as to Donald L. Blankenship *to Exclude Proposed Opinion Testimony of Frank C. Torchio* (Attachment: # 1 Exhibit A) (McVey, R.) |
| 08/25/2015 | 329 | | RESPONSE IN OPPOSITION by Donald L. Blankenship re: 320 MOTION by United States of America in Limine (Delinsky, Eric) |
| 08/25/2015 | 330 | | RESPONSE by United States of America as to Donald L. Blankenship to 317 MOTION in Limine as to Donald L. Blankenship *to Exclude Argument that Violation Reduction at UBB Demonstrated Authorization of Violations*, 309 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to July 2, 2010 SEC Staff Comment Letter and Massey's Response*, 306 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Defendant's Testimony in Past Massey Civil Litigation*, 307 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to the Effect on Massey's Financial Performance and on Investors of Past Violations of Federal Mine Safety and Health Standards*, 304 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Public Statements Made by Defendant After the UBB Explosion*, 315 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Regarding Alleged Omission of Material Facts*, 308 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony or Argument Related to Massey's September 2010 "Letter to Stakeholders"*, 310 MOTION in Limine as to Donald L. Blankenship *for Preliminary Determination of the Admissibility of Purported Co-Conspirator Statements and Acts Under Fed. R. Evid. 104*, 305 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to a 2005 Memorandum Entitled "Running Coal"*, 312 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence About His Compensation and Stock Holdings*, 316 MOTION in Limine as to Donald L. Blankenship *to Exclude from Trial the Mine Act Prohibition on Advance Notice of Inspections*, 311 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Citations Issued at UBB*, 313 MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Massey Subsidiaries Guilty Pleas* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Ruby, Steven) |
| 08/26/2015 | 331 | | REPLY by Donald L. Blankenship re: 321 Response In Opposition (Delinsky, Eric) |
| 08/27/2015 | 332 | | REPLY by Donald L. Blankenship re: 324 Response to Motion, (Attachments: # 1 Exhibit A, Part 1, # 2 Exhibit A, Part 2, # 3 Exhibit A, Part 3, # 4 Exhibit A, Part 4, # 5 Exhibit A, Part 5, |

| | | # [6] Exhibit B, # [7] Exhibit C, # [8] Exhibit D, # [9] Exhibit E) (Clark, Richard) |
|---|---|---|
| 08/31/2015 | [333] | MOTION for Pretrial Conference as to Donald L. Blankenship. (Taylor, William) |
| 09/01/2015 | [334] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [304] MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Public Statements Made by Defendant After the UBB Explosion* (Walls, James) Modified on 9/2/2015 to add link to #330 Response and conform to filed document (cbo). (Main Document 334 replaced on 9/11/2015 to reflect that the document was stricken from the record) (slr) |
| 09/01/2015 | [335] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [309] MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to July 2, 2010 SEC Staff Comment Letter and Massey's Response* (Walls, James) Modified on 9/2/2015 to add link to #330 Response and conform to filed document (cbo). (Main Document 335 replaced on 9/11/2015 to reflect that the document was stricken from the record) (slr). |
| 09/01/2015 | [336] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [305] MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to a 2005 Memorandum Entitled "Running Coal"* (Walls, James) Modified on 9/2/2015 to include link to #330 Response and conform to filed document (cbo). (Main Document 336 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr). |
| 09/01/2015 | [337] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [306] MOTION in Limine as to Donald L. Blankenship *to Exclude Evidence, Testimony, or Argument Related to Defendant's Testimony in Past Massey Civil Litigation* (Walls, James) Modified on 9/2/2015 to add link to #330 Response and conform to filed document (cbo). (Main Document 337 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr). |
| 09/01/2015 | [338] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [310] MOTION in Limine as to Donald L. Blankenship for Preliminary Determination of the Admissibility of Purported Co-Conspirator Statements and Acts Under Fed. R. Evid. 104 (Delinsky, Eric) (Main Document 338 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr). |
| 09/01/2015 | [339] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [311] MOTION in Limine as to Donald L. Blankenship to Exclude Evidence, Testimony, or Argument Related to Citations Issued at UBB (Delinsky, Eric) (Main Document 339 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr). |
| 09/01/2015 | [340] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [312] MOTION in Limine as to Donald L. Blankenship to Exclude Evidence About His Compensation and Stock Holdings (Delinsky, Eric) (Main Document 340 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr). |
| 09/01/2015 | [341] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [330] Response to [313] MOTION in Limine as to Donald L. Blankenship to Exclude Evidence, Testimony, or Argument Related to Massey Subsidiaries Guilty Pleas (Delinsky, Eric) (Main Document 341 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr). |
| 09/01/2015 | [342] | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER: REPLY by Donald L. Blankenship re: [326] Response to [314] MOTION in Limine as to Donald L. Blankenship to Exclude Rule 404(b) Testimony of David Hughart (Delinsky, Eric) (Main Document 342 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr). |

| 09/01/2015 | 343 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by Donald L. Blankenship re: 330 Response to 315 MOTION in Limine as to Donald L. Blankenship to Exclude Evidence, Testimony, or Argument Regarding Alleged Omission of Material Facts (Delinsky, Eric) (Main Document 343 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr) |
|---|---|---|
| 09/01/2015 | 344 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by Donald L. Blankenship re: 330 Response to 316 MOTION in Limine as to Donald L. Blankenship to Exclude from Trial the Mine Act Prohibition on Advance Notice of Inspections (Delinsky, Eric) (Main Document 344 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr) |
| 09/01/2015 | 345 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by Donald L. Blankenship re: 330 Response to 317 MOTION in Limine as to Donald L. Blankenship to Exclude Argument that Violation Reduction at UBB Demonstrated Authorization of Violations (Delinsky, Eric) (Main Document 345 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr) |
| 09/01/2015 | 346 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by Donald L. Blankenship re: 327 Response to 318 MOTION in Limine as to Donald L. Blankenship to Exclude Proposed Opinion Testimony of Tracey L. Stumbo (Delinsky, Eric) (Main Document 346 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr) |
| 09/01/2015 | 347 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by Donald L. Blankenship re: 328 Response to 319 MOTION in Limine as to Donald L. Blankenship to Exclude Proposed Opinion Testimony of Frank C. Torchio (Attachment: # 1 Exhibit A) (Delinsky, Eric) (Main Document 347 and Exhibit A replaced on 9/11/2015 to reflect that document was stricken from the record) (slr) |
| 09/01/2015 | 348 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by Donald L. Blankenship re: 330 Response to 308 MOTION in Limine as to Donald L. Blankenship to Exclude Evidence, Testimony or Argument Related to Massey's September 2010 "Letter to Stakeholders" (Delinsky, Eric) (Main Document 348 replaced on 9/11/2015 to reflect that the document was stricken from the record) (slr) |
| 09/01/2015 | 349 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by Donald L. Blankenship re: 330 Response to 307 MOTION in Limine as to Donald L. Blankenship to Exclude Evidence, Testimony, or Argument Related to the Effect on Massey's Financial Performance and on Investors of Past Violations of Federal Mine Safety and Health Standards (Delinsky, Eric) (Main Document 349 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr) |
| 09/01/2015 | 350 | STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S 361 ORDER: REPLY by United States of America as to Donald L. Blankenship re: 329 Response In Opposition (Attachment: # 1 Exhibit) (Ruby, Steven) (Main Document 350 and Attachment #1 replaced on 9/11/2015 to reflect that document was stricken from the record) (slr) |
| 09/02/2015 | 351 | JUROR QUESTIONNAIRE (BLANK) as to Donald L. Blankenship (tld) |
| 09/02/2015 | 352 | RENEWED MOTION for Bill of Particulars as to Donald L. Blankenship (Delinsky, Eric) |
| 09/08/2015 | 353 | PROPOSED JURY INSTRUCTIONS by United States of America as to Donald L. Blankenship (Ruby, Steven) |
| 09/08/2015 | 354 | PROPOSED VOIR DIRE by Donald L. Blankenship (Herman, Steven) |
| 09/08/2015 | 355 | PROPOSED VOIR DIRE by United States of America as to Donald L. Blankenship (Ruby, Steven) |
| 09/08/2015 | 356 | RESPONSE by United States of America as to Donald L. Blankenship to 333 MOTION for |

| | | Pretrial Conference as to Donald L. Blankenship. (Ruby, Steven) |
|---|---|---|
| 09/08/2015 | 357 | PROPOSED JURY INSTRUCTIONS by Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Delinsky, Eric) |
| 09/09/2015 | 358 | ORDER: The Court finds that the Defendant's 300 MOTION for Early-Return Document Subpoena to MSHA Under Fed. R. Crim. P. 17(c) satisfies the requirements of Rule 17(c) of the Federal Rules of Criminal Procedure and ORDERS that the 300 Motion be GRANTED; the Court ORDERS the issuance of the subpoena compelling the Mine Safety and Health Administration, 201 12th Street South, Arlington, VA 22202 to produce all documents specifically described herein; the Court ORDERS that, immediately upon their receipt and without their being made a part of the public record, the Clerk of Court deliver said material documents to counsel for the Defendant and the United States Attorney. Signed by Judge Irene C. Berger on 9/9/2015. (cc: Judge, USA, USP, counsel, deft; Mine Safety and Health Administration, 201 12th Street, South, Arlington, VA 22202) (slr) |
| 09/09/2015 | 359 | SUBPOENA ISSUED for Mine Safety and Health Administration, 201 12th Street South, Arlington, VA 22202 as to Donald L. Blankenship. Returnable on 9/15/2015. Subpoena and the Court's 358 Order forwarded to the Mine Safety and Health Administration via Fed-Ex. (slr) |
| 09/09/2015 | 360 | RESPONSE by United States of America as to Donald L. Blankenship to 352 RENEWED MOTION for Bill of Particulars as to Donald L. Blankenship (Ruby, Steven) |
| 09/10/2015 | 361 | ORDER as to Donald L. Blankenship: The Court ORDERS that documents 334 , 335 , 336 , 337 , 338 , 339 , 340 , 341 , 342 , 343 , 344 , 345 , 346 , 347 , 348 , 349 , and 350 be STRICKEN from the record. Signed by Judge Irene C. Berger on 9/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 09/10/2015 | 362 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship: The Court ORDERS that Defendant's 333 MOTION for Pretrial Conference be denied. Signed by Judge Irene C. Berger on 9/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 09/10/2015 | 363 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship: The Court ORDERS that the 298 MOTION to Sever Count One from Counts Two and Three be DENIED. Signed by Judge Irene C. Berger on 9/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 09/10/2015 | 364 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship: The Court ORDERS that Defendant's 299 Renewed MOTION to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards that Mr. Blankenship Allegedly Conspired to Willfully Violate be DENIED. Signed by Judge Irene C. Berger on 9/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 09/10/2015 | 365 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship: The Court ORDERS that the Defendant's 352 Renewed MOTION for Bill of Particulars be DENIED. Signed by Judge Irene C. Berger on 9/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 09/11/2015 | 368 | MOTION for Leave to Re-File Reply Briefs, re: 341 , 348 , and 349 as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Herman, Steven) Modified text on 9/14/2015 to conform to filed document and link to document numbers 341, 348 & 349 (cbo). |
| 09/11/2015 | 369 | EMERGENCY MOTION to Reschedule the Trial Date as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Delinsky, Eric) |
| 09/15/2015 | 372 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 369 EMERGENCY MOTION to Reschedule the Trial Date as to Donald L. Blankenship (Attachment: # 1 Exhibit) (Wohl, Gabriele) |

| 09/16/2015 | 373 | ORDER as to Donald L. Blankenship (1): denying Defendant's 289 MOTION for Permission to Travel to North Carolina. Signed by Magistrate Judge R. Clarke VanDervort on 9/16/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| --- | --- | --- |
| 09/16/2015 | 375 | REPLY by Donald L. Blankenship re: 372 Response In Opposition (Delinsky, Eric) |
| 09/17/2015 | 376 | NOTICE *of Supplemental Authority* as to Donald L. Blankenship in Support of 369 EMERGENCY MOTION to Reschedule the Trial Date (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Delinsky, Eric) |
| 09/17/2015 | 377 | MOTION to Compel MSHA to Comply with Subpoena Duces Tecum as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Walls, James) |
| 09/17/2015 | 378 | ORDER as to Donald L. Blankenship (1): terminating as moot 109 Defense Motion No. 18, Motion for Access to the Government's Grand Jury Instructions. Signed by Judge Irene C. Berger on 9/17/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 09/23/2015 | 380 | NOTICE OF ATTORNEY APPEARANCE: Alexander Macia APPEARING FOR Donald L. Blankenship (Macia, Alexander) |
| 09/23/2015 | 381 | NOTICE OF CERTIFICATION FOR USE OF COURTROOM TECHNOLOGY on October 1, 2015 at 9:00 a.m, Robert C. Byrd United States Courthouse, 300 Virginia Street, East, Charleston, WV 25301, Courtroom 5000 as to Donald L. Blankenship (Herman, Steven) |
| 09/23/2015 | 382 | NOTICE OF CERTIFICATION FOR USE OF COURTROOM TECHNOLOGY on October 1, 2015 at 9:00 a.m Judge Berger's Courtroom, 300 Virginia Street, East, Charleston, West Virginia as to Donald L. Blankenship (Ruby, Steven) |
| 09/23/2015 | 383 | MOTION FOR LEAVE TO FILE UNDER SEAL (Attachments: # 1 Proposed Order, # 2 Proposed Document) (cds) |
| 09/24/2015 | 384 | RENEWED MOTION to Transfer to Another District for Trial as to Donald L. Blankenship (Attachments: # 1 Exhibits A-I, # 2 Exhibit J, # 3 Exhibit 1 to Ex. J, # 4 Exhibit 2 to Ex. J, # 5 Exhibit 3 to Ex. J, # 6 Exhibit 4 to Ex. J)(Brown, Blair) |
| 09/24/2015 | 385 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying 369 Emergency Motion to Reschedule Trial Date. Signed by Judge Irene C. Berger on 9/24/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 09/24/2015 | 386 | MOTION FOR LEAVE TO FILE UNDER SEAL as to Donald L. Blankenship (Attachments: # 1 Proposed Order, # 2 Proposed Document) (cds) |
| 09/24/2015 | 387 | RECEIVED from Counsel for Defendant a Hard Drive containing Exhibits A-I to 384 Renewed Motion to Transfer to Another District for Trial. (Attachments: # 1 Picture of Hard Drive) (cds) |
| 09/24/2015 | 388 | RESPONSE by United States of America as to Donald L. Blankenship to 377 MOTION to Compel MSHA to Comply with Subpoena Duces Tecum as to Donald L. Blankenship (Westfall, Fred) |
| 09/25/2015 | 389 | MOTION FOR LEAVE TO FILE UNDER SEAL. (Attachments: # 1 Memorandum in Support of Motion for Leave to File Under Seal, # 2 Motion for Leave to File Supplement, # 3 Supplement) (cds) |
| 09/25/2015 | 390 | LETTER to Teresa L. Deppner, Clerk, from Alexander Macia, dated 9/25/2015, requesting missing questionnaires for 4 potential jurors and the information for the 117 jurors for which no information was received. (REDACTED to omit names of jurors.) (knb) (Additional attachment(s) added on 9/25/2015: # 1 UNREDACTED LETTER-SEALED) (knb) |
| 09/29/2015 | 391 | REQUEST for Order Granting Permission to Bring Technological Equipment Into the Courthouse as to Donald L. Blankenship. (Attachment: # 1 Exhibit A)(Herman, Steven) |

| 09/29/2015 | 392 | RESPONSE by United States of America as to Donald L. Blankenship to 391 REQUEST for Order Granting Permission to Bring Technological Equipment Into the Courthouse as to Donald L. Blankenship. (Ruby, Steven) |
| 09/30/2015 | 393 | SEALED DOCUMENT. (cds) |
| 09/30/2015 | 394 | RESPONSE by United States of America as to Donald L. Blankenship to 384 RENEWED MOTION to Transfer to Another District for Trial as to Donald L. Blankenship (Goodwin, R.) Modified text on 10/1/2015 (cbo). |
| 09/30/2015 | 395 | MOTION by the Charleston Gazette-Mail and West Virginia Public Broadcasting, Inc's Motion To Intervene for the Purpose of Responding In Opposition to Defendant's Request for In Camera Voir Dire Questioning of Potential Jurors and Motion for Contemporaneous Public Access to All Exhibits Admitted At Trial and Fully Published to the Jury as to Donald L. Blankenship. (cds) |
| 09/30/2015 | 396 | MOTION for Relief from Late Discovery as to Donald L. Blankenship. (Walls, James) |
| 10/01/2015 | 397 | LETTER to Dana L. Ferguson, U. S. Department of Labor, Office of the Solicitor, Mine Safety and Health Division, from R. Goodwin II, U. S. Attorney dated 9/24/2015, re: Appointment of Ms. Ferguson as a Special Assistant United States Attorney for the Southern District of West Virginia, to assist the Office with U. S. v. Donald Blankenship. (slr) |
| 10/01/2015 | 398 | LETTER to Jacob M. Hargraves, U. S. Department of Labor, Office of the Solicitor, Mine Safety and Health Division, from R. Booth Goodwin II, U. S. Attorney dated 9/24/2015, re: Appointment of Mr. Hargraves as a Special Assistant United States Attorney for the Southern District of West Virginia, to assist the office with U. S. v. Donald Blankenship. (slr) |
| 10/01/2015 | 399 | Fed. R. Evid 803(8) & 704 and Confrontation Clause Objections to Admission of MSHA Citations as to Donald L. Blankenship. (Delinsky, Eric) Modified filing event and document title on 10/2/2015 to conform to filed document (cbo). |
| 10/01/2015 | 401 | Voir Dire / Jury Selection Day 1 held by Judge Irene Berger on 10/1/2015 as to Donald L. Blankenship; Court Reporters: Lisa Cook & Mary Schweinhagen (kkt) (Entered: 10/02/2015) |
| 10/01/2015 | 404 | LETTER to Judge Berger, from Charleston Gazette-Mail, dated 10/1/2015, re: requesting that a pool reporter be designated to be in the room where jury selection is taking place. (skh) (Entered: 10/02/2015) |
| 10/02/2015 | 402 | TRANSCRIPT OF VOIR DIRE as to Donald L. Blankenship held on October 1, 2015, before Judge Irene C. Berger. Court Reporter Lisa Cook and Mary Schweinhagen. (lac) (Modified docket text to add court reporter's name on 10/2/2015) (klc). Modified document security on 10/2/2015 (cbo). |
| 10/02/2015 | 403 | REPLY by Donald L. Blankenship re: 395 MOTION To Intervene for the Purpose of Responding In Opposition to Defendant's Request for In Camera Voir Dire Questioning of Potential Jurors as to Donald L. Blankenship. (Brown, Blair) |
| 10/02/2015 | 405 | SEALED ORDER as to Donald L. Blankenship; directing that the Transcript of Voir Dire 402 be filed under seal. Signed by Judge Irene C. Berger on 10/2/2015. (cc: Judge,) (tmr) |
| 10/02/2015 | 406 | Voir Dire /Jury Selection Day 2 held by Judge Irene Berger on 10/2/2015 as to Donald L. Blankenship; Court Reporters: Lisa Cook & Mary Schweinhagen (kkt) |
| 10/04/2015 | 407 | MOTION for Limitation on Government Opening Concerning William Ross as to Donald L. Blankenship. (Delinsky, Eric) |
| 10/04/2015 | 408 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 407 MOTION for Limitation on Government Opening Concerning William Ross as to Donald L. Blankenship. (Attachment: # 1 Exhibit A) (Goodwin, R.) |
| 10/04/2015 | 409 | MOTION to Seal Motion as to Donald L. Blankenship (Attachments: # 1 Proposed Order, # 2 Motion, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3) (Brown, Blair) |

| | | |
|---|---|---|
| 10/05/2015 | 410 | RESPONSE by United States of America as to Donald L. Blankenship to 396 MOTION for Relief from Late Discovery as to Donald L. Blankenship. (Ruby, Steven) |
| 10/05/2015 | 411 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 399 Fed. R. Evid 803(8) & 704 and Confrontation Clause Objections to Admission of MSHA Citations as to Donald L. Blankenship. (Wohl, Gabriele) |
| 10/05/2015 | 412 | Voir Dire / Jury Selection Day 3 held by Judge Irene Berger on 10/5/2015 as to Donald L. Blankenship; Court Reporters: Lisa Cook & Mary Schweinhagen (kkt) |
| 10/06/2015 | 414 | REPLY by Donald L. Blankenship re: 411 Response In Opposition (Delinsky, Eric) |
| 10/06/2015 | 415 | MOTION for Leave To File Under Seal (Attachment: # 1 Proposed Document) (cds) |
| 10/06/2015 | 416 | SEALED ORDER as to Donald L. Blankenship; granting 409 MOTION to Seal Motion as to Donald L. Blankenship. Signed by Judge Irene C. Berger on 10/5/2015. (cc: Judge, USA, counsel, deft) (skh) |
| 10/06/2015 | 418 | Voir Dire / Jury Selection Day 4 held by Irene Berger on 10/6/2015 as to Donald L. Blankenship; Court Reporters: Lisa Cook & Mary Schweinhagen (kkt) (Modified on 11/6/2015 to correct filed date) (rea). (Entered: 10/07/2015) |
| 10/06/2015 | 423 | SEALED MOTION as to Donald L. Blankenship, filed pursuant to 416 Sealed Order. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (cbo) (Entered: 10/08/2015) |
| 10/07/2015 | 419 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): denying Defendant's 384 RENEWED MOTION to Transfer to Another District for Trial. Signed by Judge Irene C. Berger on 10/7/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 10/07/2015 | 420 | Voir Dire / Jury Selection Day 5 held by Judge Irene Berger on 10/7/2015 as to Donald L. Blankenship; Court Reporters: Lisa Cook & Mary Schweinhagen (kkt) |
| 10/07/2015 | 422 | JURY TRIAL DAY 1 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/7/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/08/2015 | 424 | JURY TRIAL DAY 2 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/8/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) Modified text on 10/15/2015 (cbo). |
| 10/08/2015 | 425 | MOTION by United States of America to Exclude Argument and Evidence Relating to Massey's Disagreement with the Regulation Prohibiting Use of Belt Air as to Donald L. Blankenship (Wohl, Gabriele) Modified text on 10/9/2015 to conform to filed document (cbo). |
| 10/09/2015 | 426 | NOTICE *of Availability of Admitted Defense Exhibits* as to Donald L. Blankenship (Herman, Steven) (Main Document replaced on 10/9/2015 with corrected image) (cbo). |
| 10/09/2015 | 427 | ORDER: The Court ORDERS that the 395 MOTION to Intervene for the Purpose of Responding in Opposition to Defendant's Request for In Camera Voir Dire Questioning of Potential Jurors and Motion for Contemporaneous Public Access to all Exhibits Admitted at Trial and Fully Published to the Jury filed by The Charleston Gazette-Mail and West Virginia Public Broadcasting, Inc., as to Donald L. Blankenship (1), be DENIED. Signed by Judge Irene C. Berger on 10/9/2015. (cc: Judge, USA, USP, USM, counsel, Sean P. McGinley) (slr) |
| 10/09/2015 | | NOTICE OF DOCKET CORRECTION re: 426 NOTICE *of Availability of Admitted Defense Exhibits* as to Donald L. Blankenship. ERROR: Original document contained an error on the heading. CORRECTION: Incorrect image removed and replaced with corrected image. (cbo) |
| 10/09/2015 | 428 | ORDER as to Donald L. Blankenship; directing that the Judges List used in this matter for voir dire and the jury selection process be filed UNDER SEAL. Signed by Judge Irene C. Berger on 10/9/2015. (cc: Judge, USA, counsel, deft) (tmr) |
| 10/09/2015 | 430 | JURY TRIAL DAY 3 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/9/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |

| | | |
|---|---|---|
| 10/12/2015 | 432 | UNOPPOSED MOTION for Access to Relevant Portions of David Hughart's Presentence Report and to Sealed Portion of His Plea Hearing as to Donald L. Blankenship. (Attachment: # 1 Exhibit 1)(Brown, Blair) |
| 10/13/2015 | 435 | LETTER to Judge Berger, from the Charleston Gazette dated 10/13/2015, re: Media access to proceedings and documents. (Attachment: # 1 Envelope) (tmr) |
| 10/13/2015 | 436 | LETTER to Judge Berger, from Charleston Gazette dated 9/8/2015, re: Access to certain documents, all exhibits and coverage of trial. (Attachment: # 1 Envelope) (tmr) |
| 10/13/2015 | 437 | JURY TRIAL DAY 4 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/13/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) Modified text on 10/15/2015 (cbo) |
| 10/14/2015 | 438 | RESPONSE by Donald L. Blankenship IN OPPOSITION to 425 MOTION by United States of America to Exclude Argument and Evidence Relating to Massey's Disagreement with the Regulation Prohibiting Use of Belt Air (Attachments: # 1 Exhibit A) (Clark, Richard) Modified text on 10/14/2015 (cds). |
| 10/14/2015 | | NOTICE OF DOCKET CORRECTION re: 438 RESPONSE by Donald L. Blankenship. ERROR: Incorrect event used. CORRECTION: Corrected event and modified docket entry text. (cds) |
| 10/14/2015 | 439 | JURY TRIAL DAY 5 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/14/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/14/2015 | 441 | ORDER as to Donald L. Blankenship: Defendant Donald L. Blankenship's request for permission for his trial tech, Joe Simons, to bring technological equipment into the Courthouse is GRANTED; it is ORDERED that Mr. Simons may bring the equipment listed herein into the Courthouse for use during the trial; the dates for which such authorization is provided are 10/15/2015 until completion of trial; the individual identified in this Order must present a copy of this Order when entering the Courthouse. Signed by Judge Irene C. Berger on 10/14/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) Modified on 10/15/2015 to correct filing date (cds). (Entered: 10/15/2015) |
| 10/15/2015 | 440 | MOTION to Exclude Selective Excerpts of Unauthenticated Audiotapes or, in the Alternative, for Completeness Under Fed. R. Evid. 106 as to Donald L. Blankenship. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Clark, Richard) |
| 10/15/2015 | 442 | REPLY by United States of America as to Donald L. Blankenship re: 438 Response In Opposition, (Wohl, Gabriele) |
| 10/15/2015 | 443 | JURY TRIAL Day 6 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/15/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/16/2015 | 444 | ORDER: The Court ORDERS that the 396 MOTION for Relief from Late Discovery as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 10/16/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 10/16/2015 | 445 | JURY TRIAL DAY 7 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/16/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/19/2015 | 446 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 440 MOTION to Exclude Selective Excerpts of Unauthenticated Audiotapes or, in the Alternative, for Completeness Under Fed. R. Evid. 106 as to Donald L. Blankenship. (Wohl, Gabriele) |
| 10/19/2015 | 447 | JURY TRIAL DAY 8 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/19/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/20/2015 | 448 | JURY TRIAL DAY 9 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/20/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Modified on 11/6/2015 to correct filed date) (rea). (Entered: 10/21/2015) |

| 10/21/2015 | 451 | JURY TRIAL DAY 10 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/21/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Entered: 10/22/2015) |
| 10/22/2015 | 454 | JURY TRIAL DAY 11 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/22/2015; Court Reporter: Mary Schweinhagen. (kkt) (Modified on 11/6/2015 to correct court reporter information) (rea). (Entered: 10/23/2015) |
| 10/23/2015 | 455 | ORDER as to Donald L. Blankenship granting the Motion of the United States to disclose grand jury materials to counsel for the defendant; directing that the motion be sealed. Signed by Judge Irene C. Berger on 10/23/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 10/23/2015 | 456 | ORDER as to Donald L. Blankenship : that the Clerk certify and pay to each juror serving in this matter an attendance fee of fifty dollars ($50) per day for each day over ten (10) days. Signed by Judge Irene C. Berger on 10/23/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 10/23/2015 | 459 | JURY TRIAL DAY 12 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/23/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Main Document replaced on 10/26/2015 to correct typographical error in total court time per kkt.) (knb) |
| 10/26/2015 | | NOTICE OF DOCKET CORRECTION re: 459 JURY TRIAL DAY 12. ERROR: Original document contained an error in the amount of total court time. CORRECTION: Incorrect image removed and replaced with corrected image. (knb) |
| 10/26/2015 | 463 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): granting United States' 425 MOTION to Exclude Argument and Evidence Relating to Massey's Disagreement with the Regulation Prohibiting Use of Belt Air. Signed by Judge Irene C. Berger on 10/26/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 10/26/2015 | 465 | JURY TRIAL DAY 13 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/26/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Entered: 10/27/2015) |
| 10/27/2015 | 466 | JURY TRIAL DAY 14 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/27/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/28/2015 | 468 | JURY TRIAL DAY 15 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/28/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/29/2015 | 469 | JURY TRIAL DAY 16 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/29/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 10/30/2015 | 470 | JURY TRIAL DAY 17 as to Donald L. Blankenship held by Judge Irene C. Berger on 10/30/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Entered: 11/01/2015) |
| 11/01/2015 | 471 | MOTION by United States of America to Exclude Edited Video of Hazard Elimination Program Meeting as to Donald L. Blankenship (Wohl, Gabriele) |
| 11/01/2015 | 472 | AMENDED AND RESTATED RESPONSE TO DEFENDANT'S ORAL MOTION FOR RE-CROSS EXAMINATION OF CHRISTOPHER BLANCHARD by United States of America as to Donald L. Blankenship (Attachment: # 1 Exhibit A) (Goodwin, R.) Modified text on 11/2/2015 to conform to filed document (cbo). |
| 11/02/2015 | 473 | RESPONSE IN OPPOSITION by Donald L. Blankenship re: 471 MOTION by United States of America to Exclude Edited Video of Hazard Elimination Program Meeting as to Donald L. Blankenship (Herman, Steven) |
| 11/02/2015 | 474 | MOTION to Strike Government Exhibit 83, to Exclude any Similar Evidence, and for a Curative Instruction as to Donald L. Blankenship. (Delinsky, Eric) |
| 11/03/2015 | 475 | ORDER as to Donald L. Blankenship: that Document [472-1] be placed Under Seal. Signed by Judge Irene C. Berger on 11/3/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 11/03/2015 | 476 | LETTER-FORM MOTION To Conduct Re-Cross Examination of Mr. Blanchard as to Donald |

| | | L. Blankenship. (cds) |
|---|---|---|
| 11/03/2015 | 477 | JURY TRIAL DAY 18 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/3/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 11/04/2015 | 478 | JURY TRIAL DAY 19 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/4/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Entered: 11/05/2015) |
| 11/05/2015 | 479 | JURY TRIAL DAY 20 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/5/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Entered: 11/06/2015) |
| 11/06/2015 | 480 | MOTION to Reconsider as to Defense Exhibits 410 and 410A as to Donald L. Blankenship. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Delinsky, Eric) |
| 11/06/2015 | 481 | MOTION to Compel Compliance with Subpoena, for Production of Brady, Rule 16, and Jencks Material, and MOION for Evidentiary Hearing as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brown, Blair) Modified on 11/9/2015 to add additional motion relief (cbo) |
| 11/06/2015 | 482 | JURY TRIAL DAY 21 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/6/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 11/09/2015 | 483 | LETTER to The Honorable Irene C. Berger, from Brad McElhinny and Rob Byers, Co-Editors, Charleston Gazette-Mail dated 11/6/2015, Re: Bench Conferences and Jury Selection. (slr) |
| 11/09/2015 | 484 | PROPOSED INSTRUCTION in Response to Juror Note by Donald L. Blankenship; refused by Court and marked as Court's Exhibit #2. (Attachment: # 1 Note to File Main Document) (slr) |
| 11/09/2015 | 485 | RESPONSE by United States of America as to Donald L. Blankenship to 480 MOTION to Reconsider as to Defense Exhibits 410 and 410A as to Donald L. Blankenship. (Wohl, Gabriele) |
| 11/09/2015 | 486 | PROFFER as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Taylor, William) |
| 11/09/2015 | 487 | RESPONSE by United States of America as to Donald L. Blankenship to 474 MOTION to Strike Government Exhibit 83, to Exclude any Similar Evidence, and for a Curative Instruction as to Donald L. Blankenship. (Wohl, Gabriele) |
| 11/09/2015 | 490 | JURY TRIAL DAY 22 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/09/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Modified on 11/17/2015 to correct filed date) (rea). (Entered: 11/10/2015) |
| 11/10/2015 | 488 | ORDER: The Court ORDERS that the 480 MOTION to Reconsider as to Defense Exhibits 410 and 410A by Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 11/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 11/10/2015 | 489 | ORDER: The Court ORDERS that the 474 MOTION to Strike Government Exhibit 83, to Exclude any Similar Evidence, and for a Curative Instruction as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 11/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 11/10/2015 | 491 | JURY TRIAL DAY 23 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/10/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |
| 11/10/2015 | 492 | NOTICE of Intent to Introduce Audio Recordings as to Donald L. Blankenship (Attachments: # 1 Exhibit A) (Delinsky, Eric) |
| 11/12/2015 | 493 | JURY TRIAL DAY 24 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/12/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Entered: 11/13/2015) |
| 11/13/2015 | 494 | JURY TRIAL DAY 25 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/13/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) |

| 11/15/2015 | 495 | MEMORANDUM IN OPPOSITION by United States of America as to Donald L. Blankenship re: 492 Notice of Intent to Introduce Audio Recordings (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Wohl, Gabriele) |
|---|---|---|
| 11/15/2015 | 496 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 481 MOTION to Compel Compliance with Subpoena, for Production of Brady, Rule 16, and Jencks Material as to Donald L. Blankenship and Motion for Evidentiary Hearing as to Donald L. Blankenship (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Wohl, Gabriele) |
| 11/15/2015 | 497 | NOTICE *of Service of Rule 29 Motion for Judgment of Acquittal on All Counts* as to Donald L. Blankenship (Attachment: # 1 Rule 29 Motion) (Brown, Blair) |
| 11/16/2015 | 498 | ADDITIONAL PROPOSED JURY INSTRUCTIONS by Donald L. Blankenship (Attachment: # 1 Supplement)(Delinsky, Eric) |
| 11/16/2015 | 499 | PROPOSED JURY VERDICT as to Donald L. Blankenship (Brown, Blair) Modified filing event and text on 11/17/2015 to conform to filed document (cbo). |
| 11/16/2015 | 500 | MEMORANDUM IN SUPPORT of Defendant's Request for a General Verdict on Count One as to Donald L. Blankenship (Brown, Blair) |
| 11/16/2015 | 502 | JURY TRIAL DAY 26 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/16/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Modified on 12/4/2015 to correct filed date) (rea). (Entered: 11/17/2015) |
| 11/17/2015 | 501 | PROPOSED JURY VERDICT by United States of America as to United States of America, Donald L. Blankenship (McVey, R.) |
| 11/17/2015 | 503 | RULE 29 MOTION for Judgment of Acquittal on All Counts by Donald L. Blankenship. (slr) |
| 11/17/2015 | 504 | JURY TRIAL DAY 27 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/17/2015; Court Reporter: Lisa Cook & Mary Schweinhagen. (kkt) (Entered: 11/18/2015) |
| 11/18/2015 | 505 | LETTER to Eric R. Delinsky, Esq., from Steven R. Ruby, AUSA dated 1/29/2015, re: Filed for Purposes of Preserving the Defendant's Objection re: tape recording authenticity. (cds) |
| 11/18/2015 | 506 | JURY TRIAL DAY 28 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/18/2015; Court Reporter: Lisa Cook. (kkt) (Entered: 11/19/2015) |
| 11/19/2015 | 507 | EMERGENCY MOTION for Jury Instruction as to Donald L. Blankenship. (Delinsky, Eric) |
| 11/19/2015 | 508 | JURY TRIAL DAY 29 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/19/2015; Court Reporter: Mary Schweinhagen. (kkt) (Modified on 12/4/2015 to correct court reporter information) (rea). |
| 11/20/2015 | 509 | ORDER as to Donald L. Blankenship (1): denying Defendant's 507 Emergency Motion for Jury Instruction. Signed by Judge Irene C. Berger on 11/20/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 11/20/2015 | 510 | GOVERNMENT'S EXHIBITS FROM JURY TRIAL as to Donald L. Blankenship - NOT ADMITTED: (Attachments: # 1 Government Exhibit 109A, # 2 Government Exhibit 110A, # 3 Government Exhibit 111A, # 4 Government Exhibit 112, # 5 Government Exhibit 112A, # 6 Government Exhibit 113A, # 7 Government Exhibit 114A, # 8 Government Exhibit 115A, # 9 Government Exhibit 116A, # 10 Government Exhibit 117A, # 11 Government Exhibit 118, # 12 Government Exhibit 118A, # 13 Government Exhibit 119, # 14 Government Exhibit 119A, # 15 Government Exhibit 120A, # 16 Government Exhibit 121A, # 17 Government Exhibit 129A, # 18 Government Exhibit 122A, # 19 Government Exhibit 123A, # 20 Government Exhibit 124A, # 21 Government Exhibit 125A, # 22 Government Exhibit 126A, # 23 Government Exhibit 127A, # 24 Government Exhibit 128A, # 25 Government Exhibit 136, # 26 Government Exhibit 350, # 27 Government Exhibit 392, # 28 Government Exhibit 500, # 29 Government Exhibit 200, # 30 Government Exhibit 201, # 31 Government Exhibit 202, # 32 Government Exhibit 203, # 33 Government Exhibit 205, # 34 Government Exhibit 204, # 35 |

|  |  | Government Exhibit 206, # 36 Government Exhibit 207, # 37 Government Exhibit 459, # 38 Government Exhibit 460, # 39 Government Exhibit 461, # 40 Government Exhibit 461A) (slr) |
|---|---|---|
| 11/20/2015 | 511 | MOTION by The Associated Press to Intervene for the Purpose Moving the Court to Direct the Clerk to Provide Public Access to the Names of Jurors Seated at the Trial of this Case. (slr) |
| 11/20/2015 | 512 | LETTER to Judge Berger, from Ken Ward, Jr., Gazette-Mail dated 11/20/2015, re: Closed Proceedings. (cds) |
| 11/20/2015 | 513 | JURY TRIAL DAY 30 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/20/2015; Court Reporter: Mary Schweinhagen. (kkt) (Modified on 12/4/2015 to correct court reporter information) (rea). |
| 11/20/2015 | 514 | DEFENDANT'S EXHIBITS FROM JURY TRIAL as to Donald L. Blankenship - NOT ADMITTED: (Attachments: # 1 Defendant Exhibit 2, # 2 Defendant Exhibit 28, # 3 Defendant Exhibit 23, # 4 Defendant Exhibit 24, # 5 Defendant Exhibit 34, # 6 Defendant Exhibit 35, # 7 Defendant Exhibit 46, # 8 Defendant Exhibit 47, # 9 Defendant Exhibit 40, # 10 Defendant Exhibit 55, # 11 Defendant Exhibit 356, # 12 Defendant Exhibit 237, # 13 Defendant Exhibit 117, # 14 Defendant Exhibit 145, # 15 Defendant Exhibit 205, # 16 Defendant Exhibit 206, # 17 Defendant Exhibit 209, # 18 Defendant Exhibit 410, # 19 Defendant Exhibit 243, # 20 Defendant Exhibit 242, # 21 Defendant Exhibit 244, # 22 Defendant Exhibit 258, # 23 Defendant Exhibit 438, # 24 Defendant Exhibit 458, # 25 Defendant Exhibit 409, # 26 Defendant Exhibit 410A, # 27 Defendant Exhibit 538, # 28 Defendant Exhibit 488, # 29 Defendant Exhibit 559, # 30 Defendant Exhibit 556, # 31 Defendant Exhibit 515, # 32 Defendant Exhibit 477, # 33 Defendant Exhibit 519, # 34 Defendant Exhibit 576, # 35 Defendant Exhibit 399, # 36 Defendant Exhibit 399A, # 37 Defendant Exhibit 403, # 38 Defendant Exhibit 494, # 39 Defendant Exhibit 558, # 40 Defendant Exhibit 498, # 41 Defendant Exhibit 572C, # 42 Defendant Exhibit 572A, # 43 Defendant Exhibit 572B, # 44 Defendant Exhibit 500, # 45 Defendant Exhibit 495, # 46 Defendant Exhibit 560, # 47 Defendant Exhibit 631, # 48 Defendant Exhibit 581 (Pages 1-65), # 49 Defendant Exhibit 581 (Pages 66-129), # 50 Defendant Exhibit 582, # 51 Defendant Exhibit 568, # 52 Defendant Exhibit 664, # 53 Defendant Exhibit 665, # 54 Defendant Exhibit 666) (cds) (Entered: 11/23/2015) |
| 11/23/2015 | 515 | JURY TRIAL DAY 31 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/23/2015; Court Reporter: Lisa Cook. (kkt) |
| 11/24/2015 | 516 | JURY TRIAL DAY 32 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/24/2015; Court Reporter: Lisa Cook. (kkt) |
| 11/30/2015 | 517 | LETTER to Judge Berger, from Joel Ebert, Charleston Gazette-Mail dated 11/24/2015, re: Closed Proceedings. (cds) |
| 11/30/2015 | 518 | JURY TRIAL DAY 33 as to Donald L. Blankenship held by Judge Irene C. Berger on 11/30/2015; Court Reporter: Lisa Cook. (kkt) |
| 12/01/2015 | 519 | JURY TRIAL DAY 34 as to Donald L. Blankenship held by Judge Irene C. Berger on 12/1/2015; Court Reporter: Lisa Cook. (kkt) (Entered: 12/02/2015) |
| 12/02/2015 | 520 | MOTION by United States of America for Additional Allen Charge Before Considering Mistrial as to Donald L. Blankenship. (Attachment: # 1 Exhibit)(Ruby, Steven) |
| 12/02/2015 | 521 | JURY TRIAL DAY 35 as to Donald L. Blankenship held by Judge Irene C. Berger on 12/2/2015; Court Reporter: Lisa Cook. (kkt) |
| 12/02/2015 | 522 | ALLEN CHARGE as to Donald L. Blankenship. (cds) |
| 12/02/2015 | 523 | 5.01. Allen Charge submitted by United States of America. (cds) |
| 12/02/2015 | 524 | Defendant's Proposed Instruction Regarding Juror Disagreement. (cds) |
| 12/02/2015 | 525 | DEFENDANT'S PROPOSED INSTRUCTION Regarding Communication With The Court. (cds) |

| 12/02/2015 | 526 | DEFENDANT'S PROPOSED INSTRUCTION NO. 94 JURY DEADLOCK. (cds) |
|---|---|---|
| 12/03/2015 | 528 | RESPONSE IN OPPOSITION by Donald L. Blankenship re: 520 MOTION by United States of America Additional Allen Charge Before Considering Mistrial as to Donald L. Blankenship. (Brown, Blair) |
| 12/03/2015 | 529 | JURY VERDICT as to Donald L. Blankenship (1): Guilty on Count 1. Not Guilty on Counts 2-3. (cds) |
| 12/03/2015 | 530 | JURY VERDICT - UNREDACTED Copy for Court Users Only. (cds) |
| 12/03/2015 | 531 | EXHIBIT LIST by United States of America as to Donald L. Blankenship. (cds) (Additional attachment added on 12/9/2015: United States Exhibits # 1 1, 3-5, 8, 10-14, # 2 15, 16, 19, 21, 23-27, 31-35, 42-1, # 3 42A, 42B, # 4 42C, # 5 42D, # 6 42F, 42G, # 7 42K, 42O, # 8 42R, 42S, # 9 42T, 42U, # 10 42V, # 11 42W, 42X, # 12 43, 57-69, # 13 70-80, # 14 81-84, # 15 85-94, # 16 95-97, # 17 98-104, # 18 106-111, 113-117, 120-124, # 19 125-129, 131-133, # 20 134, 144, 145, # 21 147, # 22 148, 148A, # 23 149, 149A, 150, 150A, 152-159, # 24 160-169, # 25 170-177, # 26 179-part 1, # 27 179-part 2, # 28 180, 181, 183-185, 187, 188, # 29 189, 191, 195, 197, # 30 199, 209, 210, # 31 211-214, 216, # 32 218, 223, 224, # 33 225-part 1, # 34 225-part 2, # 35 226, # 36 227, 230, # 37 244-part 1, # 38 244-part 2, # 39 244-part 3, # 40 244-part 4, # 41 246, 248, # 42 250, # 43 252, # 44 254, # 45 256, # 46 260-part 1, # 48 260-part 2, # 49 260-part 3, # 50 260-part 4, # 51 262-part 1, # 52 262-part 2, # 53 262-part 3, # 54 264-266, # 55 267, 268, 272, # 56 273-275, # 57 276, 277, # 58 285-part 1, # 59 285-part 2, # 60 286, # 61 289, 290, # 62 304-part 1, # 63 304-part 2, # 64 305-part 1, # 65 305-part 2, # 66 305-part 3, # 67 305-part 4, # 68 305-part 5, # 69 306, # 70 307-part 1, # 71 307-part 2, # 72 308, # 73 309-part 1, # 74 309-part 2, # 75 309-part 3, # 76 309-part 4, # 77 309-part 5, # 78 309-part 6, # 79 309-part 7, # 80 310, 311, # 81 312-part 1, # 82 312-part 2, # 83 313, 314, # 84 315, 315A, # 85 316-part 1, # 86 316-part 2, # 87 317, # 88 318-part 1, # 89 318-part 2, # 90 319, 320, 324, 325, 328, 329, 331, # 91 339, 344-349, # 92 350A, 351-354, # 93 355-360, 362, # 94 363, 365-370, # 95 376-378, 381-385, # 96 386-388, 390, 394, 444, # 97 445, # 98 446, 448, 455, 459A, 460A, 461B, 500A) (klc) |
| 12/03/2015 | 532 | EXHIBIT LIST by Donald L. Blankenship. (cds) |
| 12/03/2015 | 533 | EXHIBIT LIST by Court. (cds) |
| 12/03/2015 | 534 | WITNESS LIST by United States of America as to Donald L. Blankenship. (cds) |
| 12/03/2015 | 535 | JURY TRIAL DAY 36 (FINAL DAY) as to Donald L. Blankenship held by Judge Irene C. Berger on 12/3/2015; Court Reporter: Lisa Cook. (kkt) |
| 12/04/2015 | 536 | DEFENDANT'S EXHIBIT LIST - Amended - by Donald L. Blankenship (slr) (Additional attachments added on 12/9/2015: Defendants Exhibits # 1 1, 3-7, # 2 8-11, # 3 12-17, # 4 18-22, # 5 25-27, 28A, # 6 29-part 1, # 7 29-part 2, # 8 29-part 3, # 9 29-part 4, # 10 29-part 5, # 11 29-part 6, # 12 29-part 7, # 13 29-part 8, # 14 30, 36, 38, 39, 41-44, 49, # 15 50, 52, 54, 56, 60-63, 75, 76, # 16 77-81, # 17 82-part 1, # 18 82-part 2, # 19 82-part 3, # 20 82-part 4, # 21 82-part 5, # 22 82-part 6, # 23 82-part 7, # 24 82-part 8, # 25 82-part 9, # 26 93, 105, 117A, 118-122, # 27 123-128, # 28 131-140, # 29 141-144, 146, 148-150, # 30 151, 152, 158, 159, # 31 160-162, 164, 166, 168-171, # 32 172-181, # 33 182-189, # 34 190, 190A, 190B, 190C, # 35 191-194, # 36 195-200, # 37 201-204, 207, 208, 210-212, # 38 213-220, # 39 221-226, # 40 227, 229, 230, 236, 237A, 238-240, # 41 244A, 246, 248, 249, 251, 252, 257, 259, 261, 266, 268, # 42 284, 300-304, 312, 313, # 43 317-323, # 44 324-part 1, # 45 324-part 2, # 46 328, 330-334, # 47 335-336, # 48 338, 339, 341, 342, 344, 347A, 347B, 347C, # 49 348B, 348C, 348E, 349A, 349B, 349C, # 50 351-352, # 51 353-354, # 52 355, 362, 390, # 53 391, 396A, 397, 404, 407, 411, # 54 412, 424, 438A, 442, 443, 446, 447, # 55 448, 449, 457, 459, 464, # 56 468-part 1, # 57 468-part 2, # 58 468-part 3, # 59 468-part 4, # 60 468-part 5, # 61 468A, 469, # 62 470-part 1, # 63 470-part 2, # 64 470-part 3, # 65 470-part 4, # 66 470-part 5, # 67 470-part 6, # 68 470A, 474, # 69 476, 482, 486, 508, 509, 517, 519A, 527, # 70 528-part 1, # 71 528-part 2, # 72 535, 551, 552, 557, # 73 574-part 1, # 74 574-part 2, # 75 574-part 3, # 76 574-part 4, # 77 574-part 5, # 78 574-part 6, # 79 574-part 7, # 80 574-part 8) (klc) |

| 12/04/2015 | 537 | CUSTODY ACKNOWLEDGMENT AND RECEIPT FOR EXHIBITS (PROCEEDING CONCLUDED) by Steven R. Ruby, AUSA as to Donald L. Blankenship. (tmr) |
|---|---|---|
| 12/04/2015 | 538 | CUSTODY ACKNOWLEDGMENT AND RECEIPT FOR EXHIBITS by James A. Walls, Spilman Thomas & Battle, a representative of Donald L. Blankenship as to Donald L. Blankenship. (tmr) |
| 12/04/2015 | 539 | JURY IMPANELED as to Donald L. Blankenship. (tmr) |
| 12/07/2015 | 540 | COURT'S CHARGE TO THE JURY as to Donald L. Blankenship. (Attachment: #(1) Exhibit) (tmr) |
| 12/08/2015 | 541 | MOTION to Amend the Conditions of his Release Pending Sentence as to Donald L. Blankenship (Clark, Richard) |
| 12/08/2015 | 542 | MOTION to the District Judge for Permission to Travel Home for Christmas and New Year's as to Donald L. Blankenship. (Clark, Richard) |
| 12/08/2015 | 543 | ORDER as to Donald L. Blankenship: The Court ORDERS that the 542 MOTION to the District Judge for Permission to Travel Home for Christmas and New Year's filed by Donald L. Blankenship be REFERRED to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for disposition. Signed by Judge Irene C. Berger on 12/8/2015. (cc: Judge, Magistrate Judge R. Clarke VanDervort, USA, USP, USM, counsel, deft) (slr) |
| 12/08/2015 | 544 | ORDER as to Donald L. Blankenship: The Court ORDERS that the 541 MOTION to Modify Conditions of Release filed by Donald L. Blankenship be REFERRED to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for disposition. Signed by Judge Irene C. Berger on 12/8/2015. (cc: Judge, Magistrate Judge R. Clarke VanDervort, USA, USP, USM, counsel, deft) (slr) |
| 12/08/2015 | 545 | PRINTOUT OF SLIDES used during Government's closing by United States of America as to Donald L. Blankenship. (tmr) |
| 12/09/2015 | 546 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that the Associated Press' 511 MOTION to Intervene for the Purpose of Moving the Court to Direct the Clerk to Provide Public Access to the Names of Jurors Seated at the Trial of this Case as to Donald L. Blankenship (1) be DENIED. Signed by Judge Irene C. Berger on 12/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 12/09/2015 | 547 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship: The Court ORDERS that the [497-1] Rule 29 Motion for Judgment of Acquittal on All Counts be DENIED. Signed by Judge Irene C. Berger on 12/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 12/09/2015 | 549 | MEMORANDUM OPINION AND ORDER: The Court ORDERS that the 481 MOTION to Compel Compliance with Subpoena, For Production of Brady, Rule 16, and Jencks Material, and for Evidentiary Hearing be DENIED. Signed by Judge Irene C. Berger on 12/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (slr) |
| 12/09/2015 | 550 | ORDER: That Defendant's 407 MOTION for Limitation on Government Opening Concerning William Ross is DENIED and the United State's 520 MOTION for Additional Allen Charge before Considering Mistrial is TERMINATED AS MOOT. Signed by Judge Irene C. Berger on 12/09/2015. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 12/09/2015 | 551 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship: that the 384 RENEWED MOTION to Transfer to Another District for Trial be DENIED. Signed by Judge Irene C. Berger on 12/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified document title on 12/11/2015 (cbo). |
| 12/09/2015 | 552 | ORDER as to Donald L. Blankenship (1); that the Defendants Motion for Further Voir Dire as a Result of Juror Conduct (Document 409-2) be DENIED; that 399 Defendant Donald L. Blankenships Fed. R. Evid. 803(8) & 704 and Confrontation Clause Objections to Admission |

of MSHA Citations be DENIED; that the Defendants 304 Motion to Exclude Evidence, Testimony or Argument Related to Public Statements Made by Defendant After the UBB Explosion be DENIED; that the Defendants 305 Motion to Exclude Evidence, Testimony, or Argument Related to a 2005 Memorandum Entitled Running Coal be DENIED; that the Defendants 306 Motion to Exclude Evidence, Testimony, or Argument Related to Defendants Testimony in Past Massey Civil Litigation be HELD IN ABEYANCE, and now ORDERS that the same be TERMINATED AS MOOT; that the Defendants 307 Motion to Exclude Evidence, Testimony, or Argument Related to the Effect on Masseys Financial Performance and on Investors of Past Violations of Federal Mine Safety and Health Standards be DENIED; that the Defendants 308 Motion to Exclude Evidence, Testimony, or Argument Related to Masseys September 2010 Letter to Stakeholders be DENIED; that the Defendants 309 Motion to Exclude Evidence, Testimony, or Argument Related to July 2, 2010 SEC Staff Comment Letter and Masseys Response be DENIED; that the Defendants 310 Motion for Preliminary Determination of the Admissibility of Purported Co-Conspirator Statements and Acts under Fed. R. Evid. 104 be DENIED; that the Defendants 311 Motion to Exclude Evidence, Testimony, or Argument Related to Citations Issued at UBB be DENIED; that the Defendants 312 Motion to Exclude Evidence About His Compensation and Stock Holdings be DENIED; that the Defendants 313 Motion to Exclude Evidence, Testimony, or Argument Related to Massey Subsidiaries Guilty Pleas be GRANTED; that the Defendants 314 Motion to Exclude 404(b) Testimony of David Hughart be HELD IN ABEYANCE. This witness was subsequently permitted to testify, and thus, the Court ORDERS that the motion be DENIED; that the Defendants 315 Motion to Exclude Evidence, Testimony, or Argument Regarding Alleged Omission of Material Facts be DENIED; that the Defendants 316 Motion to Exclude from Trial the Mine Act Prohibition on Advanced Notice of Inspections be DENIED; that the Defendants 317 Motion to Exclude Argument that Violation Reduction at UBB Demonstrated Authorization of Violations be DENIED; that the Defendants 318 Motion to Exclude Proposed Opinion Testimony of Tracey L. Stumbo be GRANTED in part, and otherwise HELD IN ABEYANCE; that the Defendants 319 Motion to Exclude Proposed Opinion Testimony of Frank C. Torchio be GRANTED in part, and DENIED in part; that the United States 320 Motion in Limine be GRANTED in part, DENIED in part, and otherwise HELD IN ABEYANCE. Signed by Judge Irene C. Berger on 12/9/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds)

| | | |
|---|---|---|
| 12/10/2015 | 553 | ORDER as to Donald L. Blankenship : based on the jury's verdict, the Court ADJUDGES the Defendant, Donald L. Blankenship,GUILTY, and he now stands convicted of the misdemeanor offense of Conspiracy, in violation of 30 U.S.C. 820(d) and 18 U.S.C. 371, as charged in Count One of the Superseding Indictment. Further, the Court ADJUDGES the Defendant, Donald L. Blankenship, NOT GUILTY of the charges contained in Count Two and Count Three of the Superseding Indictment. The Probation Office shall prepare and forward a draft presentence report to the United States and counsel for the Defendant no later than 2/22/2016; objections are due no later than 3/7/2016; the Probation Office shall submit a final presentence report to the Court no later than 3/21/2016; United States and Counsel for the Defendant shall file a sentencing memorandum no later than 3/28/16. Final disposition of this matter scheduled for 4/6/2016 at 10:00 a.m. in Charleston, WV. Defendant released on previously executed bond, with the additional condition that the defendant shall appear for sentencing on 4/6/2016 at 10:00 a.m. Signed by Judge Irene C. Berger on 12/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 12/10/2015 | 554 | ORDER as to Donald L. Blankenship (1): granting Defendant's 542 MOTION for Permission to Travel Home for Christmas and New Years; that the United States shall file a Response to Defendant's 541 Motion to Amend the Conditions of his Release Pending Sentencing by Wednesday, 12/16/2015; Defendant may file a Reply by 12/18/2015. Signed by Magistrate Judge R. Clarke VanDervort on 12/10/2015. (cc: Judge, USA, USP, USM, counsel, deft) (cds) |
| 12/16/2015 | 557 | RESPONSE by United States of America as to Donald L. Blankenship to 541 MOTION to Amend the Conditions of his Release Pending Sentence as to Donald L. Blankenship (Ruby, Steven) (Additional attachment added on 12/29/2015: # 1 Exhibit B (Sealed)) (cbo). Modified on 12/29/2015 to add Exhibit B under seal pursuant to Court Order (cbo). |

| | | |
|---|---|---|
| 12/16/2015 | 558 | MOTION by United States of America TO SEAL Exhibit B to Response to Defendant's Motion to Modify Bond Conditions as to Donald L. Blankenship (Attachments: # 1 Proposed Order, # 2 Exhibit B to Response to Defendant's Motion to Modify Bond Conditions) (Ruby, Steven) |
| 12/18/2015 | 560 | REPLY by Donald L. Blankenship re: 557 Response to Motion (Clark, Richard) |
| 12/28/2015 | 561 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): granting 541 MOTION to Modify Conditions of Release Pending Sentencing. Defendant's Appearance Bond shall be reduced to the amount of $1,000,000. The Clerk shall refund the remainder of Defendant's appearance bond to him along with any interest which has accrued. Defendant may reside at his home in Las Vegas, Nevada and travel as he pleases within the continental United States. Defendant must remain available to and in contact with his supervising probation officer(s) and notify his supervising probation officer(s) of his travel plans prior to traveling as allowed. The prohibition of Defendant from having contact direct or indirect with any officer, director or employee of Massey Energy Company or person who participated in any investigation of events at Massey Energy Company or the Upper Big Branch mine from January 1, 2008, through April 9, 2010 15 Order Setting Conditions of Release, 7(g).) is vacated. Otherwise, all terms and conditions of release imposed pretrial shall continue while Defendant is awaiting sentencing. Signed by Magistrate Judge R. Clarke VanDervort on 12/28/2015. (cc: Judge, USA, counsel) (cds) |
| 03/07/2016 | 563 | MOTION to Dismiss Alpha's Restitution Claims, or, in the Alternative, for Discovery and an Evidentiary Hearing as to Donald L. Blankenship. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Brown, Blair) |
| 03/07/2016 | 564 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 563 MOTION to Dismiss Alpha's Restitution Claims, or, in the Alternative, for Discovery and an Evidentiary Hearing as to Donald L. Blankenship. (Brown, Blair) |
| 03/14/2016 | 565 | RESPONSE IN OPPOSITION by United States of America as to Donald L. Blankenship re: 563 MOTION to Dismiss Alpha's Restitution Claims, or, in the Alternative, for Discovery and an Evidentiary Hearing as to Donald L. Blankenship. (Wohl, Gabriele) |
| 03/15/2016 | 566 | MOTION to Continue Sentencing Hearing or, in the Alternative, to Bifurcate Sentencing Hearing as to Donald L. Blankenship (Brown, Blair) |
| 03/16/2016 | 567 | RESPONSE by United States of America as to Donald L. Blankenship to 566 MOTION to Continue Sentencing Hearing or, in the Alternative, to Bifurcate Sentencing Hearing as to Donald L. Blankenship (Ruby, Steven) |
| 03/18/2016 | 568 | REPLY by Donald L. Blankenship re: 565 Response In Opposition to Motion to Dismiss Alpha's Restitution Claims, or, in the Alternative, for Discovery and an Evidentiary Hearing (Brown, Blair) |
| 03/18/2016 | 569 | MOTION by United States of America to Compel Financial Information as to Donald L. Blankenship (Wohl, Gabriele) |
| 03/25/2016 | 570 | RESPONSE IN OPPOSITION by Donald L. Blankenship re: 569 MOTION by United States of America to Compel Financial Information as to Donald L. Blankenship (Brown, Blair) |
| 03/28/2016 | 571 | SENTENCING MEMORANDUM by United States of America as to Donald L. Blankenship (Attachment: # 1 Exhibit) (Ruby, Steven) |
| 03/28/2016 | 572 | SENTENCING MEMORANDUM as to Donald L. Blankenship (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2 (part 1), # 4 Exhibit 2 (part 2), # 5 Exhibit 2 (part 3), # 6 Exhibit 2 (part 4), # 7 Exhibit 2 (part 5), # 8 Exhibit 2 (part 6), # 9 Exhibit 2 (part 7), # 10 Exhibit 2 (part 8), # 11 Exhibit 2 (part 9), # 12 Exhibit 2 (part 10), # 13 Exhibit 2 (part 11), # 14 Exhibit 2 (part 12), # 15 Exhibit 2 (part 13), # 16 Exhibit 3, # 17 Exhibit 4, # 18 Exhibit 5, # 19 Exhibit 6)(Brown, Blair) |
| 03/29/2016 | 573 | NOTICE OF CERTIFICATION FOR USE OF COURTROOM TECHNOLOGY on April 6, |

| | | |
|---|---|---|
| | | 2016 at 10:00 a.m., Robert C. Byrd United States Courthouse, Charleston, WV as to Donald L. Blankenship (Herman, Steven) |
| 03/30/2016 | 574 | NOTICE OF CERTIFICATION FOR USE OF COURTROOM TECHNOLOGY on April 6, 2016 at 10:00 a.m. Judge Berger's courtroom Charleston, West Virginia as to Donald L. Blankenship (Ruby, Steven) |
| 03/31/2016 | 575 | MOTION for Continued Release Pending Appeal as to Donald L. Blankenship. (Herman, Steven) |
| 04/01/2016 | 576 | MOTION to Deny Individuals' Restitution Claims as to Donald L. Blankenship. (Attachment: # 1 Exhibit A)(Brown, Blair) |
| 04/01/2016 | 577 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 576 MOTION to Deny Individuals' Restitution Claims as to Donald L. Blankenship. (Brown, Blair) |
| 04/04/2016 | 578 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): granting 563 MOTION to Dismiss Alpha's Restitution Claims, or, in the Alternative, for Discovery and an Evidentiary Hearing; that the restitution claims of Alpha Natural Resources be Dismissed. Signed by Judge Irene C. Berger on 4/4/2016. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified document title on 4/5/2016 (cbo). |
| 04/04/2016 | 579 | REQUEST for Order Granting Permission to Bring Technological Equipment into the Courthouse as to Donald L. Blankenship. (Macia, Alexander) |
| 04/05/2016 | 580 | ORDER granting Defendant's 579 MOTION for Order Granting Permission to Bring Technoligical Equipment into the Courthouse as to Donald L. Blankenship (1). It is further ORDERED that the individuals listed herein are authorized to bring the equipment listed herein into the Courthouse for use during the sentencing hearing in this matter. The dates for which such authorization is provided are April 5, 2016, until completion of the hearing. The individuals identified in this Order must present a copy of this Order when entering the Courthouse. Signed by Judge Irene C. Berger on 04/05/2016. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 04/05/2016 | 581 | MEMORANDUM IN SUPPORT by Donald L. Blankenship re: 576 MOTION to Deny Individuals' Restitution Claims as to Donald L. Blankenship. (Attachment: # 1 Exhibit A-1) (Brown, Blair) |
| 04/05/2016 | 582 | RESPONSE by United States of America as to Donald L. Blankenship to 575 MOTION for Continued Release Pending Appeal as to Donald L. Blankenship. (Ruby, Steven) |
| 04/05/2016 | 583 | MEMORANDUM OPINION AND ORDER as to Donald L. Blankenship (1): that each individual claim for restitution be DENIED; that Defendant's 566 MOTION to Continue Sentencing Hearing or in the Alternative to Bifurcate Sentencing Hearing and the United States' 569 MOTION to Compel Financial Information be TERMINATED AS MOOT. Signed by Judge Irene C. Berger on 04/05/2016. (cc: Judge, USA, USP, USM, counsel, deft) (msa) |
| 04/05/2016 | 584 | REPLY by Donald L. Blankenship re: 582 Response to Motion (Brown, Blair) |
| 04/06/2016 | 585 | SENTENCING as to Donald L. Blankenship held by Judge Irene C. Berger on 4/6/2016; Court Reporter: Lisa Cook. (kkt) |
| 04/07/2016 | 586 | DUPLICATE ENTRY - IMAGE REMOVED (cds). |
| 04/07/2016 | 587 | DUPLICATE ENTRY - IMAGE REMOVED. (cds) |
| 04/07/2016 | 588 | DUPLICATE ENTRY - IMAGE REMOVED. (cds) |
| 04/07/2016 | | NOTICE OF DOCKET CORRECTION re: 587 EXHIBITS FROM JURY TRIAL. ERROR: DUPLICATE ENTRY. CORRECTION: IMAGE REMOVED. (cds) |
| 04/07/2016 | | NOTICE OF DOCKET CORRECTION re: 588 EXHIBITS FROM JURY TRIAL. ERROR: DUPLICATE ENTRY. CORRECTION: IMAGE REMOVED. (cds) |

| 04/07/2016 | | NOTICE OF DOCKET CORRECTION re: 586 EXHIBITS FROM JURY TRIAL. ERROR: DUPLICATE ENTRY. CORRECTION: IMAGE REMOVED. (cds) |
| 04/07/2016 | 589 | JUDGMENT as to Donald L. Blankenship (1): Count 1s of Superseding Indictment: 12 months imprisonment; 1 year supervised release; $250,000.00 fine; $25.00 special assessment. Defendant found Not Guilty on Counts 2s, 3s of Superseding Indictment. Defendant shall surrender for service of sentence as notified by the United States Marshal. Signed by Judge Irene C. Berger on 4/7/2016. (cc: Judge, USA, USP, USM, counsel, deft) (cds) Modified text on 4/21/2016 to correct Judge's signature date (cbo). |
| 04/07/2016 | 590 | SEALED/SOR as to Donald L. Blankenship signed by Judge Irene C. Berger. (cds) |
| 04/07/2016 | 591 | NOTICE OF APPEAL by Donald L. Blankenship re: 589 Judgment (Brown, Blair) |
| 04/07/2016 | 592 | TRANSMITTAL OF NOTICE OF APPEAL TO 4CCA via NOTICE OF APPELLATE ACTION as to Donald L. Blankenship re: 591 Notice of Appeal - Final Judgment. (cds) |
| 04/07/2016 | 593 | 4CCA APPEAL FEES RECEIVED $505.00, Receipt No. CHAR010857 as to Donald L. Blankenship re: 591 Notice of Appeal - Final Judgment. (cds) |
| 04/08/2016 | 594 | NOTICE OF APPELLATE CASE OPENING BY 4CCA as to Donald L. Blankenship re: 591 Notice of Appeal - Final Judgment in 4CCA Case No. 16-4193. Case Manager: Amy L. Carlheim. (cds) |
| 04/08/2016 | 595 | CRIMINAL DEBT PAYMENT as to Donald L. Blankenship. Receipt No: CHAR010862; Amount: $250,025.00 ($250,000 Fine; $25 Special Assessment). (cc: USA, Administrative Services, WVSP) (slr) |
| 04/11/2016 | 596 | TRANSCRIPT OF VOIR DIRE, Vol. II as to Donald L. Blankenship held on October 2, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 597 | TRANSCRIPT OF VOIR DIRE. Vol. IV as to Donald L. Blankenship held on October 6, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 598 | TRANSCRIPT OF VOIR DIRE, Vol. V as to Donald L. Blankenship held on October 7, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 599 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume I as to Donald L. Blankenship held on October 7, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053, and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 600 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume II as to Donald L. Blankenship held on October 8, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 601 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume III as to Donald L. Blankenship held on October 9, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline |

| | | |
|---|---|---|
| | | for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 602 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume IV as to Donald L. Blankenship held on October 13, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 603 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume V as to Donald L. Blankenship held on October 14, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 604 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume VI as to Donald L. Blankenship held on October 15, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 605 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume VII as to Donald L. Blankenship held on October 16, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 606 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume VIII as to Donald L. Blankenship held on October 19, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 607 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume IX as to Donald L. Blankenship held on October 20, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188.Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |

| 04/11/2016 | 608 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume X as to Donald L. Blankenship held on October 21, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
|---|---|---|
| 04/11/2016 | 609 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XI as to Donald L. Blankenship held on October 22, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 610 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XII as to Donald L. Blankenship held on October 23, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 611 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XIII as to Donald L. Blankenship held on October 26, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 612 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XIV as to Donald L. Blankenship held on October 27, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 613 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XV as to Donald L. Blankenship held on October 28, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 614 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XVI as to Donald L. Blankenship held on October 29, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through |

| | | |
|---|---|---|
| | | PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 615 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XVII as to Donald L. Blankenship held on October 30, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 616 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XVIII as to Donald L. Blankenship held on November 2, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 617 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XIX as to Donald L. Blankenship held on November 3, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 618 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XX as to Donald L. Blankenship held on November 4, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 619 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXI as to Donald L. Blankenship held on November 5, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 620 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXII as to Donald L. Blankenship held on November 6, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 621 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXIII as to Donald L. Blankenship held |

| | | |
|---|---|---|
| | | on November 9, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 622 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXIV as to Donald L. Blankenship held on November 10, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 623 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXV as to Donald L. Blankenship held on November 12, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 624 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXVI as to Donald L. Blankenship held on November 13, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 625 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXVII as to Donald L. Blankenship held on November 16, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 626 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXVIII as to Donald L. Blankenship held on November 17, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc) |
| 04/11/2016 | 627 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXIX as to Donald L. Blankenship held on November 18, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 628 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXX as to Donald L. Blankenship held on November 19, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 629 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXXII as to Donald L. Blankenship held on November 23, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 630 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXXIV as to Donald L. Blankenship held on November 30, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 631 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXXV as to Donald L. Blankenship held on December 1, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 632 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXXVI as to Donald L. Blankenship held on December 2, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 633 | TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXXVII as to Donald L. Blankenship held on December 3, 2015 before Judge Irene C. Berger. Court Reporters Lisa Cook, Telephone number 304-254-8053 and Mary Schweinhagen, Telephone number 304-347-3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 634 | TRANSCRIPT OF PROCEEDINGS of Sentencing Hearing as to Donald L. Blankenship held on April 6, 2016 before Judge Irene C. Berger. Court Reporter Lisa Cook, Telephone number |

| | | |
|---|---|---|
| | | 304-254-8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 4/21/2016. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016. (lac) |
| 04/11/2016 | 635 | PRESENTENCE REPORT (SEALED DOCUMENT) as to Donald L. Blankenship (ajs) |
| 04/11/2016 | 636 | SEALED TRANSCRIPT OF VOIR DIRE, Vol. III- as to Donald L. Blankenship held on October 5, 2015, before Judge Irene C. Berger. Court Reporter Lisa Cook and Mary Schweinhagen. (klc) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 637 | SEALED TRANSCRIPT OF PROCEEDINGS of Trial, Volume II as to Donald L. Blankenship held on October 8, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (klc) |
| 04/11/2016 | 638 | SEALED TRANSCRIPT OF PROCEEDINGS of Bench Conference as to Donald L. Blankenship held on October 8, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (klc) (Modified docket text on 4/11/2016) (klc). |
| 04/11/2016 | 639 | SEALED TRANSCRIPT OF PROCEEDINGS of Trial, Volume XIX as to Donald L. Blankenship held on November 3, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (klc) |
| 04/11/2016 | 640 | SEALED TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXVI as to Donald L. Blankenship held on November 13, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (klc) |
| 04/11/2016 | 641 | SEALED TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXXI as to Donald L. Blankenship held on November 20, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (klc) |
| 04/11/2016 | 642 | SEALED TRANSCRIPT OF PROCEEDINGS of Trial, Volume XXXIII as to Donald L. Blankenship held on November 24, 2015, before Judge Irene C. Berger. Court Reporters Lisa Cook and Mary Schweinhagen. (klc) |
| 04/20/2016 | 643 | PS 40 - NOTICE REGARDING UNITED STATES PASSPORT FOR CRIMINAL DEFENDANT - NOTICE OF DISPOSITION to U. S. Department of State as to Donald L. Blankenship, on 04/20/2016, for passport number 450857587, originally surrendered to the Court (Probation Office) on 11/20/2014. (tld) |
| 05/12/2016 | 644 | ORDER OF 4CCA as to 591 Notice of Appeal - Final Judgment filed by Donald L. Blankenship in 4CCA Case No. 16-4193: The Court denies the motion for release pending appeal. (slr) |
| 06/10/2016 | 645 | ORDER as to Donald L. Blankenship: That Defendant's Appearance Bond is deemed satisfied and that the Clerk of Court refund to the Defendant the remaining One Million Dollars ($1,000,000.00), plus any interest. Signed by Magistrate Judge Omar J. Aboulhosn on 6/10/2016. (cc: Judge, USA, USP, USM, counsel, deft) (msa) Modified on 6/13/2016 to correct the Judge association and reflect that document was signed by Judge Omar J. Aboulhosn (cbo). |
| 06/21/2016 | 646 | JUDGMENT RETURNED EXECUTED as to Donald L. Blankenship on 5/12/2016. Defendant surrendered to C.I. Taft. (sak) |
| 01/19/2017 | 647 | 4CCA OPINION as to Donald L. Blankenship re: 591 Notice of Appeal - Final Judgment in 4CCA Case No. 16-4193. (slr) |
| 01/19/2017 | 648 | 4CCA JUDGMENT as to Donald L. Blankenship re: 591 Notice of Appeal - Final Judgment in 4CCA Case No. 16-4193. The judgment of the district court is affirmed. (slr) |
| 01/19/2017 | 649 | NOTICE OF JUDGMENT as to 591 Notice of Appeal - Final Judgment filed by Donald L. Blankenship in 4CCA Case Number 16-4193. (slr) |

| 02/13/2017 | 652 | 4CCA NOTICE - STAY OF MANDATE as to Donald L. Blankenship in 4CCA Case No. 16-4193, dated 2/13/2017. (slr) |
| 02/24/2017 | 653 | ORDER OF 4CCA as to 591 Notice of Appeal - Final Judgment filed by Donald L. Blankenship in 4CCA Case No. 16-4193. The Court denies the petition for rehearing en banc. (slr) |
| 03/06/2017 | 654 | MANDATE as to Donald L. Blankenship re: 591 Notice of Appeal - Final Judgment in 4CCA Case No. 16-4193. The judgment of this Court, entered 1/19/2017, takes effect this date. This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. (slr) |
| 05/31/2017 | 655 | LETTER from US Supreme Court to 4CCA, dated 5/26/2017, notifying the 4CCA that a Petition for a Writ of Certiorari has been filed as to Donald L. Blankenship (4CCA No. 16-4193; US Supreme Court No. 16-1413). (slr) |
| 08/10/2017 | 656 | Request for Modifying the Conditions or Terms of Supervision with Consent of the Offender and ORDER Directing the Modification of Conditions as Noted Herein as to Donald L. Blankenship. Signed by Judge Irene C. Berger on 08/10/2017. (cc: Judge, USA, USP, USM, counsel) (msa) |
| 10/10/2017 | 657 | LETTER from the Supreme Court of the United States to the 4CCA, dated 10/10/2017, advising that the Supreme Court has entered an Order denying the Writ of Certiorari in 4CCA Case Number 16-4193 (Supreme Court No. 16-1413). (slr) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/18/2017 17:31:32 | | | |
| **PACER Login:** | us7211:2656527:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:14-cr-00244 |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2014
MARCH 10, 2015 SESSION

FILED

MAR 1 0 2015

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 5:14-cr-00244
30 U.S.C. § 820(d)
18 U.S.C. § 371
18 U.S.C. § 1001
18 U.S.C. § 2
15 U.S.C. § 78ff
17 C.F.R. § 240.10b-5

DONALD L. BLANKENSHIP

S U P E R S E D I N G
I N D I C T M E N T

**Summary**

1.   Beginning no later than January 1, 2008 and continuing through April 9, 2010 (the "Indictment Period"), defendant DONALD L. BLANKENSHIP ("BLANKENSHIP"), the Chief Executive Officer ("CEO") and Chairman of the Board of Directors of coal producer Massey Energy Company ("Massey"), conspired to commit and cause routine violations of mandatory federal mine safety standards at Massey's Upper Big Branch-South mine ("UBB").[*] Throughout the Indictment Period, BLANKENSHIP himself closely managed UBB, the coal from which was critical to Massey's financial performance. BLANKENSHIP knew that UBB was committing hundreds of safety-law violations every year and that he had the ability to prevent most of the violations that UBB was committing. Yet he fostered and participated in an understanding that

_____

[*] Allegations herein are made with reference to the Indictment Period unless otherwise noted.

perpetuated UBB's practice of routine safety violations, in order to produce more coal, avoid the costs of following safety laws, and make more money.

2.   Throughout the Indictment Period, BLANKENSHIP also conspired to defraud the United States by impeding the federal Mine Safety and Health Administration ("MSHA") in carrying out its duties at UBB.

3.   Following a major, fatal explosion at UBB on April 5, 2010, BLANKENSHIP made, and caused to be made, materially false and misleading statements and representations, and omitted and caused to be omitted statements of material facts, regarding his and Massey's practice of willful violations of safety laws at that mine. These included materially false statements and representations made to the United States Securities and Exchange Commission ("SEC") and materially false statements and representations, and materially misleading omissions, made in connection with the purchase and sale of Massey stock.

## Background

4.   At all relevant times, Massey was a corporation engaged in the business of mining and selling coal, including at numerous mines in the Southern District of West Virginia, where Massey maintained a regional headquarters. UBB was a coal mine that Massey, through various subsidiaries, wholly owned and controlled, and was located in and around Montcoal, Raleigh County, West Virginia, within the Southern District of West Virginia. UBB and all Massey's other mines and mining-related facilities produced products that entered commerce and had operations and products that affected commerce, rendering them subject to Title 30, United States Code, Chapter 22, concerning mine safety and health, and to rules and regulations promulgated thereunder, including mandatory federal mine safety and health standards codified in Title 30, Code of Federal Regulations, Chapter I. UBB was subject to regular federal mine

2

safety inspections conducted by MSHA, an agency of the United States Department of Labor (DOL), which was part of the executive branch of the government of the United States. UBB was also subject to monetary penalties imposed by MSHA for violations of mandatory federal mine safety and health standards that federal mine safety inspectors discovered during inspections of UBB.

5.   At all relevant times, Massey's Class A Common Stock was registered with the SEC and was publicly traded on the New York Stock Exchange. At all relevant times, in order to sell securities to members of the public and maintain public trading of its securities in the United States, Massey was required to comply with provisions of the federal securities laws, including the Securities Exchange Act of 1934, and rules and regulations promulgated thereunder.

6.   At all relevant times, the SEC was an agency of the executive branch of the government of the United States.

7.   At all relevant times, BLANKENSHIP, as CEO of Massey and Chairman of Massey's Board of Directors, was principally and ultimately responsible for the management of Massey's business. At all relevant times, the Restated Bylaws of Massey Energy Company provided that BLANKENSHIP, as CEO, had general supervision, direction, and control of the officers, employees, business, and affairs of Massey, including the UBB mine.

8.   During the Indictment Period, UBB was cited approximately 835 times for violations of mandatory federal mine safety and health standards. This was one of the highest levels of safety-law violations of any Massey mine. Approximately 319 of these violations were in an especially serious category of violations: those that could significantly and substantially contribute to the cause and effect of a safety or health hazard. Approximately 283 of UBB's safety-law violations during the Indictment Period were violations of the laws on mine ventilation, which operate to

prevent explosions and fires in coal mines and to minimize deaths and serious injuries in the event an explosion or fire does occur. Approximately 59 of UBB's safety-law violations during the Indictment Period resulted in shutdown orders closing all or part of the mine until the violation was abated, pursuant to Title 30, United States Code, Section 814(d). Violations resulting in such shutdown orders were among the most serious category of violations that can occur in a coal mine. UBB ranked among the worst mines in the United States in such shutdown orders during the Indictment Period.

9.   During the Indictment Period, UBB was important to Massey's financial performance. UBB produced a type of coal called metallurgical coal, which was used for manufacturing steel. During the Indictment Period, metallurgical coal sold for substantially more per ton than Massey's other major product, which was steam coal used to generate electricity. Metallurgical coal from UBB was particularly important to Massey's sales of metallurgical coal, because it was an essential ingredient in a blend of metallurgical coal that also included coal from a group of other Massey mines near UBB. In 2009, this UBB-centered group of mines generated revenues of approximately $331 million, which represented approximately 14% of Massey's approximately $2.3 billion in revenue—more than any of Massey's numerous other mining groups. For 2010, Massey projected UBB-group revenue of approximately $432 million, approximately 16% of Massey's projected revenue of approximately $2.7 billion and more than the projected revenue for any other Massey mining group.

10. Beginning in 2009 and continuing through the rest of the Indictment Period, one operating section of UBB employed a mining technique known as longwall mining. (A coal mining "section" was an area of a mine where coal was being produced. A single mine may have had multiple mining sections. While the longwall section was operating at UBB, UBB had, at

4

various times, four or five total active mining sections, with the other sections using a mining technique different from the longwall method.) Longwall mining was the most productive method of underground coal mining; it uses equipment and a mining configuration that permit the extraction of large swaths of coal in a short period of time. When operating at full productivity, the UBB longwall mining section could produce more than $600,000 worth of coal every day, more than any of Massey's dozens of other underground mining sections. The equipment needed to run a longwall mining section was expensive, typically costing many tens of millions of dollars.

### Upper Big Branch Safety-Law Violations

*Mine Ventilation Laws*

11. Routine violations of mine-safety laws at UBB included violations of the laws on mine ventilation. Proper ventilation in a coal mine was essential to preventing explosions. The coal mining process inherently generates airborne coal dust, which was highly explosive. And in many coal mines, including UBB, the mining process also inherently releases methane gas into the mine air. Methane gas was explosive if it reaches certain atmospheric concentrations. A constant supply of clean air was necessary to dilute those airborne explosive substances and carry them away, preventing them from reaching dangerous concentrations.

12. *Minimum airflow requirements and mine ventilation plans.* At all relevant times, airflow in certain key areas of a coal mine was required, by mandatory federal mine safety standards, to be adequate to dilute, render harmless, and carry away explosive substances. At all relevant times, the operator of any coal mine was required to develop and follow a ventilation plan approved by federal mine-safety officials, also pursuant to a mandatory federal mine safety standard. This ventilation plan was required to be designed to control methane and coal dust, and

5

to mandate, in certain key locations, specific quantities of airflow that were adequate to dilute, render harmless, and carry away explosive substances. A violation of a mine's approved ventilation plan was a violation of a mandatory federal mine safety standard.

13. *Construction required for proper mine ventilation.* At all relevant times, coal mines were required to construct structures called ventilation controls and devices to manage the flow of air in a mine, pursuant to mandatory mine safety standards. These ventilation structures included permanent block walls and temporary walls made of heavy cloth or plastic to route mine air to locations where it was needed to carry away explosive substances. Maintaining this mandatory system of ventilation structures required continual construction, because as the mine's workings advanced deeper and deeper, new ventilation structures had to be built to route air through the most recently opened parts of the mine.

14. *Mine safety examinations.* At all relevant times, coal mines were required to conduct regular safety examinations to check for ventilation-related hazards, including the presence of potentially explosive methane gas in the mine air, illegally low levels of airflow, and air flowing in the wrong direction. In these safety examinations, mines were also required to check for the existence of any other hazardous conditions, including accumulations of explosive coal dust. Safety examinations in certain areas of a mine were required to be conducted within three hours before any working shift and at least once during each working shift. Wider ranging safety examinations were required to be conducted weekly. These requirements were established in mandatory mine safety and health standards.

15. The above-described mandatory federal mine safety standards concerning ventilation were basic, well-known principles of coal mining.

*UBB's Routine Violations of Mine-Ventilation Laws*

16. During the Indictment Period, BLANKENSHIP and Massey routinely violated the above-described and other mandatory safety standards on ventilation at UBB.

17. *Violations of airflow requirements and mine ventilation plan.* Examples of these violations included the following: On or around June 4, 2009, a federal mine safety inspector discovered airflow of 147 cubic feet per minute in an area of the mine where 9,000 cubic feet per minute was required. This legal minimum air quantity of 9,000 cubic feet per minute was established to ensure that airflow was sufficient to dilute and carry away explosive substances in the mine atmosphere. The inadequate air quantity violated a mandatory mine safety standard requiring the mine to follow its approved ventilation plan.

18. On or around June 3, 2009, a federal mine safety inspector discovered that UBB's section #1 was operating with less than half the minimum legal air quantity, which again violated the mandatory mine safety standard requiring the mine to follow its approved ventilation plan.

19. On or around October 21, 2009, a federal mine safety inspector discovered that UBB's section #2 was operating with less than the minimum legal air quantity. As a result of the illegally low air quantity, the federal mine-safety inspector observed visible airborne coal dust surrounding miners who were working on section #2. This illegally low air quantity again violated the mandatory federal mine safety standard requiring the mine to follow its approved ventilation plan.

20. On or around March 2, 2010, a federal mine safety inspector discovered that UBB's #1 section was operating with less than half the legal minimum air quantity, again violating the mandatory federal mine safety standard requiring the mine to follow its approved ventilation plan.

7

21. *Ventilation-plan violations regarding water sprays.* UBB also was cited repeatedly for violating another important component of its ventilation plan: its requirements for water sprays on equipment that cut coal from the coal seam. These water sprays suppressed coal dust and cooled the area where cutting occurred, the latter to diminish the possibility that frictional heat from cutting would ignite explosive substances in the mine air. On or around July 15, 2009, federal mine safety inspectors discovered that a continuous mining machine in UBB's section #2 was missing water sprays required by the mine's ventilation plan. On or around October 27, 2009, federal mine safety inspectors discovered that a continuous mining machine at UBB was running with less than the minimum level of water pressure for its sprays as required by the mine's ventilation plan. On or around March 23, 2010, federal mine safety inspectors discovered that a continuous mining machine at UBB was running with nearly half its required number of sprays in inoperable condition and with a water fitting for its spray system broken. Each of these discoveries represented a violation of the mandatory mine safety standard requiring compliance with the mine's approved ventilation plan, and each resulted in the issuance of a federal citation.

22. After the April 5, 2010 explosion at UBB, a federal investigation determined that at the time of the explosion, the longwall shearer in the mine's longwall section was operating with approximately seven of its required water sprays missing and with other sprays clogged. The missing sprays reduced the water pressure at the remaining sprays significantly below the minimum level required by the mine's approved ventilation plan and prevented the remaining sprays from counteracting frictional heat in the area where coal was being cut. Operating the longwall shearer with missing and clogged sprays and insufficient water pressure violated the mandatory federal mine safety standard requiring compliance with the mine's approved ventilation plan.

23. In total, UBB was cited approximately 61 times for violations of its approved ventilation plan during the Indictment Period. The cited violations occurred throughout the Indictment Period and ranged from in or around March 2008 through on or around April 5, 2010.

24. UBB's routine violation of its ventilation plan was the result of several causes, including the following: providing the mine with an inadequate number of coal miners focused on jobs important to safety-law compliance, including the maintenance of ventilation structures in airways away from the mine's active operating sections; BLANKENSHIP's imposition and aggressive enforcement of coal-production quotas that deprived UBB's coal miners of the time they needed to construct and maintain ventilation control structures, and that forced them to operate even where air quantities were below legal minimums; BLANKENSHIP's direction, addressed below, not to construct certain ventilation controls that would produce more reliable airflow because constructing them diverted time from coal production; and BLANKENSHIP's denial, also addressed below, of a request to construct an airshaft at UBB that would have increased airflow to areas of the mine where it was often below the legal minimum.

25. *Violations: Constructing and maintaining ventilation structures.* UBB also was routinely cited during the Indictment Period for violating mandatory federal mine safety standards on ventilation control structures and devices. For example, on or about November 19, 2009, and on or about December 1, 2009, federal mine safety inspectors discovered that legally mandated ventilation controls were missing in airways that were essential to airflow in at least two of the mine's operating sections, including the longwall mining section. Because of poor engineering, the roof and walls of the area of the mine in which these structures were located were collapsing, causing the structures to be crushed almost as quickly as they could be built. The president of UBB's mining group, whose identity is known to the Grand Jury (the "Known UBB Executive"),

9

along with other UBB officials known and unknown to the grand jury, knew that the ventilation control structures in this area of the mine were routinely being destroyed by the collapse of the area's roof and walls. They nonetheless caused the affected passageways to remain in use as part of the mine's ventilation system, thus willfully violating mandatory federal mine safety standards.

26. In total, UBB was cited for approximately 59 violations during the Indictment Period of mandatory federal mine safety standards regarding ventilation control structures and devices. The cited violations occurred throughout the Indictment Period and ranged from in or around January 2008 through in or around March 2010. Among the causes of these violations were an insufficient number of coal miners in jobs focused on the construction and maintenance of ventilation control structures and devices, and the imposition and aggressive enforcement of coal-production quotas that did not allow time to properly maintain ventilation control structures and devices.

27. *Violations: Mine-safety examinations.* UBB also was routinely cited during the Indictment Period for violating mandatory federal mine safety standards requiring regular safety examinations. For example, on or around March 9, 2009, federal mine safety inspectors discovered that, according to UBB's own records, one of the mine's aircourses that was required to be examined weekly had not been examined for more than a year. In total, UBB was cited for approximately 62 violations during the Indictment Period of mandatory federal mine safety standards requiring regular safety examinations, which were among the standards for ensuring proper mine ventilation. The cited violations occurred throughout the Indictment Period and ranged from in or around January 2008 through on or around April 5, 2010. Among the causes of these violations were the employment of an inadequate number of coal miners, and the

imposition and enforcement of coal-production quotas that did not allow time, to conduct required safety examinations in a mine the size of UBB.

28. *Violations: Support of the mine roof and walls.* During the Indictment Period, UBB also routinely violated mandatory federal mine safety standards concerning support of the mine's roof and ribs (walls). Because underground coal mining extracts a layer of coal that previously supported layers of earth and rock overhead, substitute support must be constructed to prevent the mine's roof and walls from collapsing into the resulting void. These supports included long bolts (as long as sixteen feet) that were installed in the mine roof and affixed to large plates that hold the stratum of rock above the mine in place, as well as timbers that helped bear the weight of overlying rock and earth. Just as with the mine's ventilation system, this construction process was a continual one: as mining advanced deeper and deeper, supports were required to be constructed in the mine's newly opened areas. The requirement to provide sufficient support to protect persons from falls of the mine's roof and walls was a basic, well-known principle of coal mining.

29. On or around September 23, 2009, for example, a federal mine safety examiner at UBB discovered that most of the mine roof had fallen out in an area of the mine more than 100 feet long and approximately twenty feet wide, leaving the remaining roof unstable in an area where miners were required to work and travel on a regular basis. UBB's own records of past safety examinations showed that mine officials had been aware of this danger for almost a month but failed to correct it. This knowing failure violated a mandatory federal mine safety standard that required the roof and walls of areas where persons work or travel to be supported or otherwise controlled to protect persons from hazards related to falls of the roof and walls.

30. In total, UBB was cited approximately 91 times for violations during the Indictment Period of mandatory federal mine safety standards regarding support of the mine's roof and walls. The cited violations occurred throughout the Indictment Period, ranging from in or around January 2008 through on or around April 5, 2010. Among the causes of these violations were the employment of an inadequate number of coal miners to perform work necessary to comply with the safety laws on support for the mine's roof and walls, as well as the imposition and aggressive enforcement of coal-production quotas that did not allow enough time to perform such work.

31. *Violations: Explosive coal dust and combustible loose coal and other materials.* During the Indictment Period, UBB also routinely violated mandatory mine safety standards concerning accumulations of coal dust, loose coal, and other combustible materials. As explained above, coal mining inherently produced large quantities of airborne coal dust. This coal dust eventually settled out of the mine air and collected on surfaces throughout the mine. After settling, however, coal dust still posed a risk of explosion. If an explosion ignited in one part of a mine, the blast of air from that explosion could force settled float coal dust back into the mine air. Once the previously settled dust became airborne again, heat and flame from the initial ignition could cause it to explode. In this way, previously settled coal dust could enlarge a relatively small initial explosion and cause it to propagate throughout a mine. Consequently, a mandatory federal mine safety standard required that float coal dust be cleaned up and not permitted to accumulate. Mandatory federal mine safety standards also required that loose coal, which was flammable, and other combustible materials be cleaned up and not permitted to accumulate; fires were a serious danger in underground coal mines in part because such mines featured tight spaces and limited air supply, and because miners in such mines often worked far away from the safety of the surface. The mandatory federal mine safety standard requiring that explosive coal dust,

combustible loose coal, and other combustible materials be cleaned up and not permitted to accumulate was a basic, well-known principle of coal mining.

32. Examples of UBB's violations of these standards include the following: On or around January 28, 2010, a federal mine safety inspector discovered float coal dust accumulated along the entire length of the conveyor belt that carried coal from UBB's section #1. This accumulation violated the mandatory federal mine safety standard requiring that explosive float cost dust be cleaned up and not permitted to accumulate.

33. On or around March 15, 2010, a federal mine safety inspector discovered fine, black coal dust deposited along substantially the entire length of the conveyor belt that carried coal from UBB's longwall section. This accumulation violated the mandatory federal mine safety standard requiring that coal dust be cleaned up and not permitted to accumulate.

34. In total, UBB was cited approximately 81 times for violations during the Indictment Period of the mandatory federal mine safety standard requiring that coal dust, loose coal, and combustible materials be cleaned up and not permitted to accumulate. These violations occurred throughout Indictment Period, from in or around January 2008 through on or around April 5, 2010.

35. UBB's own records of mine safety examinations also revealed near-constant violations of mandatory federal mine safety standards concerning accumulations of coal dust and other combustible materials, as well as the application of rock dust, an incombustible substance that was required, pursuant to mandatory federal mine safety standard that were a basic, well-known principle of coal mining, to be spread throughout a coal mine to stop the spread of any explosion or fire that might occur in the mine. In a span of little more than a month, from March 1, 2010, through April 5, 2010, UBB's records of on-shift examinations reflected approximately 937

13

hazardous conditions arising from accumulations of coal dust and coal and from inadequate application of rock dust. The same records reflected that the majority of these hazardous conditions were not properly corrected. These records were reviewed daily by UBB officials.

36. Among the causes of UBB's routine violations of the laws on explosive and combustible materials and rock dusting were the employment of an inadequate number of coal miners to perform work necessary to comply with these laws, as well as the imposition and aggressive enforcement of coal-production quotas that did not allow sufficient time to perform such work.

**Advance Warning of Federal Mine Inspection Activities**

37. During the Indictment Period, a scheme existed at UBB to routinely warn underground workers when federal mine safety inspectors were on their way to inspect underground areas of the mine. At the entrance to the UBB mine property was a guardhouse. When federal mine safety inspectors passed this guardhouse on their way to the mine, it was standard practice for a guard to radio the UBB mine office, which sat just outside the entrance to the mine's underground areas, to warn employees in the mine office that the inspectors were on their way. It was standard practice for an employee in the mine office then to call underground (a telephone system connected the mine office to various areas of the mine's underground workings) to pass along this warning to underground personnel. Underground supervisors then would direct miners to quickly cover up violations of mandatory federal mine safety standards that the mine routinely committed, including missing ventilation control structures and devices, accumulations of float coal dust and loose coal, missing roof support, and failures to properly rock dust the mine. The purpose of this advance-warning scheme was to prevent federal mine safety inspectors from discovering and citing many of the violations of mandatory federal mine safety and health standards that were routinely committed at UBB. Because of the distance from the UBB

guardhouse to the mine office and the size of the mine's underground workings, the sections of

the mine farthest from the mine entrance could be given as much as two hours' advance warning

before federal mine safety inspectors arrived.

38. In order to avoid alerting federal mine safety inspectors that these warnings were being

given, UBB employees frequently used code words and phrases when discussing imminent

safety inspections on the mine telephone system.

39. UBB officials, including the Known UBB Executive and others known and unknown to

the Grand Jury, frequently instructed and encouraged mine employees to provide advance

warning whenever federal mine safety inspectors were on their way to inspect the mine's

underground areas.

### BLANKENSHIP was fully aware of UBB's practice of routinely violating mandatory federal mine safety standards.

40. BLANKENSHIP was fully aware of UBB's practice of routinely violating mandatory

federal mine safety standards. As early as in or around January 2008, BLANKENSHIP learned

that federal mine safety regulators had designated UBB as a mine with a potential pattern of

violations, a status that applied only to the worst mines in the country as measured by serious

safety-law violations and other indicators of safety. In or around early 2009, BLANKENSHIP

began to request and receive reports detailing the cost of fines that Massey was being assessed

for federal safety-law violations. And in or around April 2009, BLANKENSHIP requested and

began to receive a report every workday detailing Massey's violations of mandatory federal mine

safety standards, including an estimate of the fines that Massey would owe for these violations.

41. Each of these daily safety-violation reports showed BLANKENSHIP a count of Massey's

safety-law violations for the year to date, along with year-to-date violation totals for each of

Massey's mining groups. Each daily safety-violation report also showed BLANKENSHIP more

detailed information on the company's violations of the mine safety laws: how often each of the company's mining groups had violated those laws year-to-date, the specific mandatory federal mine safety standard that each group of mines violated most often, and the areas of mandatory federal mine safety standards that the company's mines violated most as a whole.

42. For example, on or around July 1, 2009, BLANKENSHIP received a safety-violation report for the year through on or around June 30, 2009. This report showed BLANKENSHIP that in the first six months of 2009, the UBB group of mines was cited for approximately 596 violations of mandatory federal mine safety and health standards resulting in an estimated $918,401 in fines—more than any other Massey mining group. The report also showed BLANKENSHIP that the mandatory federal mine safety standard violated most often at the UBB group of mines was the standard requiring that accumulations of explosive float coal dust, combustible loose coal, and other combustible materials be cleaned up and not permitted to accumulate. The report further showed BLANKENSHIP that the area of mandatory federal mine safety standards violated most often at Massey's mines as a whole were the standards concerning mine ventilation, which were intended, among other things, to prevent mine explosions and fires and to minimize the risk to miners of death or serious injury if an explosion or fire occurs. The report showed BLANKENSHIP that Massey's mines violated mandatory federal mine safety standards on ventilation approximately 1002 times in the first half of 2009.

43. On or around August 6, 2009, the daily safety-law violation reports sent to BLANKENSHIP began to include a page showing BLANKENSHIP the number of safety-law violations at individual Massey mines, as distinct from mining groups. On or around August 6, 2009, BLANKENSHIP received a daily safety-violation report that showed him that in the year to date, UBB had been cited for approximately 292 violations of federal mine safety laws, fourth

most of any Massey mine in the year to date. That report also showed BLANKENSHIP that the

mandatory federal mine safety standard violated most often by mines in the UBB group

continued to be the standard requiring that accumulations of explosive coal dust, combustible

loose coal, and other combustible materials be cleaned up and not permitted to accumulate in the

mine. The same report showed BLANKENSHIP that the area of mandatory federal mine safety

standards violated most often at Massey's mines continued to be the standards on mine

ventilation.

44. From approximately April 3, 2009, through April 5, 2010, BLANKENSHIP received

approximately 249 of these daily safety-violation reports. It was BLANKENSHIP's practice to

review each of these reports when he received it. Substantially every one of these 249 reports

showed BLANKENSHIP that the UBB mining group was committing hundreds of safety-law

violations every year.

45. Beginning on or around June 2, 2009, the daily safety-law violation reports that

BLANKENSHIP received showed him which of Massey's mining groups were committing the

most safety-law violations, which mandatory federal mine safety standard each mining group

was violating most often, and which area of the mine safety laws Massey as a whole was

violating most. From on or around June 2, 2009, through on or around April 5, 2010,

BLANKENSHIP received approximately 210 of these daily reports of safety-law violations.

Nearly all of those reports showed him that UBB's mining group was one of Massey's worst

mining groups for safety-law violations and that the worst area of safety-law violations for

Massey mines as a whole was mine ventilation. Approximately 193 of these reports showed

BLANKENSHIP that the mandatory federal mine safety standard that the UBB group violated

most often was the standard requiring explosive coal dust, combustible loose coal accumulations, and other combustible materials to be cleaned up and not permitted to accumulate.

46. From approximately August 6, 2009, through April 5, 2010, BLANKENSHIP received approximately 163 daily safety-violation reports that showed him year-to-date safety-violation totals for the UBB mine itself, as distinct from its associated group of mines. Nearly all of these reports showed BLANKENSHIP that UBB was committing hundreds of safety-law violations each year and was among Massey's worst mines for safety-law violations.

47. On or around October 7, 2009, BLANKENSHIP received a Massey-internal "Report Card" detailing mine safety violations for each of Massey's mines in the third quarter (July through September) of 2009. This internal Report Card showed BLANKENSHIP that UBB violated mandatory federal mine safety standards 168 times in that three-month period, compared to a target of fifty-nine safety-law violations that Massey had set for UBB in the third quarter of 2009. The Report Card, which was created internally by Massey personnel who tracked safety-law violations at the company's mines, showed BLANKENSHIP that Massey itself had assigned UBB a grade of "Failed" for its number of safety-law violations in the third quarter of 2009.

48. During the Indictment Period, BLANKENSHIP personally monitored the details of UBB's operations closely. After the longwall section began operation at UBB, BLANKENSHIP insisted on personally receiving a report every thirty minutes detailing the longwall section's coal production and the reasons for any production delays. BLANKENSHIP insisted on receiving this report via fax at his home on evenings and weekends. For the other mining sections at UBB, BLANKENSHIP insisted on personally receiving a report every two hours detailing each section's coal production and the reasons for any production delays.

BLANKENSHIP's practice was to regularly review these production reports from UBB's longwall and other sections. Throughout the Indictment Period, BLANKENSHIP insisted on personally reviewing and approving or denying every proposed hire at UBB, every proposal to give a UBB employee a raise, every capital expenditure at UBB, and every hiring of a contractor to perform work at UBB. Throughout much of the Indictment Period, BLANKENSHIP demanded daily phone calls with UBB management, in addition to the dozens of written production reports he received every day, so that he could further supervise activity at UBB. During the Indictment Period, BLANKENSHIP—the CEO and Chairman of a publicly traded corporation with more than $2 billion in annual revenue—routinely, personally reviewed details such as one of UBB's operating sections starting three hours late because of necessary maintenance, a request to give a small number of truck drivers working for the UBB mining group a raise from approximately $11.59 an hour to approximately $13.50 an hour, and a request to spend $750 to hire a contractor to check the freeze-proofing systems at a UBB-group mine before cold weather arrived.

### BLANKENSHIP could have drastically reduced violations of mandatory federal mine safety standards at UBB by taking reasonable steps to follow the law.

49. Blankenship could have drastically reduced violations of mandatory federal mine safety standards at UBB by taking reasonable steps to follow the law. A large majority of UBB's safety-law violations were preventable. For example, daily safety-law violation reports routinely showed BLANKENSHIP that the mandatory federal mine safety standard that the UBB mining group violated most often was the standard requiring that explosive coal dust, combustible loose coal, and other combustible materials be cleaned up and not permitted to accumulate in the mine. Following this safety law was a matter of basic housekeeping. BLANKENSHIP could have prevented the majority of these safety-law violations by hiring enough miners at UBB, and

giving them enough non-coal-production time, to clean up the explosive and combustible substances that collected in the mine. Similarly, most mine-ventilation violations—which BLANKENSHIP knew were the most common category of safety-law violations at Massey's mines—and roof-control violations at UBB could have been prevented by providing the mine with enough miners, and giving them enough non-coal-production time, to follow the safety laws. Yet throughout the Indictment Period, UBB regularly was staffed with too few miners and had too little non-coal-production time to reasonably be able to comply with mandatory federal mine safety and health standards on ventilation, combustible materials and rock dusting, and roof support, among other areas.

50. Throughout the Indictment Period, BLANKENSHIP possessed the authority to provide UBB with the resources necessary to prevent the majority of UBB's violations of mandatory federal mine safety standards. BLANKENSHIP was the highest-ranking official in the group of officials who approved each Massey mine's annual budget and production plan, which detailed how many miners each mine could hire in specific areas, including areas focused on safety-law compliance, and also set the amount of coal and profit that each mine was required to generate. BLANKENSHIP also exercised personal decision-making authority over every decision at UBB regarding hiring and the use of non-employee contractors, as well as capital expenditures for safety-compliance purposes. BLANKENSHIP possessed full authority to respond to UBB's hundreds of annual, preventable safety-law violations by providing the mine with more miners, particularly in areas focused on safety-law compliance, and to reduce the mine's requirements for coal production and profit so that miners would have more time to work on following the safety laws. Throughout the Indictment Period, BLANKENSHIP also possessed full authority to

discipline UBB executives for the mine's routine violations of mandatory mine safety and health

standards, and to determine those managers' compensation.

51. Throughout the Indictment Period, Massey possessed, and BLANKENSHIP controlled,

ample financial resources to provide UBB with the resources and reasonable production

requirements that it needed to comply with mandatory federal mine safety standards. During the

Indictment Period, Massey possessed cash and cash equivalents ranging from approximately

$391 million to approximately $1.1 billion.

52. Throughout the Indictment Period, BLANKENSHIP closely managed the UBB mine and

group of mines, routinely directing and making decisions on detailed matters of the mines'

everyday operations. This elaborate level of involvement further enabled him to take action to

reduce safety-law violations at UBB had he chosen to do so. During much of the Indictment

Period, BLANKENSHIP received dozens of UBB coal-production reports every day, and had

telephone conversations daily or even more frequently with the Known UBB Executive, in which

BLANKENSHIP gave direction on UBB's operation. BLANKENSHIP also regularly managed

UBB through handwritten messages to the Known UBB Executive, often written on reports

regarding UBB's coal production or cost management with which BLANKENSHIP was

dissatisfied. Examples of this practice include the following: on or around April 11, 2008,

BLANKENSHIP sent the Known UBB Executive a handwritten note, written on a coal-

production report from one shift in one operating section of the UBB mine, pressuring the

Known UBB Executive to change the section's engineering plan to leave in place smaller coal

pillars. Coal pillars were large blocks of coal left in place as a mine advances in order to help

support the mine roof; smaller pillars generally provide less support but produce more coal and

thus more profit. The Known UBB Executive responded that the operating section that was the subject of the report would soon begin using smaller coal pillars.

53. Also on or around April 11, 2008, BLANKENSHIP sent the Known UBB Executive a handwritten note, written on a coal-production report from one shift in one operating section of one of the UBB-group mines, criticizing the placement of a specific piece of equipment in that section as it was depicted in a routine diagram on that report, demanding to know the details of the section's airflow configuration and the specific sequence in which the section cut coal from each of its passageways, and concluding, "It's easy to see why your mines don't run."

54. On or around May 15, 2008, the Known UBB Executive sent BLANKENSHIP a memo requesting to raise hourly pay for truckers at the UBB mining group from approximately $11.59 an hour to approximately $13.50 because the group could not find truckers willing to work for the rate of approximately $11.59 an hour. On or around that same day, BLANKENSHIP responded with a series of detailed, handwritten questions about the proposed raise to which he required answers before approving or denying the proposed raise.

55. On or around January 6, 2009, BLANKENSHIP received a regular report called a Lost Footage Report from one of UBB's operating sections. On or around that date, BLANKENSHIP, dissatisfied with the information shown on the report, sent the Known UBB Executive a handwritten note on a copy of the report itself. The note read, "Is this the Head or TailGate? Describe Roof Conditions? Why a late Belt move? I didn't see a report. Why? Did you call me yet [illegible]. TODAY?  What do coreholes in mains say rider will do ahead of you?"

56. On or around March 19, 2009, BLANKENSHIP sent the Known UBB Executive a memorandum chastising him for not producing coal as quickly as BLANKENSHIP demanded at UBB. In this memorandum, BLANKENSHIP said that BLANKENSHIP would need to call

directly a subordinate of the Known UBB Executive so that BLANKENSHIP himself could figure out what to do to increase coal production at UBB.

57. On or around October 7, 2009, BLANKENSHIP sent the Known UBB Executive several handwritten notes written on a request from the Known UBB Executive to spend approximately $750 to have a contractor check and test the freeze-proofing systems at one of the UBB-group mines. Two of these handwritten notes read, "Nonsense Giving Money Away," and "What does this mean? It's yet another example of something I never recall having done by a contractor when I was a Group Pres."

**Blankenship chose to routinely violate and cause routine violations of mandatory federal mine safety standards at UBB.**

58. Despite having the ready ability to drastically reduce violations of mandatory federal mine safety standards at UBB, and even though he knew that UBB's practice of routinely violating such standards was unlawful, BLANKENSHIP purposely elected to continue that practice throughout the Indictment Period. Specifically, he chose to maximize profits by depriving UBB of the coal miners and non-coal-production time that it needed to comply with mandatory federal mine safety standards, concluding that it was less expensive to routinely pay fines for violating such standards than to allocate the necessary funds to following them.

59. During the Indictment Period, BLANKENSHIP instructed and encouraged UBB managers to violate mandatory mine safety standards. For example, on or around February 11, 2008, BLANKENSHIP sent the Known UBB Executive a memorandum that addressed work being done to permit UBB to follow mandatory federal mine safety standards on ventilation. This memorandum gave the following instructions: "You need to get low on UBB [sections] #1 and #2 and run some coal. We'll worry about ventilation or other issues at an appropriate time. Now is not the time." Throughout the Indictment Period, however, UBB was required to comply

23

with mandatory federal mine safety standards regarding ventilation, which were intended primarily to prevent mine explosions and fires and to prevent death and serious injury to miners if an explosion or fire occurs. Throughout the Indictment Period, UBB routinely violated those standards.

60. On or around April 29, 2008, BLANKENSHIP sent the Known UBB Executive a handwritten message chastising him because certain sections at UBB-group mines, including UBB itself, were not producing coal as quickly as BLANKENSHIP wanted. In this message, BLANKENSHIP instructed the Known UBB Executive to tell coal miners under his supervision to "run this sections [sic] like coal mines not like construction jobs." Continual construction, including construction of ventilation control structures and supports for a mine's roof and walls, was required to comply with mandatory federal mine safety standards.

61. On or around February 8, 2008, BLANKENSHIP sent the Known UBB Executive a handwritten message chastising him because certain sections at UBB-group mines, including UBB itself, were not producing coal as quickly as BLANKENSHIP wanted. In this message, BLANKENSHIP told the Known UBB Executive, referring to two mining sections at UBB, "Acting like construction sections. Get as low as possible and run <u>coal</u>."

62. On or around April 29, 2008, BLANKENSHIP sent the Known UBB Executive another handwritten message chastising him for not producing coal as quickly as BLANKENSHP wanted at one of the mines in the UBB mining group. This message instructed the Known UBB Executive, "Run coal. Don't bolt for the year 2525." This message was an instruction to increase coal production by devoting less time to the installation of roof bolts, which were a form of roof support. At all relevant times, mandatory federal mine safety standards and approved roof-support plans at all the UBB-group mines determined the number of roof bolts that each of those

24

mines were required to install, as well as the manner in which they did so, in order to help prevent falls of the mine roof and walls. At all relevant times, any violation of a mine's approved roof support plan was a violation of a mandatory mine safety standard.

63. On or around March 7, 2008, BLANKENSHIP sent the Known UBB Executive a handwritten message pressuring the Known UBB Executive to produce coal more quickly. The message contained the following instruction: "Do not cut any overcasts." An overcast was a ventilation control structure that helps ensure the reliable flow of air through a coal mine such as UBB. As a result of BLANKENSHIP's instruction in this handwritten message and similar instructions that BLANKENSHIP gave to UBB management at other times during the Indictment Period, overcasts were not constructed during the Indictment Period in numerous locations at UBB where they were needed to ensure reliable airflow. This practice contributed to numerous violations of mandatory mine safety and health standards concerning ventilation during the Indictment Period.

64. In or around August 2009, coal miners at UBB were performing work in preparation for the startup of the mine's longwall section, which was projected to be highly profitable. One of the last tasks remaining before the longwall section could begin producing coal was to cut a drainage path in certain passageways around the longwall section. Massey officials expected that water would enter the area near UBB's longwall mining section after it began producing coal, and the purpose of the planned drainage path was to drain this water from the mine in order to prevent flooding. With the drainage project approximately one to two weeks from completion, a Massey Energy Company executive known to the Grand Jury (the "Known Massey Executive") ordered that it be abandoned so that the longwall section could start producing coal sooner. This decision was made in substantial part as a result of pressure from BLANKENSHIP to begin

operating the longwall section as soon as possible. In or around November 2009, when the expected inflow of water entered the area of the longwall section, there was no system in place to drain it, and airways that were necessary to ventilate the mine flooded, at least two of filling with water from floor to roof. On or around December 14, 2009, a federal mine safety inspector issued a shutdown order upon discovering that coal miners at UBB were being required to work and travel in dark and murky water measuring up to four feet in depth with invisible slipping and tripping hazards on the floor of the flooded area—conditions that the inspector found could result in drowning. This condition, which made it impossible to examine several of UBB's aircourses in their entirety, violated a mandatory federal mine safety standard requiring that all aircourses be examined in their entirety at least weekly. It was caused by the decision to abandon the project to drain the area around the longwall section.

65. In or around December 2009, UBB's section #1 was still idled because one of its return aircourses (an aircourse that carries away air potentially contaminated by explosive substances and removes it from the mine) was flooded and could not safely be traveled to conduct required safety examinations, and had not been examined in several weeks. While this return aircourse was still flooded and not capable of being examined for safety, BLANKENSHIP directed the Known UBB Executive to start producing coal again in UBB's section #1, in violation of the mandatory mine safety standard requiring that all aircourses be examined at least weekly. When the Known UBB Executive resisted, BLANKENSHIP chastised him for "letting MSHA run his mines."

66. In or around the summer of 2009, during a period when certain sections at UBB routinely were operating with inadequate airflow, BLANKENSHIP counseled the Known UBB Executive

to ensure that UBB's underground operations were warned ahead of time when federal mine safety inspectors were coming to inspect those operations.

67. During the Indictment Period, UBB management repeatedly requested, in the course of the annual mine budgeting process that BLANKENSHP oversaw, to hire more coal miners to work in jobs critical to safety-law compliance. BLANKENSHIP and other Massey officials carrying out BLANKENSHIP's instructions and policies, whose identities are known and unknown to the Grand Jury, denied these requests, knowing that these denials would cause routine, preventable violations of mandatory federal mine safety standards to continue at UBB.

68. During the Indictment Period, BLANKENSHIP, together with other Massey officials carrying out BLANKENSHIP's instructions and policies, whose identities are known and unknown to the Grand Jury, imposed coal-production requirements on UBB that they knew would, in combination with the inadequate staffing and other resources provided to UBB, cause routine, preventable violations of mandatory federal mine safety and health standards to continue at UBB.

69. During the Indictment Period, BLANKENSHIP consistently pressured UBB management to cut the number of coal miners in jobs critical to safety-law compliance, including conducting safety examinations and cleaning and rock dusting the mine's conveyor belts. (In part, because UBB's conveyor belts carried large quantities of coal at high speeds, they inevitably developed accumulations of explosive float coal dust and combustible loose coal that had to be promptly cleaned up to comply with mandatory federal mine safety standards.) For example, on or around March 10, 2008, BLANKENSHIP sent the Known UBB Executive a handwritten note chastising him for employing too many coal miners in jobs that focused on safety examinations, cleanup of

explosive and combustible substances on conveyor belts, and other safety-compliance work, calling the UBB group's employment of such miners "ridiculous" and "[l]iterally crazy."

70. On or around April 18, 2008, BLANKENSHIP sent the Known UBB Executive another handwritten note chastising him for employing too many coal miners in jobs involving safety examinations and cleanup of explosive and combustible substances along conveyor belts. In this handwritten note, BLANKENSHIP demanded to be sent the name and job description of every coal miner assigned to clean and maintain conveyor belts at the UBB group so that he could personally review them.

71. On or around February 25, 2009, BLANKENSHIP directed UBB and all other Massey mines to reduce their labor cost from $18 per ton of coal mined to $14 per ton of coal mined. BLANKENSHIP knew that the only way to carry out this directive at UBB was to further cut the number of coal miners employed in jobs that focused on safety-law compliance rather than the direct production of coal, including coal miners who conducted safety examinations, cleaned up and maintained conveyor belts, and maintained compliance with safety laws in the mine's aircourses. BLANKENSHIP further knew that this reduction in the number of UBB coal miners who were focused on these and other safety-law compliance tasks, as distinct from direct production of coal, would cause continued routine violations of mandatory federal mine safety standards at UBB.

72. Throughout the Indictment Period, BLANKENSHIP aggressively pressured UBB management to produce more coal and reduce costs while rarely if ever mentioning the mine's routine safety-law violations unless they threatened to affect coal production. UBB managers knew that BLANKENSHIP was aware of the mine's routine safety-law violations, so his near-exclusive emphasis on coal production and cost-cutting, compared with his near silence on

28

UBB's hundreds of safety-law violations, further clarified to them that he expected and accepted routine safety-law violations as long as they did not compromise coal production.

73. For example, on or around March 19, 2009, BLANKENSHIP sent the Known UBB Executive a memorandum chastising him for not producing as much coal at UBB as BLANKENSHIP wanted. The memorandum said, "UBB's miner sections are a mitigated [sic] disaster," and threatened to shut down UBB if it did not begin producing more coal. In this memorandum, BLANKENSHIP stated that BLANKENSHIP himself would need to personally intervene with the Known UBB Executive's subordinates at UBB to determine, in detail, how to increase coal production at the mine.

74. On or around March 10, 2009, BLANKENSHIP sent the Known UBB Executive a handwritten note chastising him for using two different forms for reports to BLANKENSHIP on an area of cost-cutting at UBB. In this note, BLANKENSHIP threatened the Known UBB Executive's job for what BLANKENSHIP regarded as insufficient attention to cost-cutting, writing, "You have a kid to feed. Do your job."

75. On or around March 13, 2009, BLANKENSHIP sent the Known UBB Executive a handwritten note chastising the Known UBB Executive for not producing as much coal as BLANKENSHIP wanted at a UBB-group mine. This note said, "Pitiful. You need to get focused. As I said at UBB, Marsh F [Marsh Fork, another UBB-group mine], etc I could Krushchev [sic] you. Do you understand?"

76. On or around August 5, 2008, BLANKENSHIP sent a memorandum to several Massey mining-group presidents, including the Known UBB Executive, with the subject "HIGH COSTS." The memorandum said, in part, "It seems to me that none of you are too concerned about your costs. Please let me know whether you are concerned. If you are and you happen to

be responsible for mines like . . . UBB …, please advise how you can run the kind of cost that you run." The memorandum went on to say, "In my opinion, children could run these mines better than you all do. Look at your cost and figure out what you are going to do to get it down because if we don't have a better August and September than we had July, you can be assured that the stock options are not going to look very attractive." This memorandum made no reference to compliance with federal mine safety laws.

77. On or around February 9, 2009, BLANKENSHIP sent a memorandum to Massey mining-group presidents, including the Known UBB Executive, which said, "Please be reminded that your core job is to make money. To do this, you have to run coal at a low cost, ship your orders and control your quality." The memorandum went on to say, "My suggestion is that you begin looking at your daily P&L's [profit and loss statements] everyday because I'm looking to make an example out of somebody and I don't mean embarrassment." This memorandum made no reference to compliance with federal mine safety laws.

78. Meanwhile, during the Indictment Period, in hundreds of calls with the Known UBB Executive in which BLANKENSHIP managed and supervised operations at UBB, BLANKENSHIP rarely if ever mentioned UBB's practice of routine safety-law violations, of which practice BLANKENSHIP was well aware.

79. During the Indictment Period, BLANKENSHIP and others known and unknown to the Grand Jury used compensation decisions to communicate an expectation and acceptance that UBB would routinely violate mandatory federal mine safety and health standards. During the Indictment Period, BLANKENSHIP personally made decisions on compensation for the presidents of Massey's mining groups. In 2009, for example, UBB was cited for approximately 517 violations of mandatory federal mine safety standards. For 2009, however, BLANKENSHIP

made the Known UBB Executive, the president of UBB's mining group, among the highest-paid

mining group presidents at Massey, with total compensation of approximately $450,000. Also

for 2009, a year in which Massey mines were cited, according to Massey's own count in the

daily safety-law violation reports that BLANKENSHIP received, for approximately 8,900

violations of mandatory mine safety and health standards, persons known and unknown to the

Grand Jury voted to award BLANKENSHIP bonuses and other compensation that brought his

total compensation for the year to approximately $17.8 million.

**False and Misleading Statements and Omissions Following an Explosion at UBB**

80. On April 5, 2010, an explosion occurred at UBB. The explosion resulted in a substantial

number of fatalities and, as a result, attracted national and international media attention. Some

media outlets reported that Massey had engaged in a practice of routinely violating mandatory

safety standards. By April 7, 2010, Massey's Class A Common Stock price dropped

approximately $9.15 per share, or 16.8%, from its closing pricing on April 5, 2010. This

decrease reduced BLANKENSHIP's net worth by approximately $3 million.

81. On or around April 7, 2010, BLANKENSHIP directed Massey officials known to the

Grand Jury to draft a statement to Massey shareholders (the "UBB Shareholder Statement"). On

or around April 7, 2010, Massey officials known to the Grand Jury prepared a draft of the UBB

Shareholder Statement and provided it to BLANKENSHIP for his review and approval. Among

other things, the draft UBB Shareholder Statement specifically responded to public reports that

Massey had engaged in a practice of routinely violating mandatory mine safety and health

standards.

82. On or around April 8, 2010, BLANKENSHIP reviewed and approved the UBB

Shareholder Statement, and approved its release to the public and its filing with the SEC.

31

BLANKENSHIP did these acts in or around Julian, Boone County, West Virginia, within the

Southern District of West Virginia. The UBB Shareholder Statement that BLANKENSHIP

approved included the following statements: "Media reports suggesting that the UBB tragedy

was the result of a willful disregard for safety regulations are completely unfounded," and, "We

do not condone any violation of MSHA regulations, and we strive to be in compliance with all

regulations at all times." On or around April 8, 2010, as a result of BLANKENSHIP's approval,

Massey released the UBB Shareholder Statement to the public and filed it with the SEC, using

means and instrumentalities of interstate commerce.

83. On or around April 9, 2010, a public relations consultant retained by Massey and known

to the Grand Jury sent BLANKENSHIP  a draft press release with a message asking him to

review the draft release and advising that the consultant wanted to issue the release that day. The

release consisted primarily of a list of five claims marked with bullet points. The second of these

items was this claim: "We do not condone any violation of Mine Safety and Health

Administration (MSHA) regulations, and we strive to be in compliance with all regulations at all

times." On or around April 9, 2010, in or around Julian, Boone County, West Virginia, in the

Southern District of West Virginia, BLANKENSHIP responded in writing, approving the

issuance of the release. On or around April 9, 2010, the public relations consultant issued the

release on Massey's behalf through means and instrumentalities of interstate commerce,

including commercial services intended to disseminate press releases to the financial and

investing communities.

84. At the time BLANKENSHIP approved the release and filing of the UBB Shareholder

Statement, he knew that the statements that "[w]e [Massey] do not condone any violation of

MSHA regulations" and "we [Massey] strive to be in compliance with all regulations at all

times" were materially false, fraudulent, fictitious, and misleading; that the UBB Shareholder Statement contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; that it employed devices, schemes, and artifices to defraud; and that it would operate as a fraud and deceit upon purchasers and sellers of Massey Class A Common Stock.

85. At the time the BLANKENSHIP approved the issuance of the press release described in Paragraph 83, he knew that the statements that "[w]e [Massey] do not condone any violation of Mine Safety and Health Administration (MSHA) regulations" and "we strive to be in compliance with all regulations at all times" were materially false, fraudulent, fictitious, and misleading; that the press release contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; that it employed devices, schemes, and artifices to defraud; and that it would operate as a fraud and deceit upon purchasers and sellers of Massey Class A Common Stock.

## Count One
### (Conspiracy)

86. The Grand Jury re-alleges Paragraphs 1 through 85 as if fully incorporated herein.

87. Throughout the Indictment Period, BLANKENSHIP, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together with each other:

    a.    for BLANKENSHIP and Massey, as operators of UBB, to willfully violate mandatory federal mine safety and health standards at UBB, in violation of Title 30, United States Code, Section 820(d), and Title 18, United States Code, Section 371; and

    b.    to defraud the United States and an agency thereof, to wit, 1) to hamper, hinder, impair, impede, and obstruct, by trickery, deceit, and dishonest means, the lawful and legitimate functions of DOL and its agency, MSHA, in the administration and enforcement of mine safety and health laws at UBB, and 2) to defraud and deprive, by trickery, deceit, and dishonest means, the United States of money that it otherwise would have received.

88. The purposes of this conspiracy included, among other purposes, unlawfully increasing Massey's profits and unlawfully enriching BLANKENSHIP.

*Objects of the Conspiracy*

89. Among the objects of the conspiracy were to:

    a.    routinely violate mandatory federal mine safety and health standards;

    b.    hamper, hinder, impair, impede, and obstruct, by trickery, deceit, and dishonest means, the lawful and legitimate functions of DOL and its agency, MSHA, in the administration and enforcement of mine safety and health laws at UBB; and

    c.    defraud and deprive, by trickery, deceit, and dishonest means, the United States of money that it otherwise would have received.

*Manner and Means*

90. The manner and means of the conspiracy included, but were not limited to, the following:

91. It was a part of the conspiracy that BLANKENSHIP, together with others known and unknown to the Grand Jury, would and did instruct and counsel their subordinates to commit violations of mandatory federal mine safety and health standards, and to take actions that they knew would and did cause violations of those standards, and to engage in omissions to act that they knew would and did cause violations of those standards.

92. It was further a part of the conspiracy that BLANKENSHIP, together with others known and unknown to the Grand Jury, would and did refuse to provide UBB with enough coal miners, time to devote to safety-law compliance, and other resources to be reasonably able to comply with mandatory federal mine safety and health standards, knowing that this refusal would and did cause routine violations of federal mine safety and health standards at UBB.

93. It was further a part of the conspiracy that BLANKENSHIP, together with others known and unknown to the Grand Jury, would and did routinely pressure UBB management to increase coal production and cut costs, and specifically to cut the number of coal miners that UBB employed in jobs focused on safety-law compliance, knowing that these steps would cause UBB to continue routinely violating mandatory federal mine safety standards.

94. It was further a part of the conspiracy that BLANKENSHIP, together with others known and unknown to the Grand Jury, would and did routinely disregard UBB's practice of safety-law violations in communicating with UBB management, which served to inform UBB management that BLANKENSHIP and Massey expected and accepted routine violations of mandatory federal mine safety standards at UBB.

95. It was further a part of the conspiracy that BLANKENSHIP, together with others known and unknown to the Grand Jury, would and did reward with high levels of compensation, and declined to punish or discipline, officials who committed and caused routine violations of mandatory federal mine safety and health standards at UBB. These officials included BLANKENSHIP and the Known UBB Executive.

96. It was further a part of the conspiracy that persons known and unknown to the Grand Jury would and did routinely commit willful, readily preventable violations of mandatory federal mine safety and health standards at UBB.

97. It was a part of the conspiracy that BLANKENSHIP, together with others known and unknown, would and did cause and counsel to be given to persons at UBB advance warning of federal mine safety inspection activities, knowing and intending that the persons receiving this advance warning would conceal and cover up and cause to be concealed and covered up violations of mandatory federal mine safety and health standards that otherwise would result in citations and shutdown orders issued by federal mine safety inspectors, and in monetary penalties due to the United States.

98. It was further a part of the conspiracy that members of the conspiracy known and unknown, upon receiving advance warning of federal mine safety inspection activities at UBB, would and did conceal and cover up and cause to be concealed and covered up violations of mandatory federal mine safety standards that would otherwise result in citations and shutdown orders issued by federal mine safety inspectors, and in monetary penalties due to the United States.

99. It was further a part of the conspiracy that members of the conspiracy known and unknown falsified and caused to be falsified samples of respirable dust that were collected at

UBB pursuant to mandatory federal mine health standards, by falsely representing, and causing to be falsely represented, the locations at which dust sampling devices were placed for the collection of such samples.

*Overt Acts*

100.       Overt acts committed in furtherance of the conspiracy and to effect the illegal objects thereof included, but were not limited to, the following:

a.       The imposition of staffing levels and production requirements, by BLANKENSHIP and others known and unknown to the Grand Jury, that BLANKENSHIP and these others known and unknown to the Grand Jury knew would result in continued routine violations of mandatory federal mine safety and health standards at UBB, as alleged in Paragraphs 67 and 68;

b.       the instructions and counsel to perform acts, and to commit omissions, that would violate and cause violations of mandatory federal mine safety and health standards, alleged in Paragraphs 59 through 65;

c.       the counsel to provide advance warning of federal mine safety inspection activities in UBB's underground works, alleged in Paragraph 66;

d.       providing and causing to be provided advance warning of federal mine safety inspection activities in UBB's underground works, as alleged in Paragraphs 37 through 39;

e.       concealing and covering up, and causing to be concealed and covered up, routine violations of mandatory federal mine safety and health standards at UBB in response to warnings of federal mine safety inspection activities in UBB's underground works, as alleged in Paragraph 37;

f.      falsifying and causing to be falsified, during the Indictment Period, samples of respirable dust collected at UBB pursuant to mandatory federal mine health standards, by falsely representing and causing to be falsely represented the locations at which dust sampling devices were placed for the collection of such samples;

g.      regularly pressuring UBB management to increase coal production and reduce production costs while knowing that UBB was routinely failing to meet mandatory federal mine safety and health standards and that those steps would cause continued and increased violations of those standards at UBB, as alleged in Paragraphs 69 through 77;

h.      awarding high levels of compensation to, and declining to discipline or punish, officials who committed and caused routine and ongoing violations of mandatory federal mine safety and health standards at UBB, as alleged in Paragraph 79;

i.      making and causing to be made false and misleading statements and omissions intended to conceal the existence of, and thereby perpetuate, the conspiracy, as alleged in Paragraphs 80 through 85; and

j.      committing routine violations of mandatory federal mine safety and health standards at UBB, as alleged in Paragraphs 16 through 36.

In violation of Title 30, United States Code, Section 820(d), and Title 18, United States Code, Section 371.

**Count Two**

101.        The Grand Jury re-alleges Paragraphs 1 through 100 as if fully incorporated herein.

102.        On or around April 8, 2010, in the Southern District of West Virginia, BLANKENSHIP, aided and abetted by others known and unknown, knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations; and knowingly and willfully made and used, and caused to be made and used, a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, by filing and causing to be filed with the SEC a document containing statements, entries, and representations including the following: "[w]e [Massey] do not condone any violation of MSHA regulations" and "we [Massey] strive to be in compliance with all regulations at all times," which statements BLANKENSHIP then and there well knew were false, fictitious and fraudulent.

In violation of Title 18, United States Code, Section 1001(a)(2) and (3), and Section 2.

39

**Count Three**

103.      The Grand Jury re-alleges Paragraphs 1 through 102 as if fully incorporated herein.

104.      From on or around  April 7, 2010, through on or around April 9, 2010, BLANKENSHIP, aided and abetted by others known and unknown to the Grand Jury, did directly and indirectly, by means and instrumentalities of interstate commerce, and by means of the mails and of the facilities of national securities exchanges, did make and cause to be made untrue statements of material fact, and did omit to state, and cause to be omitted to state, material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, did engage in acts and practices and courses of business which operated and would operate as frauds and deceits upon persons, all in connection with the sale and purchase of securities, to wit, Massey Class A Common Stock, in that BLANKENSHIP, aided and abetted by others known and unknown to the Grand Jury, did directly and indirectly, make and cause to be made the statements, "[w]e [Massey] do not condone any violation of MSHA regulations," and "[w]e [Massey] do not condone any violation of Mine Safety and Health Administration (MSHA) regulations," and "we [Massey] strive to be in compliance with all regulations at all times," in a filing made with the SEC by means of interstate wire transmission, and in a press release distributed by means of interstate wire transmissions and companies engaged in the business of distributing press releases by means of interstate wire transmissions.

In violation of Title 15, United States Code, Section 78ff; Title 17, Code of Federal

Regulations, Section 240.10b-5; and Title 18 United States Code, Section 2.

_____
STEVEN R. RUBY
Assistant United States Attorney

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of West Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| DONALD L. BLANKENSHIP | Case Number:  5:14-cr-00244-01 |
| | USM Number:  12393-088 |
| | William W. Taylor, III; Blair G. Brown; Eric R. Delinsky; James A. Walls |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   One of the Superseding Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 30 U.S.C. § 820(d) & | Conspiracy to Willfully Violate Mandatory Mine Health and | 4/9/2010 | One |
| 18 U.S.C. § 371 | Safety Standards | | |
| | | | |

    The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   Two & Three of the Superseding Indictment

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/6/2016
Date of Imposition of Judgment

*Irene C. Berger*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

Name and Title of Judge

4/7/2016
Date

AO 245B (Rev. 10/15) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page    2    of     7

DEFENDANT:   DONALD L. BLANKENSHIP
CASE NUMBER:   5:14-cr-00244-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

TWELVE (12) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☑ as notified by the United States Marshal, with a report date of at least 10 days from entry of this order.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:   DONALD L. BLANKENSHIP
CASE NUMBER:   5:14-cr-00244-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

ONE (1) YEAR.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page ____4____ of ____7____

DEFENDANT:      DONALD L. BLANKENSHIP
CASE NUMBER:   5:14-cr-00244-01

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

While on supervised release, the defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance.  The defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, except that the defendant shall not be required to participate in a program of testing, counseling, and treatment for drug and alcohol abuse.  In addition, the defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the defendant is unemployed, the probation officer may direct the defendant to register and remain active with Workforce West Virginia; and

2) A term of community service is imposed on every defendant on supervised release or probation.  Fifty hours of community service is imposed on every defendant for each year the defendant is on supervised release or probation.  The obligation for community service is waived if the defendant remains fully employed or actively seeks such employment throughout the year.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page  5  of  7

DEFENDANT:     DONALD L. BLANKENSHIP
CASE NUMBER:   5:14-cr-00244-01

## SPECIAL CONDITIONS OF SUPERVISION

If the defendant does not pay the $250,000 fine immediately, the following special conditions of supervised release shall apply:

1) The defendant shall provide the probation officer access to any requested personal or business-related financial information;

2) The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer until all monetary assessments have been satisfied;

3) The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and any other anticipated or unanticipated  financial gains to any outstanding Court imposed monetary obligations; and

4) The defendant shall pay the fine during his term of incarceration through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in monthly installments of $25 each with any balance to be paid during the defendant's term of supervised release through monthly installments of no less than $25,000 each, with the first payment being due within ten day of the defendant's release from custody.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7  

DEFENDANT:     DONALD L. BLANKENSHIP
CASE NUMBER:   5:14-cr-00244-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $   25.00 | $   250,000.00 | $   0.00 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ _____0.00 | $ _____0.00 |  |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☑   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:       DONALD L. BLANKENSHIP
CASE NUMBER:   5:14-cr-00244-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ ___250,025.00___  due immediately, balance due

      ☐  not later than _____ , or
      ☑  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

      Both the $25 special assessment and the $250,000 fine are due immediately.  If not paid immediately, the defendant shall pay the financial
      obligations during his term of incarceration through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in monthly
      installments of $25 each with any balance to be paid during the defendant's term of supervised release through monthly installments of no less
      than $25,000 each, with the first payment being due within ten day of the defendant's release from custody.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.